UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   05/14/2020
```

------------------------------------------------------------X

ANDREW SNITZER and PAUL LIVANT, :
individually and as representatives of a class of :
similarly situated persons, on behalf of the :
American Federation of Musicians and Employers' :
Pension Plan, :
                :
                Plaintiffs, :
                :
           -against- :
                :
THE BOARD OF TRUSTEES OF THE :
AMERICAN FEDERATION OF MUSICIANS :
AND EMPLOYERS' PENSION FUND, THE :        17-CV-5361 (VEC)
INVESTMENT COMMITTEE OF THE BOARD :
OF TRUSTEES OF THE AMERICAN :           ORDER
FEDERATION OF MUSICIANS AND :
EMPLOYERS' PENSION FUND, RAYMOND M. :
HAIR, JR., AUGUSTIN GAGLIARDI, GARY :
MATTS, WILLIAM MORIARITY, BRIAN F. :
ROOD, LAURA ROSS, VINCE TROMBETTA, :
PHILLIP E. YAO, CHRISTOPHER J.G :
BROCKMEYER, MICHAEL DEMARTINI, :
ANDREA FINKELSTEIN, ELLIOT H. GREENE, :
ROBERT W. JOHNSON, ALAN H. RAPHAEL, :
JEFFREY RUTHIZER, BILL THOMAS, :
MAUREEN B. KILKELLY, and DOES NO. 1-6, :
WHOSE NAMES ARE CURRENTLY :
UNKNOWN, :
                :
             Defendants. :

------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        WHEREAS the parties have submitted revisions to their proposed order for preliminary

approval and proposed notice of class action settlement; and

        WHEREAS revised drafts of the preliminary approval order and settlement notice are

attached to this Order;

IT IS HEREBY ORDERED that, no later than **5:00 P.M. on May 15, 2020**, the parties must review the Court's revisions and either adopt the changes and file a final version of the proposed documents on ECF, or file a joint letter explaining the basis for any objection(s) to the Court's revisions.  To the extent that there are any objections, the parties must attach proposed revisions and provide Word versions to the Court via email.


**SO ORDERED.**

**Date:  May 14, 2020**
**New York, New York**                                        **VALERIE CAPRONI**
                                                                           **United States District Judge**

2

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW SNITZER and PAUL LIVANT, individually and as representatives of a class of similarly situated persons, on behalf of the American Federation of Musicians and Employers' Pension Plan,<br><br>             Plaintiffs,<br><br>           v.<br><br>THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, THE INVESTMENT COMMITTEE OF THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, RAYMOND M. HAIR, JR., AUGUSTINO GAGLIARDI, GARY MATTS, WILLIAM MORIARITY, BRIAN F. ROOD, LAURA ROSS, VINCE TROMBETTA, PHILLIP E. YAO, CHRISTOPHER J.G. BROCKMEYER, MICHAEL DEMARTINI, ELLIOT H. GREENE, ROBERT W. JOHNSON, ALAN H. RAPHAEL, JEFFREY RUTHIZER, BILL THOMAS, JOANN KESSLER, MARION PRESTON,<br><br>             Defendants. | No. 1:17-cv-5361 (VEC) |

**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING**
**SETTLEMENT CLASS, DIRECTING NOTICE TO THE SETTLEMENT CLASS,**
**AND SCHEDULING FAIRNESS HEARING**

WHEREAS, Plaintiffs Andy Snitzer and Paul Livant, individually and on behalf of all

Class Members and the American Federation of Musicians and Employers' Pension Plan (the

"Plan"), and Defendants The Board of Trustees of the American Federation of Musicians And

Employers' Pension Fund (the "Board of Trustees"), The Investment Committee of The Board of

Trustees of the American Federation of Musicians and Employers' Pension Fund (the "Investment

Committee"),  Raymond M. Hair, Jr., Augustino Gagliardi, Gary Matts, William Moriarity, Brian

F. Rood, Laura Ross, Vince Trombetta, Phillip E. Yao, Christopher J.G. Brockmeyer, Michael

DeMartini, Elliot H. Greene, Robert W. Johnson, Alan H. Raphael, Jeffrey Ruthizer, Bill Thomas,

Marion Preston, and JoAnn Kessler (collectively, the "Defendants") (together with Plaintiffs, the

"Parties") have agreed to settle the above-captioned matter (the "Action") on the terms and

conditions set forth in the Settlement Agreement dated March 25, 2020 and all exhibits thereto;

WHEREAS, Plaintiffs have filed a motion for an order that, *inter alia*, (1) certifies the

proposed class for Settlement purposes; (2) preliminarily approves the Settlement on the terms set

forth in the Settlement Agreement; (3) approves and authorizes the dissemination of notice to

members of the Settlement Class per the approved form and method of notice; (4) establishes

deadlines and procedures for members of the Settlement Class to object to the Settlement; and  (5)

sets various deadlines and schedules a hearing to determine whether the Settlement should be

finally approved as fair, reasonable and adequate, and whether an order finally approving the

Settlement Agreement should be entered;

