# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREW SNITZER and PAUL LIVANT, individually and as representatives of a class of similarly situated persons, on behalf of the American Federation of Musicians and Employers' Pension Plan,

                      Plaintiffs,

v.

THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, THE INVESTMENT COMMITTEE OF THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, RAYMOND M. HAIR, JR., AUGUSTINO GAGLIARDI, GARY MATTS, WILLIAM MORIARITY, BRIAN F. ROOD, LAURA ROSS, VINCE TROMBETTA, PHILLIP E. YAO, CHRISTOPHER J.G. BROCKMEYER, MICHAEL DEMARTINI, ELLIOT H. GREENE, ROBERT W. JOHNSON, ALAN H. RAPHAEL, JEFFREY RUTHIZER, BILL THOMAS, JOANN KESSLER, MARION PRESTON,

                      Defendants.

No. 1:17-cv-5361 (VEC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/18/2020

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FAIRNESS HEARING

      WHEREAS, Plaintiffs Andy Snitzer and Paul Livant, individually and on behalf of all Class Members and the American Federation of Musicians and Employers' Pension Plan (the "Plan"), and Defendants The Board of Trustees of the American Federation of Musicians And Employers' Pension Fund (the "Board of Trustees"), The Investment Committee of The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund (the "Investment Committee"), Raymond M. Hair, Jr., Augustino Gagliardi, Gary Matts, William Moriarity, Brian

F. Rood, Laura Ross, Vince Trombetta, Phillip E. Yao, Christopher J.G. Brockmeyer, Michael DeMartini, Elliot H. Greene, Robert W. Johnson, Alan H. Raphael, Jeffrey Ruthizer, Bill Thomas, Marion Preston, and JoAnn Kessler (collectively, the "Defendants") (together with Plaintiffs, the "Parties") have agreed to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated March 25, 2020 and all exhibits thereto;

WHEREAS, Plaintiffs have filed a motion for an order that, *inter alia*, (1) certifies the proposed class for Settlement purposes; (2) preliminarily approves the Settlement on the terms set forth in the Settlement Agreement; (3) approves and authorizes the dissemination of notice to members of the Settlement Class per the approved form and method of notice; (4) establishes deadlines and procedures for members of the Settlement Class to object to the Settlement; and (5) sets various deadlines and schedules a hearing to determine whether the Settlement should be finally approved as fair, reasonable and adequate, and whether an order finally approving the Settlement Agreement should be entered;

WHEREAS, Defendants do not agree with many of the factual representations and/or characterizations made in Plaintiffs' memorandum in support of their motion but do not oppose the motion insofar as it seeks this Court's preliminary approval of the Settlement;

WHEREAS, the Court, having read and considered the motion, the memorandum submitted in support of the motion, the Settlement Agreement and the exhibits thereto, letters in opposition submitted by a putative class member, Martin Stoner, and the Parties' Joint letter (ECF #157) in response to the Court's May 4, 2020 Order (ECF #156) and the hearing held pursuant to the Court's May 11, 2020 Order (ECF #158), finds that substantial and sufficient grounds exist for entering this Order Preliminarily Approving Class Action Settlement, Provisionally Certifying

2

Settlement Class, Directing Notice to Settlement Class, and Scheduling Fairness Hearing ("Preliminary Approval Order");

WHEREAS, the Court has adopted and incorporated the definitions and terms set forth in the Settlement Agreement; and

WHEREAS, upon review and consideration of the foregoing materials, the Court has found good cause for entering this Preliminary Approval Order;

NOW, THEREFORE, IT IS ORDERED THAT:

**I.     CERTIFICATION OF SETTLEMENT CLASS**

The Settlement Agreement provides for a class action settlement of the claims alleged in this Action. The Court has considered the (1) allegations, information, arguments, and authorities provided by the Parties in connection with pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval of the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the benefits to be provided to the Settlement Class; (4) the Parties' joint motion to certify a litigation class pursuant to Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B) with a supporting memorandum of law; (5) the Joint Supplemental Memorandum on Notice Issue ("Supplemental Memo"); and (6) letters in opposition to preliminary approval filed by putative class member(s). *See* ECF ##130, 151, 155. Based on those considerations, the Court hereby finds as follows:

A.     That the prerequisites for a class action under Rules 23(b)(1)(A) and 23(b)(1)(B) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Class Members is over 100,000 and is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Plaintiffs' claims are typical of the

3

claims of the Class Members they seek to represent for purposes of this Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants; (f) Defendants have acted on grounds that apply generally to the Settlement Class, so that the benefits provided in the Settlement Agreement are appropriate for the Settlement Class as a whole; (g) questions of law and fact common to the Class Members predominate over any questions affecting any individual Settlement Class Member; and (h) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

      B.     The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by trial of a class action involving the issues in the Action.

      C.     Pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B), the Court hereby provisionally certifies the following Settlement Class:

> All participants and beneficiaries of the American Federation of Musicians and Employers' Pension Plan (the "Plan") from August 9, 2010 through the date of this Order, excluding Defendants and their beneficiaries.

