IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW SNITZER and PAUL LIVANT,<br><br>                Plaintiffs,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, ET AL.,<br><br>                Defendants. | Case 1:17-cv-05361-VEC |

**DECLARATION OF STEVEN A. SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, SERVICE AWARDS, AND RELEASE FOR CLASS REPRESENTATIVES**

I, Steven A. Schwartz, declare as follows pursuant to 28 U.S.C. § 1746:

1.  I am a Partner and member of the Executive Committee at the law firm of Chimicles Schwartz Kriner & Donaldson-Smith LLP ("CSKD"). I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, Service Awards, and Release for Class Representatives. My partner Robert J. Kriner, Jr., with whom I prosecuted this case, has reviewed and approved this declaration.

2.  The qualifications, experience and track record of my firm, and the attorneys who worked on the case with Mr. Kriner and me, are set forth in my declaration in support of preliminary approval (ECF #139) at paragraphs 2-12. My recent successes include a $42 million fully-litigated judgment against Safeway affirmed on appeal representing 100% of damages plus interest; a $53 million settlement with Apple providing class members with a 117% net recovery of damages; a $21 million settlement with Aramark providing employees more than 100% of out-of-pocket damages; an $8.25 million settlement with Cigna in an ERISA case providing insureds with a full recovery of damages settled with a related ERISA case against Cigna that settled for

1

$12.75 million; and other full-recovery settlements/judgements against Whirlpool, Bayer, Siemens, Merrill Lynch, Nationwide Insurance, T-Mobile, and Siemens. My partner Mr. Kriner, who has a vast wealth of experience in breach of fiduciary duty cases, has recovered nearly $3 billion for Genentech shareholders, $200 million for Kinder Morgan shareholders, $154 million for Freeport McMoran shareholders, $92.5 million for Starz shareholders, and $62.5 million for Bank of America shareholders

3. Prior to filing the Complaint, we reviewed more than five boxes of internal Plan documents obtained by Mr. Snitzer from the Plan pursuant to a request under ERISA. In addition, we reviewed the Plan's Form 5500 filings covering the period. This extensive work enabled us to investigate and allege with specificity and factual support the claimed breaches of fiduciary duty by the Trustees in the Plan's investment decisions.

4. Mr. Snitzer and Livant have each committed that if the Court approves the requested $10,000 service awards, they will donate these awards to an organization or organizations fighting to protect the pension rights of AFM Plan Participants.

5. **Lodestar Information**: My firm's policy requires all professionals to contemporaneously record their time with detailed descriptions of the work performed billed in 6-minute increments. Within a few business days of the end of each month, all time is input into our Timeslips billing system and each professional receives a printout of their monthly detailed time entries to review and, as appropriate, edit for clarity and accuracy. Before filing fee petitions, we review all of the time entries for accuracy and reasonableness.

6. As reflected on the summary chart attached as Exhibit 1, my firm spent over 13,000 hours prosecuting class members' claims and my firm's total lodestar through May 2020 is $7,941,857.75. We ran a tight, efficient ship. About 84% of my firm's hours were billed by Mr.

Kriner and me, associates Mark DeSanto and Vera Belger, and Tamara Berg. All of the professionals who billed any material lodestar to the case are partners or full-time employees of my firm who receive salaries, bonuses and medical and other benefits, with the exception of Tamara Berg, Benjamin Yarter and Harrison Meyer. Each worked out of our Haverford Pa. offices. Ms. Berg graduated from Benjamin N. Cardozo law school and has been a member of the New York bar since 2003 and has extensive class action document review experience. She was an integral part of our team and worked under the close direct supervision of Mr. DeSanto and me. During the course of this case she did not work as a full-time associate due to medical issues with her son. Mr. Yarter graduated from Villanova Law School in 2017 and performed document review under the close direct supervision of Mr. DeSanto. Mr. Meyer graduated from the University of Pennsylvania *cum laude* and currently attends UCLA law school and is serving as a judicial intern this summer for the United States District Court for the Eastern District of New York. He also performed document review under the close direct supervision of Mr. DeSanto.

7. Based on my knowledge and experience, including my knowledge of fee petitions filed by New-York-based class action firms, my firm's billing rates as reflected in the lodestar reports attached hereto are within, indeed materially below, the range of market rates charged by attorneys of equivalent experience, skill, and expertise in this District.[1] We set our rates based on an analysis of rates charged by our peers and approved by courts throughout the country. Over the past three decades, our rates have been expressly approved by state and federal courts throughout the country:

---

[1] For example, my New-York-based co-counsel in the two Cigna/ASHN ERISA cases we settled for $20 million charges over $1,000 per hour.

