UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/03/2020

ANDREW SNITZER and PAUL LIVANT, individually
and as representatives of a class of similarly situated
persons, on behalf of the American Federation of
Musicians and Employers' Pension Plan,

Plaintiffs,

v.

THE BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND EMPLOYERS'
PENSION FUND, THE INVESTMENT COMMITTEE
OF THE BOARD OF TRUSTEES OF THE
AMERICAN FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND, RAYMOND M.
HAIR, JR., AUGUSTINO GAGLIARDI, GARY
MATTS, WILLIAM MORIARITY, BRIAN F. ROOD,
LAURA ROSS, VINCE TROMBETTA, PHILLIP E.
YAO, CHRISTOPHER J.G. BROCKMEYER,
MICHAEL DEMARTINI, ELLIOT H. GREENE,
ROBERT W. JOHNSON, ALAN H. RAPHAEL,
JEFFREY RUTHIZER, BILL THOMAS, JOANN
KESSLER, MARION PRESTON,

Defendants.

No. 1:17-cv-5361 (VEC)

**ORDER**

VALERIE CAPRONI, United States District Judge:

WHEREAS a fairness hearing has been scheduled for August 26, 2020;

WHEREAS putative class members must file objections no later than July 27, 2020;

WHEREAS all objections received to date by the Court are attached to this Order;

IT IS HEREBY ORDERED that the attached objections are filed on ECF for purposes of

maintaining an accurate public record.

**SO ORDERED.**

Date: July 3, 2020
New York, New York

**VALERIE CAPRONI**
**United States District Judge**

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.,* No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."

We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

*Anne F. Callahan* ____ Your written signature*  Printed name* Anne F. Callahan
Your address* 2401 Pennsylvania Av. #16 B35 Philadelphia PA 19130
Telephone number* (215)236-3755  Your email* celloitsme@comcast.net
*required

☑ I have not objected to a class action settlement in the past 5 years
         Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing

RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

FOREVER USA

PHILADELPHIA PA 190

15 JUN 2020 PM 10 L

US MAIL SDNY

ANNE CALLAHAN
2401 PENNSYLVANIA AVE., APT. 14B55
PHILADELPHIA, PA 19130

The Hon. Valerie J. Caproni
U.S.D.C.J. United States District Court
for the Southern District of New York
40 Foley Square
New York, New York 10007

10007:1502

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."

We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

Your written signature* Printed name* DIVA GOODFRIEND-KOVEN

Your address* 263 W 136 th St, New York, NY 10030

Telephone number* 917-597-7827   Your email* piccolodiva@gmail.com

*required

☒ I have not objected to a class action settlement in the past 5 years
      Choose one of the following:
☒ I do plan to attend the Fairness Hearing (or/choose one)
❑ I do not Plan to attend the Fairness Hearing

JUN 25 2020

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_Elizabeth T Myers_ Your written signature* Printed name* ELIZABETH T MYERS
Your address* _____ 2816 THE STRAND, MANHATTAN BEACH, CA 90266
Telephone number* (310) 749 - 5447 Your email* ____ trivmyliz @ gmail . com
*required

☑ I have not objected to a class action settlement in the past 5 years
    Choose one of the following:
❑ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing

RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Sincerely,

*Frank Hosticka* _____ Your written signature* Printed name* FRANK HOSTICKA
Your address* ___84   HORATIO  ST.   5A   NYC   NY   10014___
Telephone number* 917-836-4799 Your email* THATFRANK@AOL.COM
*required

☑ I have not objected to a class action settlement in the past 5 years
      Choose one of the following:
☑ I do plan to attend the Fairness Hearing (or/choose one)
☐ I do not Plan to attend the Fairness Hearing

RECEIVED

JUN 25 2020

VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_Frank_ ~~~~~~~~~~~~~~~~~~ Your written signature* Printed name* FREDERICK ZLOTNIN
Your address* 2 BOWERS LANE   CLOSTER, NJ   07624
Telephone number* 917-885-3243 Your email* FZLOTNINC GMAIL.COM
*required

☑ I have not objected to a class action settlement in the past 5 years
    Choose one of the following:
☑ I do plan to attend the Fairness Hearing (or/choose one)
☐ I do not Plan to attend the Fairness Hearing



RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
and Plan Advisors going forward. The Trustees can still hire the same money managers,
and continue to pursue the same "exceedingly risky" investment policies. The
Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
to expect that they can have much of a positive impact. Therefore, a much longer period
is needed. Additionally, the monitor must have the mandate to notify the Court of any
breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
unwarrantedly characterize the settlement as a victory for the trustees, as they have
already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_Gregory N. Zuber_ Your written signature* Printed name* Gregory N. Zuber
Your address* 152 West St., Closter, NJ 07624
Telephone number* 201 394 8586 Your email* lgregzuber@gmail.com
*required

☒ I have not objected to a class action settlement in the past 5 years
         Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or/choose one)
☒ I do not Plan to attend the Fairness Hearing



JUN 25 2020

VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Sincerely,

Your written signature*   Printed name* _Ida Faiella-Finclair_

Your address* _____

Telephone number* _914 613 - 4084_   Your email* _Vfdiva @ aol com_

*required

☒ I have not objected to a class action settlement in the past 5 years
   Choose one of the following:
❑ I do plan to attend the Fairness Hearing (or/choose one)
☒ I do not Plan to attend the Fairness Hearing

RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
and Plan Advisors going forward. The Trustees can still hire the same money managers,
and continue to pursue the same "exceedingly risky" investment policies. The
Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
to expect that they can have much of a positive impact. Therefore, a much longer period
is needed. Additionally, the monitor must have the mandate to notify the Court of any
breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
unwarrantedly characterize the settlement as a victory for the trustees, as they have
already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_____ Your written signature* Printed name* JOHN P TRIVERS
Your address* _____ 2816 THE STRAND, MANHATTAN BEACH, CA 90266
Telephone number* (310) 339-9123 Your email* Jptrivers@yahoo.com
*required

☑ I have not objected to a class action settlement in the past 5 years
      Choose one of the following:
❏ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing



RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Sincerely,

*Karla Moe*  Your written signature*, Printed name* *Karla Moe*
Your address* 600 W. 111 St. Apt 11A-1
Telephone number* 212-932-1028 Your email* Karlajeanmoe@gmail
*required

[X] I have not objected to a class action settlement in the past 5 years
        Choose one of the following:
[ ] I do plan to attend the Fairness Hearing (or/choose one)
[X] I do not Plan to attend the Fairness Hearing

RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,            *June 11, 2020*

*Marianne Wagner* ___ Your written signature* Printed name* **Marianne Wagner**
Your address* ___ **32753 Downieville Street, Union City, CA 94587** ___
Telephone number* ___ **(510) 489-8530** ___ Your email* ___ **symviolin@aol.com** ___
*required

☑ I have not objected to a class action settlement in the past 5 years.
     Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing

RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Sincerely,

*Marilyn Coyne* Your written signature* Printed name* *Marilyn Coyne*
Your address* *0125 Pawlin Blvd. Leonia, N.J. 07605*
Telephone number* *201-655-5322* Your email* *marilyn.coyne@me.com*
*required

☑ I have not objected to a class action settlement in the past 5 years
              Choose one of the following:
❑ I do plan to attend the Fairness Hearing (or/choose one)
❑ I do not Plan to attend the Fairness Hearing

**From: martin stoner** jilmar_10025@yahoo.com
**Subject: Hi!**
**Date: Jun 11, 2020 at 5:22:45 PM**
**To: cenovia cummins** cenovia4@gmail.com

Hi Cenovia,

How are you doing? Hope you are well.
Please print, sign and date the attached settlement objection form and mail to:

ATTN: The Honorable Valerie J. Caproni, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY, 10007

Thanks!

Marty



## OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Signed on
other side

Sincerely,

_Natalie Cummins_  Your written signature*  Printed name* _Natalie Cummins_
Your address* _125 PAULIN BLVD_
Telephone number* _201 390 1340_  Your email* _lenova44@gmaile.com_
*required

☑ I have not objected to a class action settlement in the past 5 years
      Choose one of the following:
❏  I do plan to attend the Fairness Hearing (or/choose one)
❏  I do not Plan to attend the Fairness Hearing

RECEIVED
NOV 25 2019
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

*Patricia L. Zuber* Your written signature* Printed name* *Patricia L. Zuber*
Your address* *152 West St, Closter, NJ 07624*
Telephone number* *201 572-3444* Your email* *zuberflute @ gmail.com*
*required

☒ I have not objected to a class action settlement in the past 5 years
    Choose one of the following:
❏ I do plan to attend the Fairness Hearing (or/choose one)
☒ I do not Plan to attend the Fairness Hearing

RECEIVED

JUN 25 2020

VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.,* No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."

We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,                          6-11-2020

_____ Your written signature*  Printed name*  **Ralph Wagner**

Your address*        **32753 Downieville Street, Union City, CA  94587**

Telephone number*   **(510) 489-8530**      Your email*   **macbrass@aol.com**

*required

☒ I have not objected to a class action settlement in the past 5 years
    Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or/choose one)
☒ I do not Plan to attend the Fairness Hearing



RECEIVED

JUN 25 2020

VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

Telephone number' 212-872-2536 Your email' regist@verizon.net
'required

☒ I have not objected to a class action settlement in the past 5 years
        Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or choose one)
☒ I do not Plan to attend the Fairness Hearing

## OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York. New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable.
and adequate."

We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
and Plan Advisors going forward. The Trustees can still hire the same money managers.
and continue to pursue the same "exceedingly risky" investment policies. The
Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
more prudent and conservative investments. while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
to expect that they can have much of a positive impact. Therefore, a much longer period
is needed. Additionally. the monitor must have the mandate to notify the Court of any
breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
unwarrantedly characterize the settlement as a victory for the trustees, as they have
already done. Continued public statements should be factual and non-disparaging.

Sincerely.

Your written signature' Printed name' REGIS JANDIORIO
Your address' 1100 Paul Ave #616 Weehawken; NJ 07086

RECEIVED
JUN 25 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

IN DARDELS 90 200

15 JUN 2020 PM 10 A

USPM.P3
SDNY

Hoyes Fauchere
4600 Park Ave #616
Weehawken NJ
07086

The Honorable Valerie J. Caproni
USDCT United States District Court
for the Southern District of NY
40 Foley Square, New York, NY 10007

**Richard Henrickson Music**

**Richard Henrickson**
Violinist, Composer-Arranger, Producer

520 NE 7th Street
Newport, OR 97365-2711  USA

(541) 264-1930 & (917) 686-0935

r_henrix@yahoo.com



**ACTION SETTLEMENT**

...oni, U.S.D.C.J. United States District Court For The
...Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_____ Your written signature* Printed name* RICHARD R. HENRICKSON
Your address* 520 NE 7TH ST, NEWPORT, OR 97365-2711
Telephone number* (541) 264-1930 Your email* R-HENRIX@YAHOO.COM
*required (917) 686-0935

☑ I have not objected to a class action settlement in the past 5 years
Choose one of the following:
❏ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing

RECEIVED
JUN 25 2020

# STATEMENT OF OBJECTIONS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**---------------------------------------------------------------- x**

**IN RE: SNITZER AND LIVANT v. THE BOARD**

**OF TRUSTEES OF THE AMERICAN FEDERATION**

**OF MUSICIANS AND EMPLOYERS' PENSION FUND, ET AL.,**

**No. 1:17-cv-05361-VEC**

**----------------------------------------------------------------x**

**Statement of Objections**

**I am a member of the plaintiff class in the above-identified case, In re Snitzer. I am a class member because I was a participant in the American Federation of Musicians and Employers' Pension Fund during the class period.**

**I object to the settlement in this lawsuit. My reasons for objecting are:**

1.   Defendants Raymond Hair and Christopher Brockmeyer should not be permitted to retain their positions on the Board of Trustees, controlling the futures of the 50,000 participants of the AFM-EPF. Plaintiffs have proven that Defendants did not act reasonably or prudently in their management of the Fund. Time and again, over the course of at least seven years, Defendants egregiously breached the fiduciary duties they owe to the Plan Participants, and have obliterated the future financial security of more than 50,000 Plan Participants. Defendants have demonstrated gross negligence and incompetence in their management of the Fund, and should be removed. In the AFM Web Notifications Pension Fund Notes of 3/29/2020 the trustees strenuously defend their disastrous investment decisions of the past

ten years and indicate that this settlement will not cause then to make any changes to their strategies whatsoever.

