USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW SNITZER and PAUL LIVANT, individually and as representatives of a class of similarly situated persons, on behalf of the American Federation of Musicians and Employers' Pension Plan,

                          Plaintiffs,

v.

THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, THE INVESTMENT COMMITTEE OF THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, RAYMOND M. HAIR, JR., AUGUSTINO GAGLIARDI, GARY MATTS, WILLIAM MORIARITY, BRIAN F. ROOD, LAURA ROSS, VINCE TROMBETTA, PHILLIP E. YAO, CHRISTOPHER J.G. BROCKMEYER, MICHAEL DEMARTINI, ELLIOT H. GREENE, ROBERT W. JOHNSON, ALAN H. RAPHAEL, JEFFREY RUTHIZER, BILL THOMAS, JOANN KESSLER, MARION PRESTON,

                          Defendants.

No. 1:17-cv-5361 (VEC)

**ORDER**

VALERIE CAPRONI, United States District Judge:

       WHEREAS a fairness hearing has been scheduled for August 26, 2020;

       WHEREAS three class members have sought disclosure of additional evidence obtained during discovery in order to evaluate Class Counsel's performance and the proposed settlement agreement, which has received preliminary approval in this Court;

       WHEREAS the documents sought are the depositions of (i) three Meketa witnesses, (ii) Rory Albert, (iii) Ray Hair, and (iv) Chris Brockmeyer ("Depositions"), along with notes of board meetings taken by Plan counsel ("Notes");

WHEREAS Defendants oppose the additional disclosure, contending chiefly that the most relevant information is already captured by the already disclosed expert reports, that public disclosure could create distraction and fodder for unrelated or non-meritorious disputes, and that only three class members have requested additional documents, Dkt. 174 at 2–4;

WHEREAS Class Counsel supports disclosure of the Depositions but argues that the disclosure of the Notes would engender further litigation concerning the scope of the fiduciary exception to privilege, *id.* at 9; and

WHEREAS Class Counsel proposes, as an alternative to the Notes, disclosure of the parties' respective summary judgment statements, which summarize each side's arguments and evidence in a more accessible way, *id.*;

IT IS HEREBY ORDERED that the Depositions are to be disclosed to the class members and posted on the settlement website, no later than **July 15, 2020**.  While the Court agrees that the most probative information is already summarized and disclosed in the existing materials, there is value in allowing class members to review the evidence firsthand.  Furthermore, while only three class members requested additional disclosures, the Court has received many more objections to the final approval of the settlement, and the added transparency may alleviate some class members' concerns.  To the extent that such material could be marshalled in support of non-meritorious objections, counsel has ample opportunity to respond to such objections as they arise.  The Court, however, finds that further litigation preceding any disclosure of the Notes, which have been requested by only one class member, would unnecessarily delay the fairness hearing and eventual resolution of this case; the request for the disclosure of the Notes is, therefore, denied.

IT IS FURTHER ORDERED THAT Class Counsel's request to disclose the parties' summary judgment statements is denied.  The documents were stricken from the record as prematurely submitted.  Accordingly, they are neither judicial documents nor evidence.

**SO ORDERED.**

**Date:  July 13, 2020**
**New York, New York**

                                                                      *Valerie Caproni*
                                                                      **VALERIE CAPRONI**
                                                                      **United States District Judge**