WHEREAS, Defendants do not agree with many of the factual representations and/or

characterizations made in Plaintiffs' memorandum in support of their motion but do not oppose

the motion insofar as it seeks this Court's preliminary approval of the Settlement;

WHEREAS, the Court, having read and considered the motion, the memorandum

submitted in support of the motion, the Settlement Agreement and the exhibits thereto, letters in

opposition submitted by a putative class member, Martin Stoner, and the Parties' Joint letter (ECF

#157) in response to the Court's May 4, 2020 Order (ECF #156) and the hearing held pursuant to

the Court's May 11, 2020 Order (ECF #158), finds that substantial and sufficient grounds exist for

entering this Order Preliminarily Approving Class Action Settlement, Provisionally Certifying

Settlement Class, Directing Notice to Settlement Class, and Scheduling Fairness   Hearing ("Preliminary Approval Order");

WHEREAS, the Court has adopted and incorporated the definitions and terms set forth in the Settlement Agreement; and

WHEREAS, upon review and consideration of the foregoing materials, the Court has found good cause for entering this Preliminary Approval Order;

NOW, THEREFORE, IT IS ORDERED THAT:

## I.      CERTIFICATION OF SETTLEMENT CLASS

The Settlement Agreement provides for a class action settlement of the claims alleged in this Action.  The Court has considered the (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval of the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the benefits to be provided to the Settlement Class; (4) the Parties' joint motion to certify a litigation class pursuant to Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B) with a supporting memorandum of law; (5) the Joint Supplemental Memorandum on Notice Issue ("Supplemental Memo"); and (6) letters in opposition to preliminary approval filed by putative class member(s).  *See* ECF ##130, 151, 155.  Based on those considerations, the Court hereby finds as follows:

A.      That the prerequisites for a class action under Rules 23(b)(1)(A) and 23(b)(1)(B) of the Federal Rules of Civil Procedure have been satisfied.  The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Class Members is over 100,000 and is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Plaintiffs' claims are typical of the

claims of the Class Members they seek to represent for purposes of this Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants; (f) Defendants have acted on grounds that apply generally to the Settlement Class, so that the benefits provided in the Settlement Agreement are appropriate for the Settlement Class as a whole; (g) questions of law and fact common to the Class Members predominate over any questions affecting any individual Settlement Class Member; and (h) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

B.      The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by trial of a class action involving the issues in the Action.

C.      Pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B), the Court hereby provisionally certifies the following Settlement Class:

> All participants and beneficiaries of the American Federation of Musicians and Employers' Pension Plan (the "Plan") from August 9, 2010 through the date of this Order, excluding Defendants and their beneficiaries.

D.      For the purposes of Settlement only, Plaintiffs Andy Snitzer and Paul Livant are appointed as the Class Representatives of the Settlement Class.  The prior appointment of Chimicles Schwartz Kriner & Donaldson-Smith LLP as Interim Class Counsel (ECF # 39) remains in effect and Steven A. Schwartz and Robert J. Kriner of Chimicles Schwartz Kriner & Donaldson-Smith LLP, and their firm Chimicles Schwartz Kriner & Donaldson-Smith LLP are appointed as Class Counsel.

4

## II.     PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A.      The Settlement Agreement requires Defendants' insurers to pay $26,850,000 as the Gross Settlement Amount, of which at least $17 million will be paid into the Plan.  Plaintiffs are seeking the balance ($9,850,000) for Attorneys' Fees, Costs and Service Awards.   In the Settlement Agreement, Defendants and the Plan have also agreed to implement certain Governance Provisions.

B.      On a preliminary basis, taking into account (1) the value and certainty of the benefits to be provided by the Settlement to Class Members and the Plan; (2) the defenses asserted by Defendants; (3) the risks to Plaintiffs and Class Members that Defendants would be successful in whole or part at trial on the merits of the claims alleged in this Action; and (4) the length of time that would be required for Class Members to obtain a final judgment after trials and appeals, the Settlement appears sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class as set forth in the Settlement Agreement.