      D.     For the purposes of Settlement only, Plaintiffs Andy Snitzer and Paul Livant are appointed as the Class Representatives of the Settlement Class. The prior appointment of Chimicles Schwartz Kriner & Donaldson-Smith LLP as Interim Class Counsel (ECF #39) remains in effect and Steven A. Schwartz and Robert J. Kriner of Chimicles Schwartz Kriner & Donaldson-Smith LLP, and their firm Chimicles Schwartz Kriner & Donaldson-Smith LLP are appointed as Class Counsel.

4

## II. PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A. The Settlement Agreement requires Defendants' insurers to pay $26,850,000 as the Gross Settlement Amount, of which at least $17 million will be paid into the Plan. Plaintiffs are seeking the balance ($9,850,000) for Attorneys' Fees, Costs and Service Awards. In the Settlement Agreement, Defendants and the Plan have also agreed to implement certain Governance Provisions.

B. On a preliminary basis, taking into account (1) the value and certainty of the benefits to be provided by the Settlement to Class Members and the Plan; (2) the defenses asserted by Defendants; (3) the risks to Plaintiffs and Class Members that Defendants would be successful in whole or part at trial on the merits of the claims alleged in this Action; and (4) the length of time that would be required for Class Members to obtain a final judgment after trials and appeals, the Settlement appears sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class as set forth in the Settlement Agreement.

C. Moreover, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (1) the Parties have reached the Settlement after completing extensive discovery and shortly before trial, (2) the extensive negotiations were contentious, arm's length, and facilitated by an experienced professional mediator (Robert Meyer, Esq., of JAMS), and (3) the proponents of the Settlement are experienced in similar litigation.

D. Accordingly, the Settlement, as modified by Plaintiffs' agreement, as reflected in the Parties' joint letter filed at ECF #157, to modify Sections 5.1(f) and 9.1 of the Settlement Agreement to remove the proposed release by Class Members as to Class Counsel, is hereby preliminarily approved, except as to the proposed release by Class Members as to Class

5

Representatives, subject to further evaluation by the Court in connection with final approval proceedings.

### III. APPROVAL OF NOTICE PLAN

As set forth in the Settlement Agreement, and in connection with the Court's May 4, 2020 Order (ECF #156), the hearing held pursuant to the Court's May 11, 2020 Order (ECF #158), and the Court's May 14, 2020 Order (ECF #161), the Parties have submitted a revised Notice of Settlement (the "Notice"), ECF #162.

A. The Notice fairly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this Action and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this Action and the Settlement, in particular, through the Settlement Website, www.afm-epfsettlement.com; and (3) appropriate information about how to object to the Settlement if they wish to do so. The Notice of Settlement also fairly and adequately informs Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

B. The Settlement Agreement provides that, within thirty (30) calendar days of the date of this Order, the Plan shall send the Notice to each Class Member for whom the Plan has either an email or mailing address on record with the Plan. For Participants and Beneficiaries in the Settlement Class who reside at the same address, a single mailing or email shall suffice. The Settlement Agreement also provides that, in recognition that the Plan has neither an email nor a mailing address for 20,756 of the total 114,285 Class Members, ECF #151, the Notice and other documents identified in the Settlement Agreement and in the parties' joint letter (ECF #153), or

6

links to those identified documents, will be posted to the Settlement Website and that the initial posting of the Notice will occur no later than the date on which the Notice is first mailed or emailed to Class Members.

C. Within thirty (30) calendar days of the date of this Order, the Plan shall send the Notice by either email or first-class mail to each Class Member for whom the Plan has an address, as specified in the Settlement Agreement. On or before the date that Notice is sent, the Plan shall establish the Settlement Website on which the Notice will be posted. In further recognition that the parties lack both email and mailing addresses for 20,756 Class Members, as the parties agreed in the Supplemental Memo, they will (1) include a link to the Settlement Website on a scrolling banner on the Plan's website at www.afm-epf.org and (2) include a call-out box with a link to the Settlement Website in the monthly magazine of the American Federation of Musicians for two consecutive months beginning the month in which the Notice is sent to Class Members. ECF #151.

D. At or before the Fairness Hearing, the Plan shall file with the Court a proof of timely compliance with the foregoing requirements.

E. The Notice satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), and any other applicable laws, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

F. Accordingly, the Court hereby approves the proposed Notice and orders that the form and content of the proposed Notice be provided to the Settlement Class by the Plan as set forth in the Settlement Agreement, as supplemented by the Supplemental Memo.

G.  The Parties have also submitted as Exhibit 4 to the Settlement Agreement a Form Notice under the Class Action Fairness Act of 2005 ("CAFA"). The Court also approves the form of the CAFA Notice. Defendants shall notify the appropriate Federal and State officials under CAFA. Proof of compliance will be filed with the Motion for Final Approval. Upon mailing the CAFA Notices, Defendants shall have fulfilled their obligations under CAFA.