- *In re Cigna-American Specialty Health Administrative Fee Litigation*, No. 2:16-cv-03967-NIQA (E. D. Pa.), ECF 101 (8/29/19) at 29 (finding my rate, Mr. DeSanto's rate, and CSKD rates and hours "reasonable" and "appropriate" in approving fee request);

- *Rodman v. Safeway*, No. 3:11-cv-03003-JST (N.D. Cal.), August 23, 2018 Order, ECF No. 496 at 11-12 (approving CSKD rates, including my rate, in connection with $42 million full-recovery judgment affirmed on appeal at 2017 U.S. App. LEXIS 14397 (9th Cir. 2017);

- *Chambers v. Whirlpool Corp., et al.*, 11-1773 FMO (C.D. Cal.)(October 11, 2016), Dkt. No. 351 at 23 & Dkt. No. 218-7 at 77 (reviewing CSKD's hourly rates and holding, over defendants' objections, that "the hourly rates sought by counsel are reasonable." In approving CSKD's fee petition over defendants' objections, Judge Olguin specifically held that I, along with one of my partners, "are among the most capable and experienced lawyers in the country in these kinds of cases."

- *In re LG Front-Loading Washing Machine Litigation*, Case No. 08-51 (D.N.J.) at Dkt. No. 421 at page 1 and Dkt. No. 409-5 at page 59 (approving CSKD rates including my rate, holding: "the hourly rates of each Lead Counsel firm are likewise reasonable and appropriate in a case of this complexity");

- *Alessandro Demarco v. Avalon Bay Communities, Inc.*, No. 2:15-628 (D.N.J), July 11, 2017 Order; Dkt. No. 223 at ¶18 ("The court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees …");

4

- *In re Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litigation*, Case No. 15-0018 (JLL)(LAD) (D.N.J. Feb 27, 2017); Dkt. No. 126 at pg. 2, which specifically reviewed Class Counsel's "time summaries and hourly rates," and found that "the hourly rates of each of Plaintiffs' Steering Committee firm are ... reasonable and appropriate in a case of this complexity.");

- *Johnson et al. v. W2007 Grace Acquisition I Inc. et al.,* Case No. 2:13-cv-2777 (W.D. Tenn.), at ECF #135 pg. 37 (opinion filed Dec. 4, 2015) ("Both the hours spent and the hourly rates [by lead counsel CSKD] are reasonable given the nature and circumstances of this case, and the applied lodestar multiplier is at the low end of the range regularly approved in securities class actions").

- *Ardon v. City of Los Angeles*, Case No. BS363959 (Superior Court, County of Los Angeles), Final approval Order at 19-20; (approving CSKD's rates);

- *Henderson v. Volvo Cars of N. Am., LLC,* 2013 U.S. Dist. LEXIS 46291 *4-47 (D.N.J. Mar. 22, 2013) (CSKD's rates "are entirely consistent with hourly rates routinely approved by this Court in complex class action litigation.")

- *In re Philips/Magnavox TV Litig.*, 2012 U.S. Dist. LEXIS 67287, 44-48 (D.N.J. May 14, 2012) ("The Court finds the billing rates to be appropriate and the billable time to have been reasonably expended."). I was Co-Lead Counsel in that case.

- *In re Prudential Sec. Ins. Limited Partnerships Lit.*, 985 F. Supp. 410, 414 (S.D.N.Y. 1997) (approving CSKD's rates and hours billed in case where CSKD was on Plaintiffs' Executive Committee in settlement resulting in a $130 million recovery).

8.      Attached as Exhibit 2 is excerpts from Valeo Report regarding rates charged in ERISA cases.

9.      Unlike other class counsel in class settlements, Class Counsel here never asked Defendants for a "clear sailing" agreement and Defendants are free to challenge the fee request if they so choose.

10.     As reflected in Exhibit 3, through May 2020, my firm also incurred $863,811.37 in expenses in connection with the prosecution of this case. All of these expenses were reasonable and necessary to ensure proper prosecution of class members' claims and are of the type that have been previously approved by courts in connection with class actions we have prosecuted and are of the type that would normally be charged to fee-paying clients.  We have backup documentation that has been crosschecked for each of the listed expenses and will provide them to the Court upon request. We took all reasonable steps to minimize expenses, including negotiating rates and downward discretionary billing adjustments with experts. We also negotiated rates with court reporters and hotels. To date, we have not received any reimbursements for these expenses. While we believe all of our travel-related meal expenses were reasonable, we made a discretionary 50% reduction to all travel-related dining expenses.

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on June 25, 2020 in Haverford, Pennsylvania.

By:      /s/ *Steven A. Schwartz*   
       Steven A. Schwartz

*Counsel for Plaintiffs*
*and Class Counsel*