2. The Neutral Independent Fiduciary has no actual authority to effect any change. At the very least, the Neutral Independent Fiduciary should be permitted to communicate directly with Plan Participants, and should provide quarterly updates to Plan Participants on the status of the Fund. Plaintiffs have demonstrated that Defendants repeatedly failed to communicate the critical and declining status of the Fund. Defendants' risky investment strategies continued unabated for years, while Plan Participants remained completely in the dark. In addition, Plaintiffs have proven that while prudent investment options and expert advice were provided to Defendants at many turns, Defendants ignored such advice and instead made riskier and riskier investment decisions. Plaintiffs cannot rely on Defendants to honestly communicate the status of the Fund, nor to adhere to any expert advice that might be provided by the Neutral Independent Fiduciary, who, regardless of whether he can provide a voice of reason, has no real power to effect any changes in decisions approved by the Board.

3. Plan Participants should be permitted to opt out of the Settlement. As noted above and below, the Settlement Agreement is lacking in substantive relief. Plan Participants should be permitted an option to reserve the right to bring suit at a later date.

4. The Settlement Agreement is generally lacking in any meaningful substantive relief. Defendants remain in their positions with nearly unlimited ability to continue their risky practices. The Neutral Independent Fiduciary has a severely limited role, and almost certainly will be unable to effect any real change. Defendants will be able to continue their misleading and slanted communications with Plan Participants about the status of the Fund.

Finally, Plaintiffs will be required to forever release all claims against Defendants, despite having received almost no substantive relief. Even a brief review of the Settlement Agreement makes clear that the Agreement has no substantive relief.

5.   The award provided to Plaintiffs' counsel should be reduced. Plaintiffs' counsel argues that their award is fair because they have provided substantial non-monetary relief. However, as noted in detail above, little non-monetary relief has been provided to Plaintiffs. Plaintiffs' Counsel is well aware of the limited monetary relief that is obtainable through Defendants' insurance policy, and from all appearances, this knowledge is driving their motivation to settle this lawsuit at the current time, regardless of whether any true substantive non-monetary relief has actually been obtained for Plaintiffs. In addition, the hourly billable rate provided by Plaintiffs' counsel is egregiously inflated. The hourly rates of $835, $751 and $580 respectively for senior partners, junior partners and senior associates are unusual in nearly any market in the United States. Indeed, the ABA recently published an article that noted that the most expensive partner hourly rate by practice area clocked in at $678 (for mergers and acquisitions).[1] The same article notes that even in a relatively expensive geographical area such as California, the median partner hourly rate is $500. Plaintiffs' counsel practice in Haverford, Pennsylvania, a relatively low cost area. The monetary award of $7.94 million for 13000 hours of work is a windfall for Plaintiffs' counsel, by any standard.

---

[1] *See* https://www.abajournal.com/news/article/
partner_rate_increases_growing_and_more_widespread_new_report_says

## **My Personal Information**

**Name: Christopher Deschene**

**Address: 719 Emory Drive, Chapel Hill, North Carolina, 27517**

**Email Address: christopher.deschene@gmail.com**

**Telephone Number: 919-933-2402**

**Fairness Hearing Statement: I do not intend to appear at the Fairness Hearing, either in person or through my attorney.**

Dated: Monday, June 29, 2020

Signed:

Printed Name: Christopher Deschene

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie E. Caproni, United States District Court For The Southern District of New York, 40 Foley Square, New York, New York 10007

**RE: Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al., No. 1:17cv-05361-VEC**

**As a member of the class in the above referenced case, I wish to object to the Proposed Class Action Settlement before the Court, and respectfully ask the judge to reject this settlement.**

**I make the following objections:**

1.   We have read the settlement material and concluded that the Defendants failed to meet their Fiduciary Duty to the Plan Participants.  First, the Defendants intentionally misled the Plan Participants in their communications with the Participants over an extended period of time. Second, the settlement does not limit the Trustees' ability to continue their exceedingly risky investment strategies, nor does it allow the short term Independent Neutral Fiduciary the ability to: a) contact the Plan Participants when the Neutral Fiduciary is in disagreement with the Trustees' decisions; or to b) contact the courts regarding the continuous chasing losses that brought the Plan to the current situation.  A much longer period of time is needed in addition to the ability to contain the damage the Trustees seem intent on doing.

2.  We believe the Trustees, particularly Ray Hair and Christopher Brockmeyer, should either be removed or have significant restraints placed on their ability to make financial decisions on behalf of the Participants, whose Plan they have annihilated.

3.  We feel the Trustees have intentionally misled and misrepresented their role in causing the failure of this pension.  The Trustees therefore should be prohibited from sending emails and letters to Participants, which in the past have used only to purposefully mislead the Participants.

4.  Since the class of 50,000 consultants was never adequately informed of the Settlement, we feel that this Settlement Agreement which requires that "all Class Members would forever release the "Released Claims against the Released Parties" cannot be signed in good faith, since it does not adequately address the causes of the Plan's failures in a meaningful way that would prevent any future occurrences of fraud and/or mismanagement.

5.  We respectfully request that the Neutral Fiduciary be recommended and compensated either by the court, since the Plan would have a conflict of interest in providing a salary to their own oversight, or if the compensation must come from the plan, for reasons we are unclear about,

that the compensation is paid upfront to avoid the conflict of interest with the Trustees who have been dishonest and misrepresented their role in the pensions insolvency.

6. Participants object to the secrecy order placed on the discovery documents.  It is imperative that in the future, Participants be allowed the opportunity to make informed decisions regarding voting, as well as for Participants to be heard as a group about the Trustees' financial and communication decisions.  The ability for Plan Participants to meaningfully engage in future decisions on the Plan is severely hampered absent the knowledge that would be provided by these documents. Respectfully, as the Court is aware, the public has an interest in discovery documents that is grounded in the First Amendment, as noted in the *Courthouse* News decision: "[W]e recently acknowledged the First Amendment right of access to civil proceedings and associated records and documents." *See* Courthouse *News Serv. v. Planet*, 750 F.3d 776, 786-78 (9th Cir. 2014); *Wood v. Ryan*, 759 F.3d 1076, 1081-82 (9th Cir. 2014), vacated on other grounds, 135 S. Ct. 21(2014).

7. **I certify I have not objected to a class action settlement in the past 5 years I do not Plan to attend the Fairness Hearing**

**My Personal Information**

**Name: Jody Jarowey**

**Address: 719 Emory Drive, Chapel Hill, North Carolina, 27517**

**Email Address: jjarowey@gmail.com**

**Telephone Number: 919-933-2402**

**Fairness Hearing Statement: I do not intend to appear at the Fairness Hearing, either in person or through my attorney.**

Dated:   6/29/2020

Signed:

Printed Name:   Jody Jarowey

CLASS ACTION OBJECTION



ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

RE: Snitzer and Livant vs. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

As a member of the class in the above referenced case, I wish to object to the
Proposed Class Action Settlement before the Court, and respectfully ask the judge to
reject this settlement.

I make the following objections:

1.    Having read through all of the material posted on the Settlement web site, I have
concluded that the Defendants did fail to meet their Fiduciary Responsibilities to the
Participants. Additionally, the record indicates that the Defendants were deliberately
misleading in their communications with the Participants, repeatedly, over a long period
of time. This Settlement Agreement does nothing to correct this. Trustees remain free to
continue the same risky and imprudent investment strategy and are not restrained from
continuing to mislead Participants.

2.    The appointment of Andrew Irving to the position of Neutral Independent Fiduciary
Trustee, is insufficient, and unacceptably limited in both term and scope. Mr. Irving's
role is loosely designated as "4 or 5" years, and he is given no binding oversight
authority. His appointment does nothing to repair the structural damage done to our
Fund by the Defendants, and does nothing to ensure that the next generation of retirees
has any reason to believe their future with this Fund is secure.

3.    This Settlement allows the same Trustees who mismanaged our Fund to remain in
place, with no restraints placed on future actions. I believe that at a minimum, Trustees
Raymond Hair and Christopher Brockmeyer should be removed from their positions as
Co-chairs of this Trustee Board.

4.    Although this lawsuit is a Class Action, none of the over 50,000 other class
members were reasonably consulted. This Settlement agreement requires that "all
Class Members would forever release the Released Claims against the Released
Parties." I cannot agree to that, since the Settlement is devoid of genuinely meaningful
remedies.

(Snitzer and Livant vs. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.)

(Page Two)

I certify I have not objected to a class action settlement in the past 5 years.

I do not Plan to attend the Fairness Hearing.

Sincerely,

Armen H. Donelian
338 Kipp Road
Hudson, NY 12534
917-974-7446 cell
518-822-1640 home
armen.donelian@gmail.com

**Copied by email:** steveschwartz@chimicles.com, rjk@chimicles.com, mrumeld@proskauer.com, jrachelson@cwsny.com



# BRUCE BABCOCK

679 Arbor St. / Pasadena, CA 91105-1519 / 626.529.5410

June 26, 2020

ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

CLASS ACTION OBJECTION
RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

I am a member of the class in the above referenced case, and I wish to object to the
Proposed Class Action Settlement before the Court. I enclose a letter written by me to the
Fund in 2010 warning about the risky practices that put the Fund in the "red zone," and
have seen no increase in accountability since then.

I object to this settlement because it leaves the Fund Trustee Board intact, does nothing to
compel the Defendants to change their management methods, and it imposes no oversight
of the Trustees. I wrote to the Fund in 2010 about this very issue. I got no written
response, only a self-serving phone call from the Fund Executive Director and one of her
assistants. Her statement in 2017, calling the our lawsuit "entirely without merit,"
and that the board of trustees and staff of the fund "have always taken our
fiduciary responsibilities very seriously" is simply not true.

I certify I have not objected to a class action settlement in the past 5 years and I do not
Plan to attend the Fairness Hearing. I'm 69 years old, trying to survive a global pandemic,
and facing a cut in my pension next January so the expense and risk of flying is not
something I plan to undertake.

Sincerely,

Bruce Babcock
679 Arbor Street
Pasadena, CA 91105-1519
(626) 529-5410

uffdax2@earthlink.net

Encl. Letter to the Fund July 19, 2010



RECEIVED
JUL 02 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

July 19, 2010

Maureen Kilkelly
AFM-EPF

Dear Ms. Kilkelly;

I am a member of Professional Musicians Local 47 and attended the meeting held there May 25, 2010 to hear a report from Fund representatives about the current status of our pension, or, in other words, our financial future.

We were given lots of information about our endangered status and our "Rehabilitation Plan" but very little information or explanation as to exactly which actions taken by the Fund contributed to our current "red zone" status. It was disappointing to see that only one Fund trustee, Phil Yao, who lives in Los Angeles, bothered to attend.

In particular, where was AFM President and EPF Trustee Tom Lee? We have already seen our pension multiplier reduced twice in the past few years while Mr. Lee increased the number of Fund trustees. Isn't a "red zone" alert enough of a reason to address the members of the AFM's largest local, and biggest contributor?

That night I asked a lot of questions which went unanswered. I was told that I "can always write to the Fund with any questions." So I am.

Yes, there was a "market downturn" and a "financial crisis," and yes, these things happen. But the implication at the meeting was that the actions of the Trustees and the Fund had nothing to do with contributing to the losses suffered. It was a bit like listening to representatives from BP - something bad happened but none of it was our fault. Every one of us who attended, and in fact everyone who is not yet receiving their pension, has taken a long-term financial hit. Has anyone at the Fund been held accountable in any way? Has anyone at the Fund taken a pay cut? Have the trustees held anyone accountable in any way?

How about the eighteen entities listed as "investment manager" in the 2008 Annual Report, to whom we paid millions of dollars in fees? Our corporate stock assets went down from $847,792,208 to $488,964,605, more than 42%. A casual glance at the report shows that 28 of these stocks declined more than 50%, with some approaching 70%. Thirteen different bonds or securities declined in value by similar amounts. That's more than a "downturn." Those are bad choices. Were any of these "managers" terminated? If not, why not? Did any receive bonuses? What percentage of Fund assets was invested in derivatives? What percentage of the Fund's losses were due to derivatives?

A portfolio of three to five Vanguard mutual funs would have fared far better  than the Fund did during the same period. If the Fund owns any mutual funds at all, it wasn't immediately apparent to me from the report.

Typically, investors receive a quarterly report showing how their fund did in comparison to well-known indices in its category. We would have liked to know how our Fund stacks up against the SAG, AFTRA, DGA, IATSE and WGA funds, to various corporate plans (Ford, GM) and state employee pension funds. How many other entertainment union pension funds are in "red zone" status? How many of them are paying the huge amount of rent that our Fund pays in New York City?