C.      Moreover, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (1) the Parties have reached the Settlement after completing extensive discovery and shortly before trial, (2) the extensive negotiations were contentious, arm's length, and facilitated by an experienced professional mediator (Robert Meyer, Esq., of JAMS), and (3) the proponents of the Settlement are experienced in similar litigation.

D.      Accordingly, the Settlement, as modified by Plaintiffs' agreement, as reflected in the Parties' joint letter filed at ECF #157, to modify Sections 5.1(f) and 9.1 of the Settlement Agreement to remove the proposed release by Class Members as to Class Counsel, is hereby preliminarily approved, except as to the proposed release by Class Members as to Class

Representatives, subject to further evaluation by the Court in connection with final approval proceedings.

### III.    APPROVAL OF NOTICE PLAN

As set forth in the Settlement Agreement, and in connection with the Court's May 4, 2020 Order (ECF # 156), and the hearing held pursuant to the Court's May 11, 2020 Order (ECF #158), and the Court's May 14, 2020 Order (ECF # 161), the Parties have submitted a revised Notice of Settlement (the "Notice"), ECF #16259.

A.    The Notice fairly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this Action and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this Action and the Settlement, in particular, through the Settlement Website, www.afm-epfsettlement.com; and (3) appropriate information about how to object to the Settlement if they wish to do so. The Notice of Settlement also fairly and adequately informs Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

B.    The Settlement Agreement provides that, within thirty (30) calendar days of the date of this Order, the Plan shall send the Notice to each Class Member for whom the Plan has either an email or mailing address on record with the Plan.  For Participants and Beneficiaries in the Settlement Class who reside at the same address, a single mailing or email shall suffice.  The Settlement Agreement also provides that, in recognition that the Plan has neither an email nor a mailing address for 20,756 of the total 114,285 Class Members, ECF #151, the Notice and other documents identified in the Settlement Agreement and in the parties' joint letter (ECF #153), or

links to those identified documents, will be posted to the Settlement Website and that the initial posting of the Notice will occur no later than the date on which the Notice is first mailed or emailed to Class Members.

      C.     Within thirty (30) calendar days of the date of this Order, the Plan shall send the Notice by either email or first-class mail to each Class Member for whom the Plan has an address, as specified in the Settlement Agreement.  On or before the date that Notice is sent, the Plan shall establish the Settlement Website on which the Notice will be posted.  In further recognition that the parties lack both email and mailing addresses for 20,756 Class Members, as the parties agreed in the Supplemental Memo, they will (1) include a link to the Settlement Website on a scrolling banner on the Plan's website at www.afm-epf.org and (2) include a call-out box with a link to the Settlement Website in the monthly magazine of the American Federation of Musicians for two consecutive months beginning the month in which the Notice is sent to Class Members.  ECF #151.

      D.     At or before the Fairness Hearing, the Plan shall file with the Court a proof of timely compliance with the foregoing requirements.

      E.     The Notice satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and any other applicable laws, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

      F.     Accordingly, the Court hereby approves the proposed Notice and orders that the form and content of the proposed Notice be provided to the Settlement Class by the Plan as set forth in the Settlement Agreement, as supplemented by the Supplemental Memo.

G.      The Parties have also submitted as Exhibit 4 to the Settlement Agreement a Form Notice under the Class Action Fairness Act of 2005 ("CAFA").  The Court also approves the form of the CAFA Notice.  Defendants shall notify the appropriate Federal and State officials under CAFA.  Proof of compliance will be filed with the Motion for Final Approval.  Upon mailing the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

## IV.     PRELIMINARY INJUNCTION

Pending a final determination of whether the Settlement Agreement should be approved, the Plan and each Class Member (and his or her heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), are preliminarily enjoined from: (1) suing any Released Party in any action or proceeding alleging any of the Released Claims, even if any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims; (2) directly, representatively or derivatively, or in any other capacity, commencing, prosecuting or litigating, in any local, state, or federal court, or in any tribunal, agency or other forum, any claim, allegation, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order) against any Released Party that arises out of or relates in any way to the Released Claims.

## V.      OBJECTIONS

A.      All Class Members have the right to object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement and the Notice.

B.      All written objections and supporting papers must: (1) clearly identify the case name and number (*Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC); (2) contain the

objector's printed name, address, telephone number, and email address; (3) state with specificity the grounds for the objection along with any supporting papers, materials, briefs or evidence that the objector may wish the Court to consider when reviewing the objection; (4) be signed by the objector; and (5) state whether the objector or objector's counsel intends to appear at the Fairness Hearing. Additionally, if the objecting Settlement Class Member or his or her counsel has objected to a class action settlement during the past 5 years, the objection must disclose all cases in which he or she has filed an objection by caption, court and case number, and for each case, the disposition of the objection, including whether any payments were made to the objector or his or her counsel, and whether any incremental benefits were achieved for the class in exchange for such payments.