## IV.   PRELIMINARY INJUNCTION

Pending a final determination of whether the Settlement Agreement should be approved, the Plan and each Class Member (and his or her heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), are preliminarily enjoined from: (1) suing any Released Party in any action or proceeding alleging any of the Released Claims, even if any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims; (2) directly, representatively or derivatively, or in any other capacity, commencing, prosecuting or litigating, in any local, state, or federal court, or in any tribunal, agency or other forum, any claim, allegation, cause of action, matter, lawsuit, or action (including but not limited to actions pending as of the date of this Order) against any Released Party that arises out of or relates in any way to the Released Claims.

## V.    OBJECTIONS

A.  All Class Members have the right to object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement and the Notice.

B.  All written objections and supporting papers must: (1) clearly identify the case name and number (*Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC); (2) contain the

8

objector's printed name, address, telephone number, and email address; (3) state with specificity the grounds for the objection along with any supporting papers, materials, briefs or evidence that the objector may wish the Court to consider when reviewing the objection; (4) be signed by the objector; and (5) state whether the objector or objector's counsel intends to appear at the Fairness Hearing.  Additionally, if the objecting Settlement Class Member or his or her counsel has objected to a class action settlement during the past 5 years, the objection must disclose all cases in which he or she has filed an objection by caption, court and case number, and for each case, the disposition of the objection, including whether any payments were made to the objector or his or her counsel, and whether any incremental benefits were achieved for the class in exchange for such payments.

## VI. FINAL APPROVAL HEARING

The Court hereby schedules the Fairness Hearing at 10:00 A.M. on August 26, 2020, which date is approximately one hundred and ten (110) calendar days after the date this Preliminary Approval Order is filed, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, and the Settlement should receive final approval.  At that time, the Court will also consider Plaintiffs' proposal for a release by Class Members of any claim(s) against Class Representatives, and Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards, which shall be filed at least sixty (60) calendar days before the Fairness Hearing, and any responses thereto, which shall be posted on the Settlement Website; as well as Plaintiffs' Motion for Final Approval of the Settlement, which shall be filed no later than fourteen (14) calendar days before the Fairness Hearing.  The Fairness Hearing may be postponed or rescheduled by order of the Court without further notice to the Settlement Class, but any rescheduled date must be posted on the Settlement Website.

## VII. STAY OF PROCEEDINGS

Pending final determination of whether the Settlement should be approved, the Court hereby also stays all proceedings in this case, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

## VIII. OTHER PROVISIONS

A. In the event that the Settlement Agreement is not finally approved by the Court or does not reach the Settlement Effective Date, or the Settlement Agreement is terminated pursuant to its terms for any reason, the Parties reserve all of their rights, including the right to continue with the Action and all claims and defenses pending at the time of the Settlement. All of the following shall also apply:

1. This Preliminary Approval Order and all findings contained within it shall become null and void and have no force and effect whatsoever and shall not be admissible or discoverable in this or any other proceeding.

2. Nothing contained in this Preliminary Approval Order is to be construed as a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters.

3. Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the Settlement administration process, shall be used as evidence in any further proceeding in this case or any other litigation or proceeding, including, but not limited to, motions or proceedings or trial.

4. All of the Court's prior orders shall, subject to this Preliminary Approval Order, remain in force and effect.

B. Class Counsel and Counsel for Defendants are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Settlement Notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of the Class Members under the Settlement Agreement.

C. The Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

D. The Court approves the following schedule for Settlement-related activities:

| **DATE** | **EVENT** |
| --- | --- |
| May 18, 2020 | Entry of Preliminary Approval Order |
| June 12, 2020 | Last day for the Plan to make the documents identified in the Settlement Agreement and in the parties' joint letter (ECF #153) available online at www.afm-epfsettlement.com, and in the case of subsequently filed documents, within five (5) calendar days after filing. |
| June 12, 2020 | Last day for the Plan to email or mail the Notice to Class Members ("Notice Date") |
| June 26, 2020 [60 days before Fairness Hearing] | Last day for Class Counsel to file Motion for Attorneys' Fees, Costs, and Service Awards |
| July 27, 2020 [30 days before Fairness Hearing] | Last day for Defendants to respond to Motion for Attorneys' Fees, Costs, and Service Awards |
| July 27, 2020 [30 days before Fairness Hearing] | Last day for Class Members to object to the Settlement. |
| August 12, 2020 [14 days before the Fairness Hearing] | Last Day for Class Counsel to file Motion for Final Approval of the Settlement, and to submit determination from Independent Settlement Evaluation Fiduciary |

11

| August 26, 2020 [approx. 110 days from Preliminary Approval Order] | Fairness Hearing |
|---|---|

IT IS SO ORDERED. The Clerk of Court is respectfully requested to terminate the pending motion at docket entry 137, and to schedule a hearing for **August 26, 2020, at 10:00 A.M.**

Dated: \_\_\_\_May 18\_\_\_\_, 2020         _____
                                        Honorable Valerie Caproni, U.S.D.J.

12