We would also like to know what the expense ratio of the fund is. With eighteen entities listed as "investment managers" one can only conclude that the ratio is high. The large number of individual stocks also points to a high expense ratio. Can the annual expense ratio of the Fund be determined? If so, what were the ratios for 2006, 2007, and 2008? I am not a CPA so if this information is in the reports, please forgive my ignorance.

As an individual, I would never employ the strategies or invest in the choices apparently made by the Fund. One would think that the Fund, responsible for the retirement income of thousands of individuals, would be more prudent and risk-adverse than I am. I'm 59, with 32 years in the business. I have six years to wait, and hope that things at the Fund turn around. We have all worked too hard for too long to see our retirement income put at risk. It doesn't seem like too much to ask to know what the eighteen different "investment managers" plan to do differently from here on out.

Sincerely,


Bruce Babcock

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."

We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
and Plan Advisors going forward. The Trustees can still hire the same money managers,
and continue to pursue the same "exceedingly risky" investment policies. The
Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
to expect that they can have much of a positive impact. Therefore, a much longer period
is needed. Additionally, the monitor must have the mandate to notify the Court of any
breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
unwarrantedly characterize the settlement as a victory for the trustees, as they have
already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_____ Your written signature*  Printed name* ___BRUCE DUKOFF___
Your address* __23728 ADAMS BORO DR. NEWHALL CA 91321__
Telephone number* __661-478-2605__ Your email* __bdukov@mac.com__
*required

☑ I have not objected to a class action settlement in the past 5 years
         Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing

RECEIVED

JUL 02 2020

## OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007  RE: Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al ., No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate." We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because it lacks restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_____Your written signature* Printed name* Dennis Dreith

Your address* 4830 Reforma Road, Woodland Hills, CA 91364

Telephone number* 818-943-0846 Your email* dennis@dennisdreith.com

*required

☒ I have not objected to a class action settlement in the past 5 years
      Choose one of the following:
☒ I do plan to attend the Fairness Hearing (or/choose one)
❑ I do not Plan to attend the Fairness Hearing



RECEIVED
JUL 0 2 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor reject the settlement in the above-referenced case because it is not "fair, reasonable, and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees and Plan Advisors going forward. The Trustees can still hire the same money managers, and continue to pursue the same "exceedingly risky" investment policies. The Independent Neutral Fiduciary has no formal legal power to force the Trustees to make more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement. If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic to expect that they can have much of a positive impact. Therefore, a much longer period is needed. Additionally, the monitor must have the mandate to notify the Court of any breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to unwarrantedly characterize the settlement as a victory for the trustees, as they have already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_____   Your written signature*  Printed name*____Joel McNeely_____
Your address*_____5307 Scott Robertson Road Hidden Hills, CA 91302_____
Telephone number*___818-606-9363_____ Your email*_____joelmcn94@gmail.com_____
*required

☒ I have not objected to a class action settlement in the past 5 years
       Choose one of the following:
❑ I do plan to attend the Fairness Hearing (or/choose one)
☒ I do not Plan to attend the Fairness Hearing

RECF
JUL 0 2 ...
VALERIE CA...
U.S. DISTRICT JUDGE
S.D.N.Y.

CLASS ACTION OBJECTION
ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007



RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

As a member of the class in the above referenced case, I wish to object to the
Proposed Class Action Settlement before the Court, and respectfully ask the judge to
reject this settlement.

I make the following objections.

1.   Having read through all of the material posted on the Settlement web site, I have
concluded that the Defendants did fail to meet their Fiduciary Responsibilities to the
Participants. Additionally, the record indicates that the Defendants were deliberately
misleading in their communications with the Participants, repeatedly, over a long
period of time. This Settlement Agreement does nothing to correct this. Trustees
remain free to continue the same risky and imprudent investment strategy and are not
restrained from continuing to mislead Participants.

2.   The appointment of Andrew Irving to the position of Neutral Independent
Fiduciary Trustee, is insufficient, and unacceptably limited in both term and scope.
Mr. Irving's role is loosely designated as "4 or 5" years, and he is given no binding
oversight authority. His appointment does nothing to repair the structural damage
done to our Fund by the Defendants, and does nothing to ensure that the next
generation of retirees has any reason to believe their future with this fund is secure.

3.   This Settlement allows the same Trustees who mismanaged our Fund to remain
in place, with no restraints placed on future actions. I believe that at a minimum,
Trustees Raymond Hair and Christopher Brockmeyer should be removed from their
positions as Co-chairs of this Trustee Board.

4.   Although this lawsuit is a Class Action, none of the over 50,000 other class
members were reasonably consulted. This Settlement agreement requires that "all
Class Members would forever release the Released Claims against the Released
Parties". I cannot agree to that for a Settlement this lacking in meaningful remedies.

I certify I have not objected to a class action settlement in the past 5 years

I do not Plan to attend the Fairness Hearing

Sincerely,

John Mark Casstevens
6104 Stonehaven Drive
Nashville, TN 37215
mcass@comcast.net

Copied by email: steveschwartz@chimicles.com, rjk@chimicles.com,
mrumeld@proskauer.com, jrachelson@cwsny.com

ATTN. The Honorable Valerie J. Caproni                    June 23, 2020
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

   As a member of the class in the above referenced case, I wish to object to the
Proposed Class Action Settlement before the Court, and respectfully ask the judge to
reject this settlement.

I make the following objections.

1.   Having read through all of the material posted on the Settlement web site, I have
concluded that the Defendants did fail to meet their Fiduciary Responsibilities to the
Participants. Additionally, the record indicates that the Defendants were deliberately
misleading in their communications with the Participants, repeatedly, over a long period
of time. This Settlement Agreement does nothing to correct this. Trustees remain free
to continue the same risky and imprudent investment strategy and are not restrained
from continuing to mislead Participants.

2.   The appointment of Andrew Irving to the position of Neutral Independent Fiduciary
Trustee, is insufficient, and unacceptably limited in both term and scope. Mr. Irving's role
is loosely designated as "4 or 5" years, and he is given no binding oversight authority. His
appointment does nothing to repair the structural damage done to our Fund by the
Defendants, and does nothing to ensure that the next generation of retirees has any
reason to believe their future with this fund is secure.

3.   This Settlement allows the same Trustees who mismanaged our Fund to remain in
place, with no restraints placed on future actions. I believe that at a minimum, Trustees
Raymond Hair and Christopher Brockmeyer should be removed from their positions as
Co-chairs of this Trustee Board.

4.   Although this lawsuit is a Class Action, none of the over 50,000 other class
members were reasonably consulted. This Settlement agreement requires that "all
Class Members would forever release the Released Claims against the Released
Parties". I cannot agree to that for a Settlement this lacking in meaningful remedies.

I certify I have not objected to a class action settlement in the past 5 years
I do not Plan to attend the Fairness Hearing
Signed

   kenneth munday
5468 Vista Del Arroyo Dr. La Crescenta, CA 91214
(818)970-6079
(818)957-6367
kenneth_munday@yahoo.com
Copied by email: stevenschwartz@chimicles.com, rjk@chimicles.com, mrumeld@proskauer.com,
jrachelson@cwsny.com

RECEIVED
JUL 0 2 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
and Plan Advisors going forward. The Trustees can still hire the same money managers,
and continue to pursue the same "exceedingly risky" investment policies. The
Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
*to expect that they can have much of a positive impact. Therefore, a much longer period*
is needed. Additionally, the monitor must have the mandate to notify the Court of any
breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
unwarrantedly characterize the settlement as a victory for the trustees, as they have
already done. *Continued public statements should be factual and non-disparaging.*

Sincerely,

*Lanny Paykin* Your written signature*  Printed name* Lanny Paykin
Your address* 28 Crosby Lane  Oakland NS 07436
Telephone number* 201 819-1183  Your email* paykincello @ gmail.com
*required

☑ I have not objected to a class action settlement in the past 5 years
    Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing

RECEIVED
JUL 02 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

CLASS ACTION OBJECTION

ATTN. The Honorable Valerie J. Caproni

United States Courthouse,

Southern District of New York

40 Foley Square

New York, New York 10007



RE: Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers'
Pension Fund, et al., No. 1:17-cv-05361-VEC)


   As a member of the class in the above referenced case, I wish to object to the Proposed Class Action
Settlement before the Court, and respectfully ask the judge to reject this settlement.


I make the following objections.


1.   Having read through all of the material posted on the Settlement web site, I have concluded that the
Defendants did fail to meet their Fiduciary Responsibilities to the Participants. Additionally, the record
indicates that the Defendants were deliberately misleading in their communications with the
Participants, repeatedly, over a long period of time. This Settlement Agreement does nothing to correct
this. Trustees remain free to continue the same risky and imprudent investment strategy and are not
restrained from continuing to mislead Participants.


2.   The appointment of Andrew Irving to the position of Neutral Independent Fiduciary Trustee, is
insufficient, and unacceptably limited in both term and scope. Mr. Irving's role is loosely designated as
"4 or 5" years, and he is given no binding oversight authority. His appointment does nothing to repair
the structural damage done to our Fund by the Defendants, and does nothing to ensure that the next
generation of retirees has any reason to believe their future with this fund is secure.


3.   This Settlement allows the same Trustees who mismanaged our Fund to remain in place, with no
restraints placed on future actions. I believe that at a minimum, Trustees Raymond Hair and Christopher
Brockmeyer should be removed from their positions as Co-chairs of this Trustee Board.


4.   Although this lawsuit is a Class Action, none of the over 50,000 other class members were
reasonably consulted. This Settlement agreement requires that "all Class Members would forever

release the Released Claims against the Released Parties". I cannot agree to that for a Settlement  this lacking in meaningful remedies.


I certify I have not objected to a class action settlement in the past 5 years I do not Plan to attend the Fairness Hearing

Signed

Larry A. Franklin

108 Newton Nook

Brentwood, TN 37027

615-300-6931 cell

larryfranklin@comcast.net

Copied by email: steveschwartz@chimicles.com, rjk@chimicles.com, mrumeld@proskauer.com, jrachelson@cwsny.com

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_Luellen Abdoo_ Your written signature*  Printed name* _LUELLEN ABDOO_
Your address* _95 CABRINI BLVD   4-J NY NY 10033_
Telephone number* _(212) 923-5669_   Your email* _luellensynergyquartet@yahoo.com_
*required

☒ I have not objected to a class action settlement in the past 5 years
Choose one of the following:
☐ I do plan to attend the Fairness Hearing (choose one)
☒ I do not Plan to attend the Fairness Hearing

RECEIVED
JUL 02 2020

Luellen Abdoo
95 Cabrini Blvd.
New York, NY 10033
luellensynergyquartet@
(212) 923-5669 yahoo.com



CLASS ACTION OBJECTION
ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

    As a member of the class in the above referenced case, I wish to object to the
Proposed Class Action Settlement before the Court, and respectfully ask the judge to reject
this settlement.

I make the following objections.

1.    Having read through all of the material posted on the Settlement web site, I have
concluded that the Defendants did fail to meet their Fiduciary Responsibilities to the
Participants. Additionally, the record indicates that the Defendants were deliberately misleading
in their communications with the Participants, repeatedly, over a long period of time. This
Settlement Agreement does nothing to correct this. Trustees remain free to continue the same
risky and imprudent investment strategy and are not restrained from continuing to mislead
Participants.

2.    The appointment of Andrew Irving to the position of Neutral Independent Fiduciary Trustee,
is insufficient, and unacceptably limited in both term and scope. Mr. Irving's role is loosely
designated as "4 or 5" years, and he is given no binding oversight authority. His appointment
does nothing to repair the structural damage done to our Fund by the Defendants, and does
nothing to ensure that the next generation of retirees has any reason to believe their future with
this fund is secure.

3.    This Settlement allows the same Trustees who mismanaged our Fund to remain in place,
with no restraints placed on future actions. I believe that at a minimum, Trustees Raymond Hair
and Christopher Brockmeyer should be removed from their positions as Co-chairs of this
Trustee Board.

4.    Although this lawsuit is a Class Action, none of the over 50,000 other class members were
reasonably consulted. This Settlement agreement requires that "all Class Members would
forever release the Released Claims against the Released Parties". I cannot agree to that for a
Settlement  this lacking in meaningful remedies.

I certify I have not objected to a class action settlement in the past 5 years
I do not Plan to attend the Fairness Hearing
Signed         *Marilyn C Coyne*
Marilyn C Coyne
125 Paulin Blvd
Leonia NJ 07605
201 655-5322 phone/cell
marilyn.coyne@me.com

Copied by email: steveschwartz@chimicles.com, rjk@chimicles.com,
mrumeld@proskauer.com, jracholson@cwsny.com

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."