## VI.     FINAL APPROVAL HEARING

The Court hereby schedules the Fairness Hearing at 10:00 A.M. on August 26, 2020, which date is approximately one hundred and ten (110) calendar days after the date this Preliminary Approval Order is filed, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, and the Settlement should receive final approval. At that time, the Court will also consider Plaintiffs' proposal for a release by Class Members of any claim(s) against Class Representatives, and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards, which shall be filed at least sixty (60) calendar days before the Fairness Hearing, and any responses thereto, which shall be posted on the Settlement Website; as well as Plaintiffs' Motion for Final Approval of the Settlement, which shall be filed no later than fourteen (14) calendar days before the Fairness Hearing. The Fairness Hearing may be postponed or rescheduled by order of the Court without further notice to the Settlement Class, but any rescheduled date must be posted on the Settlement Website.

9

## VII.   STAY OF PROCEEDINGS

Pending final determination of whether the Settlement should be approved, the Court hereby also stays all proceedings in this case, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

## VIII.   OTHER PROVISIONS

A.   In the event that the Settlement Agreement is not finally approved by the Court or does not reach the Settlement Effective Date, or the Settlement Agreement is terminated pursuant to its terms for any reason, the Parties reserve all of their rights, including the right to continue with the Action and all claims and defenses pending at the time of the Settlement.  All of the following shall also apply:

1.   This Preliminary Approval Order and all findings contained within it shall become null and void and have no force and effect whatsoever and shall not be admissible or discoverable in this or any other proceeding.

2.   Nothing contained in this Preliminary Approval Order is to be construed as a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters.

3.   Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the Settlement administration process, shall be used as evidence in any further proceeding in this case or any other litigation or proceeding, including, but not limited to, motions or proceedings or trial.

4.   All of the Court's prior orders shall, subject to this Preliminary Approval Order, remain in force and effect.

10

B.      Class Counsel and Counsel for Defendants are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Settlement Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of the Class Members under the Settlement Agreement.

C.      The Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

D.      The Court approves the following schedule for Settlement-related activities:

| DATE | EVENT |
|---|---|
| May ~~12~~18, 2020 ~~[Day 1]~~ | Entry of Preliminary Approval Order |
| June 12, 2020 ~~[Day 30]~~ | Last day for the Plan to make the documents identified in the Settlement Agreement and in the parties' joint letter (ECF #153) available online at www.afm-epfsettlement.com, and in the case of subsequently filed documents, within five (5) calendar days after filing. |
| June 12, 2020 ~~[Day 30]~~ | Last day for the Plan to email or mail the Notice to Class Members ("Notice Date") |
| June 26, 2020 [60 days before Fairness Hearing] | Last day for Class Counsel to file Motion for Attorneys' Fees, Costs, and Service Awards |
| July 27, 2020 [30 days before Fairness Hearing] | Last day for Defendants to respond to Motion for Attorneys' Fees, Costs, and Service Awards |
| July 27, 2020 [30 days before Fairness Hearing] | Last day for Class Members to object to the Settlement. |
| August 12, 2020 [14 ~~calendar~~ days before the Fairness Hearing] | Last Day for Class Counsel to file Motion for Final Approval of the Settlement, and to submit determination from Independent Settlement Evaluation Fiduciary |

11

| August 26, 2020 [approx. 110 days from Preliminary Approval Order)] | Fairness  Hearing |
|---|---|

IT IS SO ORDERED.

Dated: _____, 2020          _____

Honorable Valerie Caproni, U.S.D.J.

12

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**TO:    All Participants and Beneficiaries of the American Federation of Musicians and Employers' Pension Plan (the "Plan") from August 9, 2010 through the date of the Preliminary Approval Order [fill in date]., May 18, 2020, excluding the Defendants and their Beneficiaries.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Please read this Notice and the Settlement Agreement available at www.afm-epfsettlement.com carefully. Your legal rights may be affected whether you act or don't act. This Notice is a summary, and it is not intended to, and does not, include all of the specific details of the Settlement Agreement. To obtain more specific details concerning the Settlement, please read the Settlement Agreement and other Court documents available on the website above, such as Plaintiffs' Memorandum of Law in Support of Preliminary Approval of Class Action Settlement ("Preliminary Approval Memorandum"). Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any possible amendments to the Settlement Agreement or other changes, including changes to the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Plaintiffs Andy Snitzer and Paul Livant ("Plaintiffs" or "Class Representatives") brought this class action lawsuit against certain trustees of the Plan ("Defendants") on behalf of Class Members and the Plan, seeking recovery for breach of fiduciary duties and other violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1000, *et seq.* ("ERISA"). Plaintiffs believe their claims have merit for the reasons set forth in their Preliminary Approval Memorandum. Defendants deny all claims, and nothing in the Settlement is an admission or concession on Defendants' part of any fault or liability whatsoever.