We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
and Plan Advisors going forward. The Trustees can still hire the same money managers,
and continue to pursue the same "exceedingly risky" investment policies. The
Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
to expect that they can have much of a positive impact. Therefore, a much longer period
is needed. Additionally, the monitor must have the mandate to notify the Court of any
breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
unwarrantedly characterize the settlement as a victory for the trustees, as they have
already done. Continued public statements should be factual and non-disparaging.

Sincerely,

Your written signature* Printed name* MITCHELL C. HOLDER
Your address* 845 Cypress ST. THOUSAND OAKS CA 91320
Telephone number* 805-358-9990 Your email* MLHOLDER@earthlink.net
*required

☑ I have not objected to a class action settlement in the past 5 years
        Choose one of the following:
☒ I do plan to attend the Fairness Hearing (or/choose one)
☒ I do not Plan to attend the Fairness Hearing

RECEIVED
JUL 0 2 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.



From: Phillip W. Ayling
3027 Punta Del Este
~~da Hts. Ca 91745

**RECEIVED**
JUL 02 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

June 26, 2020

## Class Action Objection

Regarding prospective Case Settlement: **Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC**

Dear Judge Caproni,

My name is Phillip W. Ayling and I am a Vested Participant in the **American Federation of Musicians and Employers' Pension Fund ('AFM-EP Fund').** As such, I understand myself to be a 'Member of the Class' who may offer objection to your Court regarding the proposed **Settlement** of the above referenced case.

I also certify to the Court that I have not objected to any Class Action Settlement in the past five (5) years and further, that I will not be attending the **Fairness Hearing** regarding this proposed **Settlement**.

As a 'Member of the Class' in the above referenced case, I very much object to the proposed **Class Action Settlement** before the Court, and respectfully ask Your Honor to reject this **Settlement**.

I submit the following objections:

1.   Having read through all of the material posted on the **Settlement** web site, I have concluded that the Defendants failed to meet their Fiduciary Responsibilities to the Participants. Additionally, the record indicates that the Defendants were deliberately misleading in their communications with the Participants, repeatedly, over a long period of time. This **Settlement Agreement** does nothing to correct this going forward. The **AFM-EPF Trustees** remain free to continue the same risky and imprudent investment strategy. Neither are they restrained from continuing to mislead Participants.

2.   The appointment of Andrew Irving to the position of **Neutral Independent Fiduciary Trustee**, is insufficient, and unacceptably limited in both term and scope. Mr. Irving's role is loosely designated as "4 or 5 years", and he is given no binding oversight authority. His appointment does nothing to repair the structural damage done to the **AFM-EP Fund** by the Defendants, and does nothing to ensure that current or future retirees have any reason to believe their future as Participants of the **AFM -EP Fund** is secure.

3.   This proposed **Settlement Agreement** allows the same Trustees who mismanaged the **AFM – EP Fund** to remain in place, with no restraints placed on future actions. I believe that at a minimum, Trustees Raymond Hair and Christopher Brockmeyer should be removed from their positions as Co-chairs of this Trustee Board. They have played an outsized role in obfuscating and distorting information presented to Participants.

Page 1 of 2

4.   This proposed **Settlement Agreement,** while resulting in a financial settlement to be paid to the **AFM-EP Fund,** does not provide that any of that money will be overseen in a more responsible manner for investment purposes going forward. As importantly to me, it does not prevent any of those moneys from being used to finance promotional and dis-information campaigns as has occurred in the past. Participants have been subjected to public and private shaming and belligerent responses solely for questioning the Fund and calling for open discussion and transparency. I strongly object to any prospective settlement that allows that to continue and helps to finance it.

5.   Although this lawsuit is a **Class Action,** to my knowledge; neither I, nor any significant number of the over 50,000 other Class members were reasonably consulted. This **Settlement Agreement** requires that "all Class Members would forever release the Released Claims against the Released Parties". I cannot and do not agree to that. It is my belief that the proposed **Settlement Agreement** is sorely lacking in meaningful remedies.

My signature below serves as declaration to the Court that all of the foregoing is a true and complete statement from me, Phillip W. Ayling, as a **Class Member** submitting objection to the proposed **Settlement Agreement.**

Respectfully,

Phillip W. Ayling

3027 Punta Del Este
Hacienda Hts. Ca 91745
Telephone: 626.336.9853
E-mail: mroboe@earthlink.net

Copied by email to: steveschwartz@chimicles.com, rjk@chimicles.com, mrumeld@proskauer.com, jrachelson@cwsny.com

# CLASS ACTION OBJECTION

ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007
**RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)**

**As a member of the class in the above referenced case, I wish to object to the
Proposed Class Action Settlement before the Court, and respectfully ask the
judge to reject this settlement.**

**I make the following objections.**
1.      Having read through all of the material posted on the Settlement web site, I have concluded
that the Defendants did fail to meet their Fiduciary Responsibilities to the Participants. Additionally,
the record indicates that the Defendants were deliberately misleading in their communications with
the Participants, repeatedly, over a long period of time. This Settlement Agreement does nothing to
correct this. Trustees remain free to continue the same risky and imprudent investment strategy and
are not restrained from continuing to mislead Participants.
2.      The appointment of Andrew Irving to the position of Neutral Independent Fiduciary Trustee,
is insufficient, and unacceptably limited in both term and scope. Mr. Irving's role is loosely
designated as "4 or 5" years, and he is given no binding oversight authority. His appointment does
nothing to repair the structural damage done to our Fund by the Defendants, and does nothing to
ensure that the next generation of retirees has any reason to believe their future with this fund is
secure.
3.      This Settlement allows the same Trustees who mismanaged our Fund to remain in place, with
no restraints placed on future actions. I believe that at a minimum, Trustees Raymond Hair and
Christopher Brockmeyer should be removed from their positions as Co-chairs of this Trustee Board.
4.      Although this lawsuit is a Class Action, none of the over 50,000 other class members were
reasonably consulted. This Settlement agreement requires that "all Class Members would forever
release the Released Claims against the Released Parties". I cannot agree to that for a Settlement this
lacking in meaningful remedies.

**I certify I have not objected to a class action settlement in the past 5 years**
**I do not Plan to attend the Fairness Hearing**
Signed

Steven J. Nathan
205 Sweetgum Ct.
Nashville, TN 37221
615-423-1275 cell
615-662-1371 home
steve@stevenathanmusic.com
**Copied by email: steveschwartz@chimicles.com, rjk@chimicles.com,**
**mrumeld@proskauer.com, jrachelson@cwsny.com**

# Steven J. Nathan
### 205 Sweetgum Ct.
### Nashville, TN. 37221



June 26, 2020

The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

**RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)**

Judge Caproni,

I recently mailed an objection to the proposed settlement in the above referenced case, one that I believe may be copied and pasted by others. I'm anxious to make a few things clear so there is no misunderstanding, and I hope this is the appropriate way to do so.

I got involved in this Pension Fund issue 4 years ago when my Trustees informed participants, out of the blue, that there was big trouble and we'd better make other financial plans. For years up until that point, we had been repeatedly told that there was nothing to worry about, the Fund had plenty of money, sufficient to last for decades. Long story short, I've become something of a de facto spokesperson for thousands of AFM members who've asked me to keep them informed and have given me permission to speak for them on this subject.

I know you've heard often from Martin Stoner. While I do admire his passion and dogged determination, Mr. Stoner has a demeanor that many find troubling, and I've had a number of occasions where I've had to go behind him to try and salvage relationships with key people. My point today is that while Marty Stoner only speaks for Marty Stoner, his dissatisfaction with the terms of this Settlement is shared by hundreds or more of his fellow AFM-EPF participants.

I fear that there may be an effort underway to paint Mr. Stoner as an outlier, an unreliable malcontent, baselessly tilting at windmills with no one on his side. My conversations with numerous Class Members indicate exactly the opposite. I have yet to find a single musician who is happy with the terms of this Settlement. Even younger musicians with their careers ahead of them, all tell me they do not believe the Fund will be there for them when they're my age, not with the leadership currently in place.

We object because this Settlement is not fair to the victims of this mismanagement.  We believe that as long as Raymond Hair and Christopher Brockmeyer are left in their Trustee Co-chair positions, our Fund will never recover sufficiently to guarantee any level of protection for future retirees.  We object to the lack of accountability in this Settlement, and we object to its failure to impose any binding oversight of this Fund's Trustee Board.

We are not asking the Court to take action regarding Trustee Ray Hair's use of our newsletters to spread misinformation and smear participants.  We find it infuriating, but have agreed that it is not something to ask the Court to get involved in.

We also do not take issue with the dollar amount going to the attorneys.  They took this case on contingency, and have worked hard. They deserve to be paid.  We'd just ask that they not abandon Class Members now in pursuit of their own interests.  We'd like them to remember what they told us at the beginning of this process, go to trial, win this case and get some meaningful resolution to the factors that played so large a role in the loss of our futures.

Thank you for your time and consideration.

Sincerely

Steven J. Nathan

steve@stevenathanmusic.com                                                         615-423-1275

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____

|  |  |  |
|---|---|---|
| | : | OBJECTION TO APPROVAL |
| ANDREW SNITZER and PAUL LIVANT, | : | OF FINAL SETTLEMENT |
| individually and as representatives of a class of | | AND NOTICE OF INTENT |
| similarly situated persons, on behalf of the | | TO APPEAR |
| American Federation of Musicians Pension Plan, | | |
| | | |
| Plaintiffs, | : | |
| v. | : | |
| | : | CIVIL ACTION |
| THE BOARD OF TRUSTEES OF THE | | No. 1:17-cv-05361-VEC |
| AMERICAN FEDERATION OF MUSICIANS | : | |
| AND EMPLOYERS PENSION PLAN, et al. | : | |
| | : | JUDGE VALERIE E. CAPRONI |
| Defendant, | : | |
| | : | |
| MARTIN STONER, | : | |
| | : | |
| Objector. | : | |
| _____ | : | |

In compliance with the proposed Settlement Agreement ("Settlement") Martin Stoner, residing at 900 West End Avenue, New York, New York 10025 ("Objector"), files this Objection to the proposed Settlement. The Objector is a member of the "Settlement Class" because he was a Participant in the American Federation of Musicians and Employers' Pension Plan during the Class Period, August 9, 2010-May 18, 2020.

Objector intends to appear and argue at the Fairness Hearing. At the Fairness Hearing, Objector will present the arguments herein, as well as his prior arguments duly entered onto the record by this Court.

RECEIVED

JUN 25 2020

VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

1

Objector has not submitted any objection in state or federal court in the United States in the past five years.

## PRELIMINARY STATEMENT

Plaintiff's attorneys have not provided an adequate, fair, and reasonable settlement given the facts and the law in this case.

As such, the settlement may even be described as of minimal value, an evaluation supported by the record. Therefore, Objector opposes the Settlement in its present form and respectfully requests that the Settlement be denied for the following reasons:

First, the proposed settlement agreement it is not an effective (i.e., adequate, reasonable, or fair) remedy to the claims asserted in the amended complaint and thus should not be approved by this Court. The settlement must have stronger Governance Provisions in light of the fact that the Trustees have publicly committed to pursuing the same risky and illiquid investment policies, as before. And the Trustees continue to lie, misrepresent, and not be transparent in their dealings with Plan Participants and their Beneficiaries. In light of the harm suffered by members of the class and the extent of Defendant's wrongdoing, the proposed settlement is not adequate, reasonable, or fair.

The Trustees' March 29, 2020 email to Plan Participants in which the Trustees stated that the settlement will not change the Trustees current investment

policies is proof that the Governance Provisions are essentially worthless. As such, the pending Motion for Final Approval falls well below the basic standards for final approval as set forth by the Second Circuit. The Governance Provisions must hold Trustees accountable by reigning in the Trustees' risky, illiquid, and expensive investments causing ongoing Plan losses that threaten Plan insolvency.

As of the settlement date, the Fund continues to remain in "critical and declining status". This settlement does nothing to alleviate that substantial Plan deficit, and the proper asset allocation as outlined in the Governance Provisions alone will not restore the fund to solvency. More specifically, class members are not receiving enough relief for the injury that they've suffered and Plaintiffs' attorneys are being paid too much. "[T]he essential requisite of due process as to absent members of class [actions] is not notice, but the adequacy of representation of their interests by [the] named parties." *Eisen v. Carlisle*, 391 F.2d 555 (2d Cir. 1968).