- To settle Plaintiffs' claims, Defendants have agreed to pay $26.85 million and to implement certain Governance Provisions negotiated by the parties that Plaintiffs believe address the concerns raised in the Amended Complaint regarding the manner in which the Defendants carried out their fiduciary duties. The Plan will receive at least $17 million of the total Settlement. The balance is being sought by Plaintiffs for Attorneys' Fees and Costs and Service Awards. The Court will determine how much to award in Attorneys' Fees and Costs and Service Awards.

- Your legal rights will be affected whether you act or don't act. This Notice includes information on the Settlement and the lawsuit. Please read the entire Notice carefully.

- The Court in charge of this case has given its preliminary approval to the Settlement and approved this Notice but has not yet decided whether to grant final approval of the Settlement. If the Court finally approves the Settlement, it will issue an Order requiring

Defendants to comply with the terms of the Settlement.  Once the time for any appeals has run or any such appeals have been rejected, the $26.85 million settlement amount (minus any Attorneys' Fees and Costs, and Service Awards to Messrs. Snitzer and Livant awarded by the Court) will be transferred to the Plan and will be available to pay Plan costs and benefits to Class Members, and the Plan Trustees will implement the Governance Provisions provided for by the Settlement.

- The following rights and options – and deadlines to exercise them – are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS | | |
|---|---|---|
| **DO NOTHING** | You do not need to do anything. Inclusion in the Settlement is automatic, and if the Court approves the Settlement all Class Members will be bound by its terms. | _____ |
| **OBJECT TO THE SETTLEMENT** | If you object to the Settlement, or otherwise wish to comment on the Settlement, you can write to the Court explaining why you agree or disagree with the Settlement, Attorneys' Fees and Costs, or Service Awards. | _____ |
| **GO TO THE HEARING** | Ask to speak in Court about your objection to the Settlement. | _____ |

## BASIC INFORMATION

### 1.    What Is This Notice About?

This Notice is to inform you about a Settlement reached in this litigation before the Court decides whether to grant final approval of this Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. The Court in charge is the United States District Court for the Southern District of New York. This litigation is known as *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC. The people who sued are called the "Plaintiffs" or "Class Representatives." The trustees they sued are called the "Defendants" or the "Defendant Trustees."

### 2.    What Is This Lawsuit About?

Plaintiffs allege that Defendants violated ERISA and breached their fiduciary duties in connection with certain investment decisions they made and the processes they used to make those decisions from 2010-2017.

Throughout the litigation and in the Settlement Agreement, Defendants have denied all claims and have also denied that they committed any wrongdoing whatsoever.  Defendants assert that they have always managed the Plan, including its investments, loyally and prudently.

**3.      What Is Not Part of this Lawsuit?**

The Amended Complaint, which was filed in 2017, did not raise any claims – and thus does not settle any claims – regarding the Trustees' 2019 decision to seek approval for benefit cuts under the Multiemployer Pension Reform Act of 2014 ("MPRA").  The proposed Settlement does not have an impact on or impair any right Plan Participants and Beneficiaries may have in connection with the pending MPRA process.

**4.      Why Is This a Class Action?**

In a class action, one or more people, called the "Class Representatives," sue on behalf of themselves and other people with similar claims in the specific class action. All of these people together are the "class" or "class members." In a class action, one court may resolve the issues for all class members.

**5.      Why Is There A Settlement?**

The Court has not decided in favor of the Plaintiffs or Defendants. Instead, both sides have agreed to the Settlement to avoid the costs and risks of a lengthy trial and appeals process. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability whatsoever, nor is it an admission or concession on Plaintiffs' part that their claims lacked merit. The Class Representatives and Class Counsel believe the Settlement is fair, reasonable, and adequate, and in the best interests of the Class Members.

| THE SETTLEMENT |
| --- |

**6.      How Do I Know If I May Be Included in the Settlement Class?**

The Settlement Class includes: All Participants and Beneficiaries of the Plan from August 9, 2010 through the date of the Preliminary Approval Order, excluding Defendants and their Beneficiaries. The fact that you are included in the Settlement Class, and receiving this Notice, does not mean that you are entitled to a Plan benefit now or in the future. It only means that you (or, if you are a beneficiary, the person who designated you) were a Plan Participant during the Class Period.