Second, Plaintiff Counsel's legal fees are too high for the miniscule results that they achieved. Fees must bear a meaningful relationship to what has been achieved for the class, not simply to line counsel's pockets.

Counsel's fee needs to be lowered in light of the fact that the recovery by Plan Counsel is not adequate.

Third, the Settlement "Release and Waiver" provisions are overbroad because they exceed the scope of the allegations of the operative complaint and further limit the rights of class members to pursue meaningful and adequate remedies and relief in the future.

Fourth, the Trustees must provide a written statement disavowing their March 29, 2020 disparaging comments in their email to Plan Participants which harshly criticizing Plaintiffs Snitzer and Livant prior to Final Approval.

This Objector has already written to the Court demanding that Defendants apologize to this Court for their post-settlement public comments, but they still refuse to disavow these comments as required. A non-disparagement clause therefore needs to be added to the settlement.

Fifth, the disclosure of only a small portion of the sealed discovery in the *Snitzer* lawsuit on the settlement website is insufficient to provide adequate information about the competing claims by both Plaintiff's Counsel and the Trustees via their March 29, 2020 email comments. If additional  discovery is released by the Trustees after the July 26, 2020 deadline for Objections, this Court should permit Objectors to have an additional period in which to make new objections. For all these aforementioned reasons, I object to the settlement in its current form.

## LEGAL STANDARD

The standard for final approval of a settlement consists of showing that the settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc.*, 396 F.3d at 116-117 (2d Cir. 2005). Courts in the Second Circuit have traditionally considered nine factors, known as the *Grinnell* factors, to assist in weighing final approval and determining whether a settlement is substantively "fair, reasonable, and adequate." Additionally, the amended Rule 23(e)(2) requires courts to consider (A) whether the class representatives and class counsel have adequately represented the class; (B) whether the settlement proposal was negotiated at arm's length; (C) whether the relief provided for the class is adequate, taking into account: the costs, risks, and delay of trial and appeal; and the terms of any proposed award of attorney's fees, including timing of payment.

While it is true that Courts have generally favored settlements in class action lawsuits, Courts have also failed to approve settlements where those settlements have not provided an adequate remedy for the class based upon the allegations in the complaint and the evidence in the court record.

The new Rule 23(e) factors add to, rather than displace, the *Grinnell* factors. ("The goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." (Committee Notes on Rule 23

Amendment)). Indeed, there is significant overlap between the *Grinnell* factors and the Rule 23(e)(2)(C–D) factors, as they both guide a court's substantive, as opposed to procedural, analysis.

Accordingly, the Court must consider both sets of factors in its analysis of whether the Court will likely find that the proposed settlement is fair, reasonable, and adequate, and grant final approval.

> However, judges should be suspicious of settlements that fall far short of reasonably estimated losses, and of plaintiff class action attorneys whose advocacy is directed toward persuading the judge of the weaknesses of the very case that they were eager to have that same judge certify not many months before". Class Action Dilemmas, Pursuing Public Goals for Private Gain, by Deborah Hensler, July 19, 2000, page 471.

## ARGUMENT

### I. The Settlement Presented to This Court Fails to Meet the "Fair, Reasonable, and Adequate" standard for final approval

The settlement presented to this Court fails to meet the "fair, reasonable, and adequate" standard for approval. A number of other *Grinell* and Amended Rule 23 requirements for approval have also not been met. These include the fact that Plaintiff's Counsel did not adequately protect the interests of the class, the reaction of the class to the settlement, the ability of the defendants to withstand a greater judgment; the range of reasonableness of the settlement fund in light of the best possible recovery; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

As Plaintiff's attorneys have not provided an adequate, fair, and reasonable settlement, I therefore formally object to final approval of the proposed settlement as per Rule 23(a)(4), which requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 592 (1997).

## II.   Class Counsel failed to adequately protect the interests of the class

### *A. Plaintiff's Counsel failed to Hold Plan Trustees Accountable for their misleading and deceptive conduct in the proposed settlement that can now continue unabated*

Plaintiff's Counsel failed to hold Plan Trustees accountable for their misrepresentation including misleading and deceptive statements published by Trustees, their actuaries, and agents in February 2015.[1] Facts available in the public record demonstrate inaccurate and incomplete explanations of benefits and known falsity of certain statements by the Trustees, their actuaries, accountants, lawyers, and agents. From 2014-2017 Plan Trustees failed to tell Plan Participants about the Trustees participation in the formation and passage of the MPRA legislation and the negative effect that this legislation might possibly have on their future Pension Fund benefits. They also lied in a February 2015 union publication, "Allegro", that the passage of MPRA would result in no reduction of benefits for Plan Participants and stated that the Plan would remain solvent through the year

---

[1] The fact that these published statements are indisputable as well as self-incriminating reduces Class Counsel's risk at trial. No expert testimony can undercut this evidence.

2047. This outright deception by Plan Trustees and their agents in failing to disclose to Plan Participants the failing financial health of the Plan as well as the possible effect of MPRA upon their pension benefits, violated ERISA. *See Amended Complaint at ¶¶14, 96, 121, and 149.*

The Plan Trustees knew and expected that Plan members and their beneficiaries would rely on its statements to their detriment. Plan Counsel should have known about the well-recognized legal theory from *Amara* coupled with the widely available Trustee statements known to both Class Representatives Snitzer and Livant. Counsel failed to represent the best interest of the class by not adding these relevant facts in their amended complaint. There was no additional risk or cost from adding additional allegations of misrepresentation by the trustees, their actuaries, agents, and attorneys, and there was much to gain in terms of holding all of them accountable to the members of the class. This was an obvious mistake.

ERISA § 502(a)(3) entitles plan participants to "appropriate equitable relief" as redress for "any act or practice which violates any provision of [ERISA]." 29 U.S.C. § 1132(a)(3). The Class claims that Defendants violated sections 404(a) and 102(a) of ERISA by issuing materially false and misleading statements in the February 2015 et seq. and various Plan Summaries and Material Modifications.

To obtain "reformation", plaintiff must show: (1) violations of ERISA §§ 404(a) and 102(a), based on the preponderance of the evidence; (2a) mistake or ignorance by employees of "the truth about their retirement benefits," based on clear and convincing evidence; and (2b) "fraud or similar inequitable conduct" by the plan fiduciaries, based on clear and convincing evidence. *Amara v. CIGNA Corp.*, 775 F.3d 510, 525–31 (2d Cir.2014) ("*Amara V*").

### *B. The Amara Litigation*

In *Cigna v. Amara*, Plaintiffs claimed, *inter alia,* that defendants violated ERISA §§ 102(a) and 204(h), 29 U.S.C. §§ 1022(a) and 1054(h), by failing to give them proper notice of their benefits and misleading them regarding the nature of their benefits. There is no requirement of "detrimental reliance" for all equitable remedies.

ERISA § 502(a)(1)(B) allows a plan "participant or beneficiary" to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In *Amara*, the district court found that CIGNA violated ERISA § 102 by failing to sufficiently disclose information to participants needed to understand their Plan benefits.

In *Amara* the Second Circuit also determined that plaintiffs "were required to show that defendants committed fraud or similar inequitable conduct and that such fraud reasonably caused plaintiffs to be mistaken about the terms of the pension plan," *id.* at 526 (citation omitted). The Second Circuit held: "[t]raditional equitable principles do not require a separate showing of harm for reformation." *Amara V*, 775 F.3d at 525 n. 12 (citations omitted).

The Second Circuit explained that equitable fraud "generally consists of 'obtaining an undue advantage by means of some act or omission which is a violation of good faith.'" *Id.* at 526 (citation omitted). This "misbehavior was designed to 'ease the transition to a less favorable retirement program.'" The Second Circuit also noted that CIGNA had "intentionally withheld details that would provide employees with a direct comparison of their benefits under Part A with their anticipated benefits under Part B." *Amara V*, 775 F.3d at 519-524. This is the very conduct our Trustees engaged in. *See Amended Complaint at ¶¶ 14, 96, 121, 149.*

The same cause of action was available against our own Trustees BUT PLAINTIFF'S COUNSEL FAILED AND REFUSED TO FOLLOW THIS OBVIOUS PATH, thereby failing to adequately represent the interests of the class. Objector alleges that Plaintiff's Counsel should have pursued a plausible remedy of "equitable relief" to correct any misleading and deceptive statements made to the

members of the class and hold Defendants liable for full restitution, i.e., to put class members back in the same situation as they would have been absent any misrepresentations or fraud.   Thus, this cause of action needs to be a part of any discussion for final approval or class members should be released from pursuing this cause of action in the future in the proposed settlement against the named Defendants and others still to be determined, since, "To participate knowingly and significantly in deceiving a plan's beneficiaries in order to save ... money at the beneficiaries' expense is not to act 'solely in the interest of the participants and beneficiaries,'" as ERISA requires. *Varity Corp. v. Howe*, 516 U.S. 489, 506, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (quoting ERISA § 404). Proper execution of fiduciary duties requires that fiduciaries' decisions "be made with an eye single to the interests of the participants and beneficiaries." *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir.1982). Under ERISA § 404(a)(1), the focus on participants must be "exclusive." 29 U.S.C. § 1104(a)(1). While a trustee has a duty to seek independent advice where he lacks the requisite education, experience and skill, the trustee, nevertheless, must make his own decision based on that advice." *United States v. Mason Tenders Dist. Council of Greater N.Y.*, 909 F.Supp. 882, 886 (S.D.N.Y.1995) (citations omitted).

The regulations are insistent as to the fiduciaries' affirmative duty to make participants clearly "see" circumstances under which they will *not* receive the

11

benefits described in the summary that they might otherwise reasonably expect to receive. Underscoring this affirmative duty to warn participants of the circumstances when they might not actually receive benefits, "[a]ny description of exception, limitations, reductions, and other restrictions of plan benefits shall not be minimized, rendered obscure or otherwise made to appear unimportant." 29 C.F.R. § 2520.102–2(b); *see also id.* (requiring further that "[s]uch exceptions, limitations, reductions, or restrictions of plan benefits shall be described or summarized in a manner not less prominent than the ... prominence used to describe or summarize plan benefits"). Restrictive plan provisions must be clearly cross-referenced with the description of the benefit. *See id.* The regulations expressly forbid fiduciaries from either playing up the positive features of the plan or downplaying the negative: "[t]he advantages and disadvantages of the plan shall be presented without either exaggerating the benefits or minimizing the limitations." *Id.*

In *Amara*, the Court ruled that the Class has proven by clear and convincing evidence that, as a result of the false, misleading, and incomplete statements by the Plan trustees, their actuaries, and their agents, Plan Participants and Beneficiaries were left ignorant of "the truth about their retirement benefit".

The law is clear that equitable fraud does not require a showing of intent to deceive or defraud. *See Capital Gains*, 375 U.S. at 193, 84 S.Ct. 275 ("Fraud has a

broader meaning in equity (than at law) and intention to defraud or to misrepresent is not a necessary element." (citation and internal quotation marks omitted)); *See also Trade Comm'n v. Algoma Lumber Co.*, 291 U.S. 67, 81, 54 S.Ct. 315, 78 L.Ed. 655 (1934) ("[T]here is a kind of fraud, as courts of equity have long perceived, in clinging to a benefit which is the product of misrepresentation, however innocently made." (citations omitted)); *United States v. Von Barta*, 635 F.2d 999, 1005, n. 14 (2d Cir.1980) ("Actual frauds are intentional frauds. Constructive frauds involve breaches of fiduciary or equitable duties where an intent to deceive is lacking." (citation omitted)); *Hammond v. Pennock*, 61 N.Y. 145, 152 (1874) ("In equity, the right to relief is derived from the suppression or misrepresentation of a material fact, though there be no intent to defraud.... *D.R. Paskie & Co. v. Commercial Cas. Ins. Co.*, 223 A.D. 603, 229 N.Y.S. 121, 129 (1928) ("The fraudulent intent need not be proven in an equity action, while at law such intent must be established." (citation omitted)).