The Settlement Agreement, the Preliminary Approval Order, and other relevant pleadings and Court orders are accessible on the website at www.afm-epfsettlement.com.

**7.      How Much Money Does the Settlement Provide for the Plan?**

To settle the lawsuit, Defendants will cause their insurers to pay $26.85 million. After a deduction of Attorneys' Fees and Costs, and Service Awards to Plaintiffs Snitzer and Livant (see FAQ 12 below), as approved by the Court, the remaining balance will be transferred to the Plan and will be available to pay Plan costs and benefits to Participants and Beneficiaries.  As discussed further below, Class Counsel and Plaintiffs will apply for Attorneys' Fees of up to one third of the Gross Settlement Amount plus $900,000 in costs, which is inclusive of the $20,000 in Service Awards they are seeking for the Plaintiffs.  If approved, those amounts will be paid out of the Gross Settlement Amount, leaving at least $17 million for the Plan.

**8.     What Governance Provisions Will the Plan Implement If the Court Approves the Settlement?**

In addition to the $26.85 million payment, the Trustees agreed in the Settlement to make certain disclosures and Plan governance changes negotiated by the parties.

The following is a summary of the Governance Provisions agreed to as part of the Settlement. More details about the Governance Provisions and the Settlement as a whole are set forth in the Settlement Agreement, available at www.afm-epfsettlement.com.

- **Neutral Independent Fiduciary Trustee**: Pursuant to the Settlement, the Trustees will appoint Blakeman Crest Advisors, LLC ("BCA") to serve as a Neutral Independent Fiduciary Trustee for the Plan for 4-5 years, through its manager Andrew Irving. Mr. Irving was jointly selected by Plaintiffs and Defendants. In its capacity as Neutral Independent Fiduciary Trustee, BCA, through Mr. Irving, will serve as (a) a nonvoting member of the Investment Committee; and (b) an advisory resource to the voting members of the Investment Committee, including the Investment Committee Co-Chairs. BCA, through Mr. Irving, shall also have the following responsibilities: (i) to work with, and provide input to, the Union- and Employer-side Co-Chairs of the Investment Committee in fulfilling their functions and responsibilities as Co-Chairs; (ii) with complete access to the information available to the Union- and Employer-side Co-Chairs of the Investment Committee, to function in all respects (other than voting authority) as those Co-Chairs; (iii) to participate in Investment Committee meetings, deliberations and decisions, with all the authority and responsibilities of a Trustee with respect to the Plan's investments (other than voting authority); (iv) to participate in the portion of the Board meetings, deliberations and decisions, with all the authority and responsibilities of a Trustee, related to the Plan's investments (other than voting authority); (v) to state his assessment, including his reasoning for such assessment, of all matters under deliberation or subject to a decision or vote related to the Investment Committee (including asset management and allocation); (vi) to make recommendations, at least annually, regarding changes (if any) in the processes pursuant to which the Investment Committee performs its responsibilities; and (vii) in coordination with the Trustees and the Outsourced Chief Investment Officer ("OCIO"), to prepare a written report regarding possible changes to the Plan's Investment Policy Statement.

The parties believe that Mr. Irving has the requisite expertise to act for BCA as Neutral Independent Fiduciary Trustee in light of his experience acting as an independent fiduciary and as an advisor to pension plan fiduciaries in fulfilling their responsibilities with respect to pension investment and/or actuarial matters. Mr. Irving's resume and his declaration filed with the Court are available at www.afm-epfsettlement.com.

- **Replacement of Meketa as OCIO Monitor:** The Trustees agreed to replace Meketa with a new OCIO monitor pursuant to a request for proposal process negotiated by Plaintiffs and Defendants. As described in the Amended Complaint, Meketa served as the Plan's investment consultant from 2010 to 2017, during which time the Trustees adopted the asset allocations and made the investment decisions Plaintiffs allege were imprudent. In 2017, the Plan Trustees elected to hire Cambridge Investment Group to serve as the Plan's OCIO with discretion to make Plan investments, at which time Meketa took on the role of OCIO monitor. The Settlement requires the Neutral Independent Fiduciary Trustee to educate the OCIO

monitor candidates about the parties' respective claims and defenses based on his review of certain lawsuit materials, including the parties' respective expert reports.

- **Website Disclosures**: As part of the Settlement, the Trustees have agreed to post on the Plan's website certain reports, including charts showing a comparison of the Plan's asset allocation to the average asset allocations of large Taft-Hartley plans, plus a running cumulative comparison of the Plan's actual performance since Cambridge became the Plan's OCIO in October 2017 versus the performance of an appropriate index benchmark. These comparisons are similar to those used by the Parties' respective experts.