### *C. Inequitable conduct.*

Class Counsel unreasonably ignored the case law on inequitable conduct. "Inequitable conduct includes deception or even mere awareness of the other party's mistake combined with superior knowledge of the subject of that mistake." *DS Parent, Inc. v. Teich*, No. 5:13–CV–1489 LEK/DEP, 2014 WL 546358, at *4 (N.D.N.Y. Feb. 10, 2014) (citations omitted); *see also Koam Produce, Inc. v.*

*DiMare Homestead, Inc.*, 329 F.3d 123, 127 n. 3 (2d Cir.2003). *See also Amended Complaint at ¶¶ 14, 96, 121, and 149.*

Class Counsel also ignored the fact that a co-fiduciary like Meketa or Milliman can also be liable for "inequitable conduct". Under ERISA § 405(a)(1), and § 405(a)(3), a co-fiduciary is liable for the other fiduciary's breach of fiduciary duty when: (1) the co-fiduciary has actual knowledge of the other fiduciary's breach; (2) the co-fiduciary failed to make reasonable efforts to remedy the other fiduciary's breach; and (3) damages resulted therefrom. *See Silverman v. Mutual Ben. Life Ins. Co.*, 138 F.3d 98 (2d Cir. 1998) (listing these elements).

Although a breach of fiduciary duty claim must be brought within six years from the date of the breach, or, if a plaintiff has actual knowledge of the breach, within three years from such knowledge (29 U.S.C. § 1113), this rule is subject to an exception in cases of fraud or concealment, in which case the limitations period runs six years from when the participant discovered the breach. *See id.* The fraud or concealment exception applies in "cases in which a fiduciary: (1) breached its duty by making a knowing misrepresentation or omission of a material fact to induce an employee/beneficiary to act to his detriment; or (2) engaged in acts to hinder the discovery of a breach of fiduciary duty." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 190 (2d Cir.2001) (citation omitted).

14

"The most important way in which the fiduciary complies with its duty of care is to provide accurate and complete written explanations of the benefits available to plan participants and beneficiaries." *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 471 (7th Cir.2010); *see also Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir.1993) (The duty to fully and accurately disclose and explain material information to plan participants "is the core of a fiduciary's responsibility" (citation and internal quotation marks omitted)). "Fiduciaries may be held liable for statements pertaining to future benefits if the fiduciary knows those statements are false or lack a reasonable basis in fact." *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 84 (2d Cir.2001) (citation omitted).

Fiduciaries may also be "liable for non-disclosure of information about a current plan when the omitted information was necessary to an employee's intelligent decision about retirement." *Id.* (citation omitted). In other words, "[w]hen a plan administrator affirmatively misrepresents the terms of a plan or fails to provide information when it knows that its failure to do so might cause harm, the plan administrator has breached its fiduciary duty to individual plan participants and beneficiaries." *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 88 (2d Cir.2001) (citation and internal quotation marks omitted ); *see also Bixler*, 12 F.3d at 1300 (the duty to inform "is a constant thread in the relationship between beneficiary and trustee; it entails not only a negative duty not to

15

misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful"); *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 669 (2d Cir.1994)

### D. Other case law that refers to equitable remedies, including injunction and estoeppel, for fiduciary misrepresentations

Class counsel ignored other relevant case law as well including:

*Osberg v. Foot Locker, Inc.*, 138 F. Supp. 3d 517 (S.D.N.Y. 2015): "To obtain plan reformation under ERISA § 502(a)(3), the Class must show that Foot Locker engaged in 'fraud or inequitable conduct.'"

"[E]quitable fraud does not require a showing of intent to deceive or defraud."

"Foot Locker committed equitable fraud. It sought and obtained cost savings by altering the Participants' Plan, but not disclosing the full extent or impact of those changes."

"Inequitable conduct includes deception or even mere awareness of the other party's mistake combined with superior knowledge of the subject of that mistake."

*O'Shea through O'Shea v. UPS Ret. Plan*, 2016 WL 4750214 (1st Cir. Sept. 13, 2016): "Equitable relief comes into existence at time of alleged misstatements, even without monetary loss to participants at that time. Participant was misled and provided with deficient Plan documents. "At that point, [participant] could have sought equitable relief—reformation, for example—despite the fact that his beneficiaries had not yet been denied benefits." "Monetary loss is not a necessary component of a claim for equitable relief under § 502(a)(3)."

*Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869 (7th Cir. 2013): "*Amara* "clarified that equitable relief may come in the form of money damages when the defendant is a trustee in breach of a fiduciary duty."

*McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176 (4th Cir. 2012): • Recognizing estoppel and surcharge are available to plan participants asserting breach of fiduciary duty claims under § 502(a).

16

Objector argues that Plaintiff's Counsel was remiss in not alleging an action for equitable recovery against the Trustees in the amended complaint resulting from making knowingly false and misleading statements in February 2015 *et. seq.* There is no evidence of a single Class Member who was aware, or reasonably could have been aware, of the deceptions and misleading statements by our Trustees, their agents and assigns, at the time they were actually made. "The Plan must therefore be reformed and monetary damages assessed to provide the appropriate benefit that the misrepresentation inequitably caused class members to reasonably expect."

### E. *Plaintiff's Counsel Voluntarily Agreed to Hide Discovery from Class Members Instead of Making it available for their consideration*

This Objector finds it unreasonable and unfair that in practically every case where Defendant's Counsel attempted to hide evidence of liability against Proskauer Rose and Meketa, Plaintiff's counsel agreed to and went along with it like a sheep being led to market. *See Amended Complaint at ¶¶ 14, 96, 121, 149.* This prevented class members from having access to important and relevant facts and information relating to the claims in the amended complaint. This included the Expert Report of David J. Witz that, "Plan Counsel Proskauer had a conflict since Meketa was a client of its Boston office. Dep. Ex. 194 at DEF0209587. Class members therefore need to have access to the three depositions of Meketa

employees to gain more information about these conflicts of interest in order to pursue their own claims against Meketa and Proskauer.

Second, Class Counsel failed to pursue legal action against Plan Counsel, Rory Judd Albert, of Proskauer Rose, who told the Trustees on numerous occasions to cover up the failing financial status of the Plan. The fact that he was fired from the Plan and two weeks later separated from Proskauer Rose in 2018 immediately after he gave deposition testimony in this matter is strong evidence of both his illegal conduct and that of Proskauer Rose. Thus, there is also evidence of potential liability of Proskauer Rose from either bad acts from Mr. Albert or conflicts of interest relating to Proskauer Rose and Meketa. *See Amended Complaint at ¶¶ 14, 96, 121, 149.* See also Expert Report of David J. Witz,, pages 47-51. Without access to Rory Albert's and the Meketa depositions, adequate discovery is not being made available to class members to assess whether this settlement is adequate, fair, and reasonable.

Third, Class members need to have access to the depositions of the Trustees Co-Chairs Ray Hair and Chris Brockmeyer. If there is evidence that they lied or made misleading statements to class members, then the proposed settlement is inadequate as it does not reflect the equitable relief that is available to class members under the case law from *Cigna Corp. v. Amara*, 563 U.S. 461 (2011). A "maxim of equity states that '[e]quity suffers not a right to be without a remedy.'

R. Francis, Maxims of Equity 29 (1st Am. ed. 1823)." Also, "Equitable estoppel 'operates to place the person entitled to its benefit in the same position he would have been in had the representations been true." *See also N.Y. State Psychiatric Assn. v. United Health Group*, 798 F.3d 125 (2d Cir. 2015): "Equitable relief under §502(a)(3) for breach of fiduciary duty includes injunctive relief to prevent future breaches and surcharge to redress past breaches. " *See also Amara v. Signa Corp.*, 775 F.3d 510 (2d Cir. 2014): "Elements of contract reformation were established based on generalized circumstantial evidence of a unilateral mistake by the entire plaintiff class".

Moreover with regard to adequate discovery, why did Plaintiff's counsel not ask for the handwritten notes of Board of Trustees meetings? This material is first-hand knowledge, which could either corroborate or eviscerate the testimony of Trustees Brockmeyer and Hair.

In sum, before this settlement is approved, Objector wants to see both the relevant handwritten Trustees' notes and the un-redacted depositions of Albert Rory Judd, the three Meketa employees, and Trustees Hair and Brockmeyer provided to class members to shed additional light on whether this settlement represents an adequate, fair, and reasonable settlement. For all these reasons, Plaintiff's Counsel failed to be an adequate representative of the class by

repeatedly acquiescing to Defendant's requests for sealed discovery and thereby failing to adequately represent the interests of the class.

### III. Counsel's Fee is Too High

Plaintiff's Counsel fee request is too high compared with the tiny little settlement that the class received. Indeed, the average or typical fee percentage even in settled class cases is in the 25% to 30% range. See, e.g., Manual for Complex Litig.§ 14.121 (4th ed. 2007) ("attorneys' fees awarded under the percentage method are often between 25% and 30% of the fund"). An average by definition means some are above and some below. Compare the huge settlement amounts awarded in the following cases with the measly $26.5 million awarded to class members in *Snitzer* and you will see why Counsel's fees are way out of line!

> CASE SETTLEMENT PERCENTAGE AWARDED Bain Partners $590 million 33.3% IPO (S.D.N.Y. 2009) $510 million 33.3% Vitamins $365 million 34.6% Tricor $316 million 33.3% U.S. Food Service (D. Conn. 2014) $297 million 33.3% Relafen Direct RX Purch. $242 million 33.3% Busiprone (S.D.N.Y. 2003) $220 million 33.3% DeLoach v. Phillip Morris $212 million 33.3% Neurontin Antitrust $191 million 33.3% Titanium Dioxide Antitrust Lit $163.5 million 33.3% Haddock (D. Conn. 2017)(ERISA) $140 million 35%.

These settled cases demonstrate that Class Counsel's fees are too high especially since the recovery was minimal compared to the above case settlements. Class Counsel also failed to set any new precedents in this case, did not have a high class-certification risk, did not they publicly disclose any discovery information whatsoever for the benefit of class members until this Objector (and

others) first requested it. Plan Counsel has not participated in any appeals or court objections. As such their fee is too high, not reasonable, or fair to class members, not to mention fair to the class action court system in general.

### *1. The Fee for Plaintiff's Counsel Is Too High in Relation to the Recovery*

Under *Goldberger*'s "fair percentage of the settlement [or recovery]" test, 209 F.3d at 50, courts evaluate the reasonableness of requested fee by looking to awards found reasonable in comparable cases. E.g., In re Veeco, 2007 WL 4115808, at *7. For example, in *Osberg v. Foot Locker, Inc.*, 138 F. Supp. 3d 517 (S.D.N.Y. 2015, the litigation lasted more than a decade, involved a successful trial, two successful appeals, and achieved a recovery of a full 100% of the damages claimed. If this 100%-recovery, 11-year litigated-to-judgment case is not above average, it is hard to know what is. The *Snitzer* settlement pales in comparison to *Foot Locker*! If ever there were a case where a one-third fee was appropriate and well-deserved, it is Foot Locker, not Snitzer!

Additionally, *Foot Locker* was litigated to judgment. It's 4.8 multiplier rating was a mathematical expression of two positive features of this case: (1) the efficiency of the Class's lawyers working an intensely demanding, complex matter over a long period, coupled with (2) their extraordinary achievement of a 100% recovery, $290 million fund. Especially when compared with cases of more

complexity or achievement which resulted in multipliers larger than that sought in this case, *Snitzer* Plaintiff Counsel's fee application cross checks poorly.

### 2. *The record does not demonstrate arms length fee negotiations*

With respect to Plaintiff's legal fees, Mr. Schwartz' Declaration does not state when or how the subject of legal fees for Counsel was decided. In order to be sure that Counsel's legal fees were negotiated at arms length, more detail needs to be given by counsel for how attorneys' fees for class counsel were negotiated and agreed upon.

In sum, Plaintiff's Counsel has simply let members of the class down. Thus, the award of maximum legal fees should not be accepted by this Court, or any Court within the Second Circuit, which has the most instances of reducing counsel fees of any circuit. Where a class has been certified, a district court "may award reasonable attorney's fees and non-taxable costs." Fed. R. Civ. P. 23(h). However, as stated by the Second Circuit in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000):

> The point is that plaintiffs in common fund cases typically are not fully informed. Nor are they able to negotiate collectively, or at arm's length. That is why we emphasized in *Grinell I*, as we rejected a 15% fee, that awards in these cases are proper only "if made with *moderation*." 495 F.2d at 469 (emphasis added) (quoting Greenough, 105 U.S. at 536). As *Grinell II* instructs, the court is to act "as a fiduciary who must serve as a guardian of the rights of absent class members." 560 F.2d at 1099 (internal quotation marks omitted).

Continuing, the Second Circuit stated:

22

All these considerations have fed the perception among both Commentators and the Congress that plaintiffs in common fund cases are mere "figureheads," and that the real reason for bringing such actions is "the quest for attorneys fees." Ralph K. Winter: *Paying Lawyers, Empowering Prosecutors, and Protecting Managers: Raising the Cost of Capital in America*, 42 Duke L.J. 945, 984 (1993); *see* Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369 (1995) *passim, reprinted in* 1995 U.S.C.C.A.N. 730, *passim* (criticizing abusive lawyer-driven securities class actions). This is why we continue to approach fee awards "with an eye to moderation." *Grinnell II*, 560 F.2d at 1099 (quoting *Grinnell I*, 495 F.2d at 470).