- **Disclosure of New Trustees:** Pursuant to the Settlement, except under certain circumstances where timing does not permit, the Trustees have agreed that, at least four weeks before the effective date of any new Trustee's appointment to serve on the Board, the Trustees will post on the Plan's website the identity of the new Trustee along with his or her bio and any other experience relevant to his or her qualifications to serve as a Trustee. The Settlement also acknowledges that at least one employer-designated Trustee and one union-designated Trustee who are members of the Investment Committee have previously stated their intention to resign from the Board within the next 18 months. As part of the Settlement, the Parties agreed that those Trustees will be replaced by Trustees who were not previously members of the Board and who will serve on the Investment Committee.

## 9.    What Am I Giving Up If the Court Approves the Settlement?

In exchange for the relief provided by the Settlement, the Parties agreed that the Plaintiffs and all Class Members would forever release the Released Claims against the Released Parties. As set out more fully in the Settlement Agreement, "Released Claims" means any and all claims that were asserted in the Complaint or Amended Complaint or that arise out of, relate in any way to, are based on, or have any connection with any of the factual or legal allegations asserted in the Complaint or Amended Complaint, including, but not limited to, those that arise out of, relate to, are based on, or have any connection with decisions made, prior to the OCIO Management Date,  regarding (i) the Plan's asset allocation and the selection (including of the Plan's OCIO), retention, monitoring, oversight, compensation, fees, or performance of the Plan's investments or its investment managers; (ii) investment-related fees, costs, or expenses charged to, paid, or reimbursed by the Plan; (iii) disclosures or failures to disclose information regarding the Plan's investments and/or funding; or (iv) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions in connection with (i) through (iii) above.

The governing releases are found within the Settlement Agreement at www.afm-epfsettlement.com. The Settlement Agreement describes the Released Claims in further detail. This is only a summary of the Released Claims, and it is not a binding description. Read the Settlement Agreement carefully because those releases will be binding on you as a Settlement Class Member if the Court grants final approval of the Settlement. The Settlement Agreement is available at www.afm-epfsettlement.com.

## THE LAWYERS REPRESENTING YOU

**10.     Do I Have a Lawyer Representing Me?**

The Court has appointed the following lawyers as Lead Plaintiffs' Counsel to represent you and all other members of the Settlement Class:

Steven A. Schwartz
sas@chimicles.com
Mark B. DeSanto
MBD@chimicles.com
CHIMICLES SCHWARTZ KRINER &
DONALDSON-SMITH LLP
361 West Lancaster Avenue
Haverford, PA 19041
610.642.8500

Robert J. Kriner, Jr.
RJK@chimicles.com
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
2711 Centerville Road, Suite 201
Wilmington, DE 19808
(302) 656-2500

You will not be charged for contacting these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11.     How Will the Lawyers Be Paid?**

Plaintiffs' Counsel will ask the Court to pay them for the time they spent and reimburse them for the expenses they incurred prosecuting the lawsuit. Plaintiffs' Counsel will ask the Court for attorneys' fees not to exceed one-third of the $26.85 million Settlement amount, plus litigation expenses or charges not to exceed $900,000. To date, Plaintiffs' Counsel represent that they have spent over 12,500 hours prosecuting the lawsuit, and they have not been paid anything for their work yet. They also represent that they have advanced almost $900,000 in costs to cover the expenses necessary to pursue the lawsuit, including experts, transcripts, documents, and travel. Plaintiffs' Counsel will file with the Court a detailed Motion supporting their request for attorneys' fees and reimbursement of expenses. Plaintiffs' Counsel will file that Motion before the deadline for objections, and you will be able to review it at www.afm-epfsettlement.com. Any payment to the attorneys will be subject to Court approval, and the Court may award less than the requested amount. Any Attorneys' Fees and Costs will be paid out of the Gross Settlement Payment. Defendants have reserved the right to object to such requested amounts.

**12.     ~~What~~ Will Plaintiffs' Andy Snitzer and Paul Livant Receive ~~Service Awards and/or a Release?~~Out of the Settlement?**

Plaintiffs' Counsel will ask the Court to award each Plaintiff $10,000 as a Service Award for his efforts and the accompanying risks each assumed in bringing this litigation. Both Plaintiffs spent significant time consulting with counsel, produced numerous documents including emails from 2010 through 2017, sat for full-day depositions by Defendants' Counsel, participated in mediation sessions, and reviewed various court and mediation documents. Class Counsel have agreed that any Service Awards will be paid out of the amount awarded by the Court for Attorneys' Fees and Costs. Messrs. Snitzer and Livant have each committed to donate any Service Award to an organization or organizations that they believe are fighting to protect the rights of plan participants and beneficiaries. Defendants have reserved the right to object to the payment of any Service Awards that are earmarked for an outside organization.