We appreciate that fixing a reasonable fee becomes even more difficult because the adversary system is typically diluted—indeed Suspended— during fee proceedings. Defendants, once the settlement amount has been agreed to, have little interest in how it is distributed and thus no incentive to oppose the fee. *See Continental Illinois*, 962 F.2d at 572. Indeed, the same dynamic creates incentives for collusion—the temptation for lawyers to agree to a less than optimal settlement "in exchange for red-carpet treatment on fees". *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 524 (1st Cir. 1991) (citing John C. Coffee, Jr. *The Unfaithful Champion: The Plaintiff as Monitor in Shareholder Litigation*, 48 Law Contemp. Probs. 5, 26-33 (1985)). And the class members—the intended beneficiaries of the suit— rarely object.

Therefore, I formally object to the high legal fees in the proposed settlement agreement.

### 3.The Reaction to the Settlement by the class has not been positive

As far as the reaction by the class to the settlement, the settlement has been universally panned by class members on the AFM-EPF Facebook discussion group website. It was the failure of the Governance Provisions to "have teeth" which drove the decision of certain class members to first search for and then hire an attorney to represent them during the objection process with an eye to dramatically

improving the accountability of the Trustees going forward.   The email that the Trustees put out immediately following the settlement, for example, was widely viewed by class members as disparaging of the Plaintiffs and members of the class who wanted greater accountability and transparency from the Trustees, and who could not believe the Trustees had stated in public after settlement that they would continue their past [failed} policies of risky and illiquid investments and excessive fees to multiple investment managers despite the settlement provisions. This angered many class members. Case law relating to Plan Trustees who breach their fiduciary duty as Plan Trustees here have made clearly misleading statements to class members in February 2015 (that the fund would remain solvent until 2047 and that the passage of MPTRA by Congress in 2014 would not result in cuts to the AFM-EPF Plan in the future) suggest that  "plan reformation" is the equitable remedy that is not found whatsoever in this settlement, Thus the class has not been adequately represented by counsel.

Writing in the AFM-EPF Facebook discussion group, Plaintiff Andy Snitzer wrote on April 29, 2020:

> A little more math today, on the idea of the wisdom of being out of U.S. equities during this crisis. From January 17 to present (more or less the timing of the global pandemic), the Russell 3000 (a broad measure of US equities) is down 13%. Comparatively, iShares EEM EFT (a broad measure of emerging market equities) is down 20%. ... It's all out there on Yahoo Finance for anyone that has a little free time…

Snitzer also wrote on March 31, 2020 on the AFM-EPW Discussion group:

In fact, the fund's version of an 8.9% avg/annual return 4/1/09-4/1/2019 is essentially equivalent to the return of the Vanguard Balanced Index Fund (VBIAX) over the same period (8.6% avg/annual). ... Net, for all that risk (and expense) taken via emerging market equity, hedge, private equity, derivative strategies like absolute return, our fund trustees barely beat a very conservative low-cost balanced index fund. Not something I'd be bragging about.

Similarly, class member Jay Rosen wrote:

The [AFM] email is hostile, combative, defensive and divisive. *I challenge any AFM-EPF Trustee to come forward and defend the tone of this pathetic attack.* The Trustees would have us believe, by their explanation, that there was nothing they could have done to mitigate the AFM-EPF disaster. It's amazing, isn't it that dozens of comparable Pension Plans managed to avoid disaster. The Trustees email is short on the facts, long on vitriol and contains scathing attacks on the AFM members who brought the lawsuit in good faith. Please take note of the fact that the 1437-word diatribe from our "compassionate" Trustees, contains just 49 words about our health and safety at the very end. The Trustees made their priorities crystal clear. By the way, what insurance company do you know that would sign off on a 27-million-dollar Class Action Settlement if they did not fear much greater culpability and liability as a result of a trial?

Class Member Dennis Dreith, commenting on Jay Rosen's post:

"Well put, Jay. I really appreciate your taking the time to post this and your willingness to call it like you see it regardless of who this may upset. Bravo!

That was but one of 32 other similar comments of anger on one day directed against this settlement and our trustees. Thus, objections in opposition to this settlement are so strong by class members that this Court should not give final approval to this settlement.

25

### 4. Ability of Defendants to Withstand a Greater Judgment

With regard to the ability of the defendants to withstand a greater judgment, the proposed settlement fails to address a number of issues that were obviously available to Plaintiff's Counsel that would have increased the recovery for the class. Importantly, the settlement fails to add Meketa and other similar investment firms as co-fiduciary defendants.

> [U]nder ERISA, even if a person is not a named fiduciary of an ERISA plan, it can be a de facto fiduciary if it 'exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.'" *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 223 (2d. Cir. 2018) (emphasis in original) (quoting 29 U.S.C. § 1002(21)(A).

Under ERISA Section 409, fiduciaries are personally liable for a breach of fiduciary duty, including claims that they allowed the plan and its participants to pay excessive fees and use expensive and underperforming investments. Some fiduciaries mistakenly believe that they can entirely avoid this liability by hiring professionals to handle all of these decisions. But the law does not allow fiduciaries to totally delegate away all of their fiduciary responsibility.

"[I]n suits alleging breach of fiduciary duty, the "threshold question" is whether in so doing the defendants were acting as fiduciaries "when taking the action subject to complaint". *Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S. Ct. 2143, 147 L.Ed.2d 164 (2000). The Amended Snitzer complaint makes clear that at ¶105 investment advisor and co-fiduciary, Meketa, repeatedly gave the Plan

26

imprudent investment advice that caused the Plan to lose assets due to risky and illiquid investments. Therefore, Plaintiff's counsel clearly should have added Meketa as a co-fiduciary/co-defendant with liability in this action. Meketa has much more money available towards a potential verdict or settlement than the Plan Trustees alone. Thus, Plaintiff's counsel failed to be robustly adversarial on behalf of class members in investigating Meketa's conduct, including its personal ties to the Trustees, and unreasonably failed to add Meketa (and possibly other investment firms) as a co-defendant/co-fiduciary. As this Court ruled on 11/30/2017, the fact that allegations may be damaging to the reputation of a third-party is not, standing alone, an adequate basis to withhold information  from the public.

Since three employees of Meketa were deposed in the instant action, there should be full and complete disclosure of the three depositions to class members within five days of this Court's Order so that class members may consider also pursue legal action against Meketa. There should be no limitations in the settlement release relating to Meketa's or any other investment firm which has a similar co-fiduciary liability to members of the class whatsoever.

Moreover, Meketa was but one of many active investment advisers that charged excessive fees for their services. Plan fiduciaries have a duty to ensure that plan recordkeeping and investment management fees are reasonable, and that plan

investments perform well. In excessive fee claims, plan participants allege that plan fiduciaries failed on both counts and breached their fiduciary duties.

Specifically, they allege that a plan is paying too much to its record keeper and investment manager. They also take aim at something called "revenue sharing," claiming that revenue sharing bloats the record keeping fees even more. Revenue sharing occurs when a mutual fund manager pays or "shares" part of its mutual fund's fees with the record keeper for purposes that are unrelated to the management of the mutual fund, such as a marketing fee. Finally, they allege that the plan is using investments that underperform their benchmarks. This Objector knows that these fiduciary breaches cost the Plan hundreds of millions of dollars in lost retirement benefits. Thus, it can hardly be claimed that class members received adequate representation by class counsel when they failed to add Meketa and others as co- fiduciaries.

### 5. Plaintiff's Counsel Acquiescence in No Opt-Out Provision Impedes Class Members Due Process Rights

Because class members generally do not actively participate in a class action lawsuit, class actions pose a risk that the class representative and his counsel will not always act in accordance with the class members' best interests. Specifically, Class certification importantly affects the due process rights of absent class members thru opt-out procedures. In an attempt to balance the benefits of class actions against the risks to defendants and class members, Federal Rule of Civil

Procedure establishes a rigorous series of prerequisites that a federal class action must satisfy. For similar reasons, Rule 23 also subjects proposed action settlements to the scrutiny of federal courts.

Class Counsel unreasonably ignored the case law on class certification or simply chose to look the other way in return for a better fee. *Carr v. Int'l Game Tech.*, 09-cv-00584- (D. Nev. Mar. 16, 2012) presents one of the best arguments why a non opt-out clause does not work in a case such as *Snitzer* that has a cause of action based on a breach of fiduciary due to misrepresentation, and false and deceptive statements. Please see below a portion of the opinion in the above case.

> Courts that find that class certification is not appropriate with regard to claims for breach of fiduciary duty based on a misrepresentation theory have reasoned that the issue of reliance is highly individualized and not suitable for class treatment. Id. (citations omitted); *see also George v. Duke Energy Retirement Cash Balance Plan*, 259 F.R.D. 225, 240 (D.S.C. 2009) (denying certification of misrepresentation claims because individual reliance issues defeat commonality requirement of Rule 23(a)); *In re Merck & Co., Inc. Sec., Derivative, & "ERISA" Litig.*, MDL No. 1658 (SRC), 2009 WL 331426, at *6 (D.N.J. Feb. 10, 2009) ("The individual character of the communications claims prevents concluding that the allege breach has similarly affected the potential class members."

> "As to the communications claims, the proposed class fails to satisfy the requirements for certification under Rule 23.") (footnote omitted); *Tootle v. ARINC, Inc.*, 222 F.R.D. 88, 98 (D.Md. 2004) (denying certification upon determining that disclosure claim requires individual showings of detrimental reliance); *Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. *8 507, 510-511 (W.D.N.C. 2003) (reaffirming previous ruling denying motion for class certification upon finding that each class member would have to establish reliance).

We agree with those courts that find that individual issues of reliance in a communications claim brought pursuant to ERISA § 502(a)(2) defeat commonality. As noted above, detrimental reliance is indisputably an element of a claim based on a misrepresentation theory. Plaintiffs should not be allowed to eschew proving the causation element of their communications claim because they bring this action on behalf of the Plan. *See Newton v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001) ("If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable."). As the court noted in *Merck*, "[i]nvestment decisions are highly individualized, and thus the individual circumstances of the plaintiffs markedly differ." 2009 WL 331426, at *6. In order to prove detrimental reliance, the Plaintiffs would have to establish that each member of the proposed class relied on the Defendants' alleged misrepresentation in making his or her decision to invest in IGT stock. *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 457 (11th Cir. 1996) (denying class certification in an ERISA case because requirement that plaintiffs show that all members of the class would have deferred their retirement had the misrepresentation not been made defeated commonality); *Brandt v. Grounds*, 687 F.2d 895, 898 (7th Cir. 1982) (requiring proof of a causal connection between breach of fiduciary duty and losses incurred). Such proof *9 requires an individualized analysis and cannot be presumed from the behavior of the named Plaintiffs. This case will likely become a series of individualized analyses once some of the general issues in common have been resolved. "Judicial economy is not best served by using a class action in order to engage in such individualized analyses." *Groussman v. Motorola, Inc.*, No. 10 C 911, 2011 WL 5554030, *4 (N.D.Ill. Nov. 15, 2011).

Therefore, Objector respectfully requests that this Court should re-consider class certification and then make *Snitzer* an opt-out class action.

When I retired in 2009, I carefully looked over the various retirement options, including normal retirement (at age 65), early retirement, retirement with a spousal benefit, and even "re-retirement". I eventually chose to take early retirement. However, nothing in the Plan materials that I received, and which I still

30

have, notified me about whether my early retirement was an "unsubsidized" or a "subsidized" early retirement. I believe that the failure by the Trustees to give Objector proper notice about whether his benefit was "subsidized" or unsubsidized" is a breach of the Defendant's fiduciary duties.

On December 30, 2019 when the AFM-EPF Trustees applied to the U.S. Department of Treasury for a reduction in benefits under MPRA, the Trustees then announced retroactively that the early retirement benefit that I had received was indeed "subsidized", and would require a much larger cut in my benefits than if my early retirement had been "unsubsidized". I argue that this misrepresentation from 2009, when I retired, was fraudulent and misleading, and I seek to have the Plan "reformed" to state that my early retirement was "unsubsidized". And if the cuts are approved by the Department of Treasury, then I want the Trustees to make restitution to me for any losses whatsoever in my pension benefit. Similarly, for those who took "re-retirement" and are now being penalized retroactively for that choice, the Trustees must be held accountable to the individual class members who made that selection due to their misrepresentation. Thus, due to the individualized circumstances of each class member and Plan Participant, Objector respectfully requests that this Court re-consider class certification to make *Snitzer* an opt-out class action. In the alternative, in order to preserve due process, the Court should grant "carve outs" or releases to all those individual class members who may have

31

claims as set forth in this Objection or in other documents filed on the record in

this case by Mr. Stoner.