In addition, Plaintiffs' Counsel will request that the Court approve the ~~provision~~provisions in ~~Section~~ Sections 5.1(f) and 9.1 of the Settlement Agreement ~~that~~. Pursuant to those sections, each Class Member shall ~~be deemed to have~~ fully, finally, and forever ~~settled, released, relinquished, waived, and discharged~~settle, release, relinquish, waive, and discharge any claims he or she may have against ~~the Class Representatives~~Messrs. Snitzer and Livant that arise out of the institution, prosecution, settlement or dismissal of the Action.

---

## OBJECTING TO THE SETTLEMENT

### 13.    How Do I Object to or Comment on the Settlement?

You can ask the Court not to approve the Settlement by filing an objection. You can also object to the request for Attorneys' Fees and Costs ~~or,~~ the proposed Service Awards for each of the Plaintiffs, or Plaintiffs' request that Class Members release any and all claim(s) against the Class Representatives. You can't ask the Court to order a different Settlement or order different Governance Provisions; the Court can only approve or reject this Settlement. If the Court does not approve, the Plan will not receive any of the $26.85 million Settlement payment negotiated by the parties and the Trustees will not be required to implement the Governance Provisions provided for by the Settlement.

Any objection to the proposed Settlement must be in writing. Any objection must be submitted to the Court either by mailing it to the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, 10007 ATTN Judge Caproni, or by filing them in person with the Court. Any objection must be filed or postmarked on or before July 27, 2020. If you file a timely written objection, you may, but are not required to, appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must include (a) the case name and number (*Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC); (b) your name, address, telephone number, and email address; (c) the specific grounds for your objection along with any supporting papers, materials, briefs or evidence that you wish the Court to consider when reviewing the objection; (d) your signature; and (e) a statement whether you or your attorney intends to appear at the Fairness Hearing. If you or your attorney has objected to a class action settlement during the past 5 years, the objection must also disclose all cases in which you or your attorney has filed an objection by caption, court and case number, and for each case, the disposition of the objection, including whether any payments were made to the objector or his or her counsel, and if so, the incremental benefits, if any, that were achieved for the class in exchange for such payments.

Any party to the litigation may file a response to an objection before the Fairness Hearing.

If you do not comply with these procedures and timely object, you will lose any opportunity to have your objection considered at the Fairness Hearing or to otherwise contest approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

**14.     Can I Opt Out of the Settlement?**

No. The Court has certified this case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(1), and that subsection of Rule 23 does not include provisions for class members to opt out.

## THE FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests by Plaintiffs' Counsel for fees, costs, and expenses and the proposed Service Awards for the Plaintiffs. You may attend and you may ask to speak, but you do not have to do so.

**15.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a Final Fairness Hearing at 10:00 A.M. on August 26, 2020, at Courtroom 443 of the United States District Court for the Southern District of New York, at Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, 10007. The hearing may be moved to a different date or time without additional notice, so check www.afm-epfsettlement.com or call Plaintiffs' Counsel to confirm that the date has not been changed. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections or comments, the Court will consider them at that time and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Plaintiffs' Counsel and whether to reimburse Plaintiffs' Counsel for certain costs, and whether to pay Service Awards to the Plaintiffs. At or after the hearing, the Court will decide whether to approve the Settlement.

**16.     Do I Have to Attend the Hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. But you are welcome to attend, at your expense, if you wish. If you send an objection or comment, you do not have to come to Court to talk about it. As long as you filed or mailed your written objection on time, the Court will consider it. You may also hire your own lawyer at your own expense to attend on your behalf, but you are not required to do so.

**17.     May I Speak at the Hearing?**

If you send an objection or comment on the Settlement, as long as your objection noted your intention to appear, you or your counsel may have the right to speak at the Fairness Hearing as determined by the Court.

## GET MORE INFORMATION

**18.     How Do I Get More Information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.afm-epfsettlement.com. For more information on the Settlement, you may contact Lead Counsel identified above in Question 10. Updates about the Settlement will be posted at www.afm-epfsettlement.com. Finally, you may visit the office of the Clerk of the Court at the address above, between 8:30 a.m. and 5:00 p.m., Monday through Friday, excluding Court holidays and the period during which the Court is not open to the public due to COVID-19.

**PLEASE DO NOT TELEPHONE THE COURT, THE COURT CLERK'S OFFICE, OR THE FUND OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

Dated: _____                    By Order of the Court, United States District
                                     Court for the Southern District of New York