## CONCLUSION

For all these reasons, I object to the final approval of the proposed settlement.

Dated:  New York, New York
        June 16, 2020

                                   Respectfully submitted,

                                   *Martin Stoner*

                                  MARTIN STONER
                                  900 West End Avenue
                                  New York, New York 10025
                                  (212) 866-5447
                                  jilmar_10025@yahoo.com

**From:** Duncans stubobduncan@gmail.com
**Subject:**
**Date:** June 23, 2020 at 5:47 PM
**To:**

CLASS ACTION OBJECTION
ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

    As a member of the class in the above referenced case, I wish to object to the
Proposed Class Action Settlement before the Court, and respectfully ask the judge to reject this settlement.

I make the following objections:

1.   Having read through all of the material posted on the Settlement web site, I have concluded that the Defendants did fail to meet their Fiduciary Responsibilities to the Participants. Additionally, the record indicates that the Defendants were deliberately misleading in their communications with the Participants, repeatedly, over a long period of time. This Settlement Agreement does nothing to correct this. Trustees remain free to continue the same risky and imprudent investment strategy and are not restrained from continuing to mislead Participants.

2.   The appointment of Andrew Irving to the position of Neutral Independent Fiduciary Trustee, is insufficient, and unacceptably limited in both term and scope. Mr. Irving's role is loosely designated as "4 or 5" years, and he is given no binding oversight authority. His appointment does nothing to repair the structural damage done to our Fund by the Defendants, and does nothing to ensure that the next generation of retirees has any reason to believe their future with this fund is secure.

3.   This Settlement allows the same Trustees who mismanaged our Fund to remain in place, with no restraints placed on future actions. I believe that at a minimum, Trustees Raymond Hair and Christopher Brockmeyer should be removed from their positions as Co-chairs of this Trustee Board.

4.   Although this lawsuit is a Class Action, none of the over 50,000 other class members were reasonably consulted. This Settlement agreement requires that "all Class Members would forever release the Released Claims against the Released Parties". I cannot agree to that for a Settlement this lacking in meaningful remedies.

I certify I have not objected to a class action settlement in the past 5 years
I do not Plan to attend the Fairness Hearing
Signed,

Stuart I. Duncan
970 Bluejay Way
Gallatin, TN 37066
615-415-5053
dduncan692@aol.com

RECEIVED
JUL 02 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
reject the settlement in the above-referenced case because it is not "fair, reasonable,
and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_____ Your written signature*  Printed name*  THOMAS WALSH
Your address* ___ 7924 JASON AVE. WEST HILLS, CA. 91304
Telephone number* 818 426 7074  Your email* TOM@TOMWALSHMUSIC.COM
*required

☑ I have not objected to a class action settlement in the past 5 years
        Choose one of the following:
☐ I do plan to attend the Fairness Hearing (or/choose one)
☑ I do not Plan to attend the Fairness Hearing

RECEIVED
JUL 02 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____

| | |
|---|---|
| : | OBJECTION TO AWARD |
| | OF ATTORNET FEES |
| ANDREW SNITZER and PAUL LIVANT, : | AND NOTICE OF INTENT |
| individually and as representatives of a class of | TO SEEK ADDITIONAL |
| similarly situated persons, on behalf of the | DISCLOSURES |
| American Federation of Musicians Pension Plan, | |
| | |
| Plaintiffs, : | |
| v. : | CIVIL ACTION |
| : | No. 1:17-cv-05361-VEC |
| THE BOARD OF TRUSTEES OF THE | |
| AMERICAN FEDERATION OF MUSICIANS : | |
| AND EMPLOYERS PENSION PLAN, et al. : | |
| : | JUDGE VALERIE E. CAPRONI |
| Defendants, : | |
| : | |
| MARTIN STONER, : | |
| : | |
| Objector. : | |
| _____: | |

Martin Stoner, residing at 900 West End Avenue, New York, New York 10025
("Objector"), files this Objection to Attorney Fees with notice of intent to seek additional
discovery/disclosure in response to Plaintiff's Motion for Attorney Fees.

The Objector intends to argue that Class Counsel abused the legal system for his
own personal gain at the expense of the class members he represents. Legal ethics rules
strictly regulate lawyers' actions in handling case settlements. Quite properly, the
American Bar Association's ("ABA") Model Rule of Professional Conduct ("Model
Rule" or "MR") 1.2(a) and its state equivalents dictate that lawyers may settle cases only
when their clients authorize them to do so. As the Supreme Court held in *Evans v. Jeff D.*,
475 U.S. 717, 727-28 (1986), public interest lawyers are ethically required to accept

settlement offers that deprive lawyers of statutory attorneys' fees when this is best for their clients or when their clients want them to do so.

Objector also intends to argue that there is an inherent "conflict of interest" when a plaintiff's attorney insists on negotiating the amount of damages payable and the award of attorneys' fees at the same time. The conflict arises from the attorney's duty of loyalty because it permits an attorney to take an approach to settlement negotiations that maximizes the attorney's fees at the expense of the client's recovery. A lawyer's unethical conduct, both before and during the litigation, then, is relevant to determining whether counsel is adequate under Rule 23.

Contrary to Class Counsel's claims in its Memorandum of Law, there are many independent objections to the settlement that have already been mailed to the Court. However, the Court has not yet posted them on the docket sheet or ordered that they be posted on the Settlement website so that members of the class and the public can see. This needs to be corrected immediately for public access.

Objector has also seen one objection posted by class member Steven J. Nathan on the AFM-EPW Discussion site on June 23, 2020, which stated in part:

> I have concluded that the Defendants did fail to meet their Fiduciary Responsibilities to the Participants. Additionally, the record indicates that the Defendants were deliberately misleading in their communications with the Participants, repeatedly, over a long period of time. This Settlement Agreement does nothing to correct this. Trustees remain free to continue the same risky and imprudent investment strategy and are not restrained from continuing to mislead Participants.
>
> 2. The appointment of Andrew Irving to the position of Neutral Independent Fiduciary Trustee is insufficient, and unacceptably limited in both term and scope. Mr. Irving's role is loosely designated as "4 or 5" years, and he is given no binding oversight authority. His appointment does nothing to repair the structural damage done to our Fund by the Defendants, and does nothing to ensure that the next generation of retirees has any reason to believe their future with this fund is secure.

3. This Settlement allows the same Trustees who mismanaged our Fund to remain in place, with no restraints placed on future actions. I believe that at a minimum, Trustees Raymond Hair and Christopher Brockmeyer should be removed from their positions as Co-chairs of this Trustee Board.

4. Although this lawsuit is a Class Action, none of the over 50,000 other class members were reasonably consulted. This Settlement agreement requires that "all Class Members would forever release the Released Claims against the Released Parties". I cannot agree to that for a Settlement this lacking in meaningful remedies.

Therefore, since the observations of Mr. Nathan in his objection are similar to those made by Mr. Stoner in his Objection, the comments made by Mr. Schwartz about Martin Stoner that he is "delusional" demonstrates unprofessional conduct from Class Counsel, for which he shall be held legally accountable.

Additionally, the objection that was developed in consultation with Terrence Deneen, a former senior attorney at PBGC, that Mr. Schwartz mistakenly referred to as a "copycat" objection, was deliberately simplified in order to preserve judicial economy by attempting to limit the number of rambling objections to one cogently-presented main objection that everybody could agree to. This so-called "copy-cat" objection was put together with the help and advice of Terrence Deneen, a noted ERISA attorney who received the coveted "Distinguished Career Service Award" when he worked as a senior lawyer and Head of the Insurance Division, at PBGC. This objection represents the point of view of many class members and the Court should construe this objection as valid.

Class Counsel also continues to fail to explain under oath and with any particularity how, when, and where settlement negotiations re: attorneys fees were conducted "at arm's length", as required by law. *Radcliff v. Hernandez*, 818 F.3d 537 (9th Cir. 2016*) (citing Creative Montessori Learning Centers v. Ashford Gear LLC, 662 F.3d 913, 918 (7th Cir. 2011*)).

3

As the Ninth Circuit also stated in *Mendoza v. United States*, 623 F.2d 1338, 1352-1353 (9th Cir. 1980):

> The presence of simultaneously negotiated attorneys' fees should cause the court to examine with special scrutiny the benefits negotiated for the class. It would rarely be an abuse of discretion for a trial court to reject a settlement proposal where such combined negotiation took place.

The appellate courts then review the order approving or disapproving the settlement for an abuse of discretion in light of the circumstances of the case.

This Objector notes that in awarding attorneys' fees, the court must act as a fiduciary or protector of the class. *See In re Fidelity/Micron*, 167 F.3d 735(1st Cir. 1999) at 736; *In re Agent Orange*, 818 F.2d 194 (2d Cir. 1987) at 222. The goal is to make a reasonable award that is fair to both counsel and the class. *See Fidelity/Micron*, 167 F.3d at 737. This is particularly important when plaintiffs' counsel settle both the merits of a case and the attorney fee claim simultaneously, creating a potential conflict of interest that arises between counsel and client and which pits the client against their attorneys.

The preferred practice is to reserve the fee issue until the merits are resolved by litigation or settlement. *Folsom v Butte County Ass'n of Gov'ts*, 32 Cal. 3d 671 (1981) at 668, 681. At that point, the fee issues may be either settled separately or submitted to the court for determination. Class Counsel has created the appearance of impropriety and bad faith by failing to follow a transparent path and to then disclose that outcome to class members and this Court.

The Court has a fiduciary duty to the unnamed class members in this motion to represent the class by compelling the disclosure of this important information prior to any discussion of the appropriateness of legal fees for Class Counsel. Defendant does not care how the $26.5 million is divided up once a damages amount has been jointly agreed upon.

4

Therefore, Class Counsel has violated the ABA Rules of Professional Conduct Rule 3.3,

"Candor Towards the Tribunal", by failing to disclose material facts that Class Counsel is

required to disclose in this *ex parte* motion for legal fees. This failure to disclose is also

evidence of bad faith and the failure to adequately represent the class

.   This approach is best illustrated by the decision in *Mendoza v. United* States,

9623 F.2d 1338, 1352-1353 (9th Cir. 1980):

> We cannot indiscriminately assume, without more, that the amount of fees have
> no influence on the ultimate settlement obtained for the class when, along with the
> substantive remedy issues, it is an active element of negotiation. *See Prandini v.
> National Tea Co.,* 557 F.2d 1015, 1021 (3d Cir. 1977).... Whether the existence of
> this potential conflict requires a trial court to reject a settlement proposal depends
> upon the circumstances of each case. The presence of simultaneously negotiated
> attorneys' fees should cause the court to examine with special scrutiny the benefits
> negotiated for the class.

Thus, this Court has a duty to carefully examine the conduct of all the lawyers for

this settlement at the fairness hearing to learn exactly how this settlement was negotiated

and where attorneys fees fit in. I am therefore asking the Court to order public disclosure

of all communications between the parties with regard to attorneys' fees that are relevant

to the question of "arm's length settlement discussions.

Moreover, Class Counsel has violated the ABA Rules of Professional Conduct,

(as did the lawyers at Proskauer Rose and Cohen Simon) by failing to inform the Court

that Rory Judd Albert of Proskauer Rose had engaged in fraudulent and criminal conduct

when he was Plan Counsel, for which he was fired from the Plan and separated from the

firm. See also ABA Rules of Professional Conduct, Rule 3.3 (b):

> A lawyer who represents a client in an adjudicative proceeding and who knows
> that a person intends to engage, is engaging or has engaged in criminal or
> fraudulent conduct related to the proceeding shall take reasonable remedial
> measures, including, if necessary, disclosure to the tribunal.

5

Therefore, this Objector intends to file a complaint of misconduct against both Class Counsel and Defendant's attorneys for unprofessional conduct for violating the Rules of Professional Conduct with both the applicable authorities in Pennsylvania (where class counsel is located) and New York. Objector further respectfully requests that this Court consider the evidence and conclusions of these ethics complaints first prior to ruling on the approval or rejection of this settlement.

Thank you very much for your consideration.

Dated: July 1, 2020                      _____

                                         Martin Stoner

Copies to all counsel via email