UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW SNITZER and PAUL LIVANT, individually and as representatives of a class of similarly situated persons, on behalf of the American Federation of Musicians and Employers' Pension Plan,<br><br>                                                  Plaintiffs,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, THE INVESTMENT COMMITTEE OF THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, RAYMOND M. HAIR, JR., AUGUSTINO GAGLIARDI, GARY MATTS, WILLIAM MORIARITY, BRIAN F. ROOD, LAURA ROSS, VINCE TROMBETTA, PHILLIP E. YAO, CHRISTOPHER J.G. BROCKMEYER, MICHAEL DEMARTINI, ELLIOT H. GREENE, ROBERT W. JOHNSON, ALAN H. RAPHAEL, JEFFREY RUTHIZER, BILL THOMAS, JOANN KESSLER, MARION PRESTON,<br><br>                                                  Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 07/16/2020<br><br><br>No. 1:17-cv-5361 (VEC)<br><br>**ORDER** |

VALERIE CAPRONI, United States District Judge:

WHEREAS on July 15, 2020, the Court received an email (attached as Exhibit 1) from *pro se* class member Martin Stoner, who has previously objected to the proposed class settlement and requested the disclosure of additional documents obtained by Class Counsel during discovery;

WHEREAS the Court has ordered the disclosure of a subset of the documents requested by Mr. Stoner, Dkt. 175;

WHEREAS Mr. Stoner requests a conference with this Court because he believes that he has not received adequate notice of the filings in this case;

WHEREAS Mr. Stoner also disagrees with the Court's decision declining to order the parties to publicly file privileged attorney notes on the settlement website and has expressed a desire to appeal this Court's ruling;

WHEREAS Mr. Stoner is the only class member to seek disclosure of the attorney notes;

WHEREAS Mr. Stoner also seeks information regarding the parties' negotiation of Class Counsel's proposed attorney's fees;

WHEREAS Mr. Stoner asks the Court to reconsider its rulings; and

WHEREAS Mr. Stoner asks that he and other class members be copied on all filings and communications between the Court and the parties;

IT IS HEREBY ORDERED that Mr. Stoner's requests are denied, for the reasons that follow.  While the Court has carefully considered Mr. Stoner's views as a putative class member and repeatedly ordered the parties to respond whenever there is any conceivable merit to his arguments, Mr. Stoner has not appeared as a party in this case and cannot usurp the role of the class representatives.  Like any other objecting class member, Mr. Stoner may submit his objections for consideration in a timely manner and be heard at the fairness hearing.  There are, however, over 100,000 class members, Dkt. 163, and the Court has an obligation to ensure that the fairness hearing proceeds expeditiously and in the best interests of all members, not merely the most vocal.

Cognizant of some class members' desire to review additional evidence, the Court set July 2, 2020, as the deadline for the submission of such requests; the Court then ordered the parties to respond and thereafter ruled on the disclosure requests, balancing the few class members' desire for additional documents and the entire class's interest in a prompt decision on the fairness of the proposed settlement.  Dkts. 165, 170.  The Court, however, will only order additional submissions if it finds that supplementation would be helpful and would not unduly

delay these proceedings. The Court did not allow Mr. Stoner (or anyone, for that matter) to file reply submissions; nor was there a timely request at any point by Mr. Stoner or any other interested person to file additional papers. While the Court appreciates Mr. Stoner's vigorous advocacy, as a matter of judicial economy and case management, there is a time and place for him to express his views, and specific to the issue of additional disclosures, the Court did not request further filings and has rendered its decision. *See* Dkt. 175.

To the extent that Mr. Stoner seeks reconsideration of the Court's decision to compel disclosure of deposition transcripts but not counsel's notes—assuming that Mr. Stoner can file such a motion without first appearing in this case—he cannot satisfy the requisite standard because he has not provided the Court with any new information that could not have been previously submitted. A motion for reconsideration is simply not a vehicle for re-litigation.

To the extent that Mr. Stoner seeks to appeal this Court's decision, he should seek the advice of an attorney. He may also wish to consult the New York Legal Assistance Clinic free-of-charge, https://www.nysd.uscourts.gov/attorney/legal-assistance.

To the extent that Mr. Stoner seeks further information about Class Counsel's proposed fees, he should review Class Counsel's motion for attorney's fees, which this Court has not yet approved. The Court will independently assess Class Counsel's fee request, consider all timely objections, and ensure that Class Counsel does not receive an unreasonable fee. The extent of Class Counsel's fee negotiations with the Plan's counsel is largely, if not entirely, irrelevant to the Court's assessment; furthermore, defense counsel's response to the fee motion is due on July 27, 2020.

To the extent that Mr. Stoner seeks access to documents filed in this case, he may create an account on PACER and monitor the public docket, as can every other class member or member of the public. Documents that are the most relevant for the evaluation of the settlement

have been made available on the settlement website.  While the Court and the parties have sometimes notified him of case developments as a matter of courtesy, Mr. Stoner is not entitled to more individualized notice than any other unnamed class member in the more than 100,000-person class.  If the Court were to request a specific response from Mr. Stoner, he will receive individualized notice; in all other instances, he will receive notice in the normal course when the document is made available on PACER or on the settlement website.

To the extent that Mr. Stoner seeks to air his grievances at a conference with the Court, his opportunity to do so is at the fairness hearing—at the same time that all other class members are entitled to be heard and to respond to Mr. Stoner's views, should they wish to do so.  There is no doubt that Mr. Stoner is highly invested in the outcome in this case.  Nevertheless, as a matter of fairness and judicial and private resources, the Court cannot schedule a conference whenever a single, unnamed class member does not receive all the relief requested from this Court.

As a matter of courtesy, a copy of this Order has been emailed to Mr. Stoner.

**SO ORDERED.**

Date:  **July 16, 2020**
       **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

## Communications with Chambers

Exhibit 1

martin stoner <jilmar_10025@yahoo.com>
Wed 7/15/2020 5:06 PM

To: Caproni NYSD chambers <CaproniNYSDchambers@nysd.uscourts.gov>
Cc: Myron Rumeld <mrumeld@proskauer.com>; Steven A. Schwartz <steveschwartz@chimicles.com>; Robert J. Kriner <rjk@chimicles.com>; Jani K. Rachelson <jrachelson@cwsny.com>

Dear Judge Caproni,

I respectfully request a conference with the Court because I am feeling left out of important Court deliberations on the very matters that I initially raised with the Court, such as disclosures of confidential depositions and notes. While I realize that I am not, in fact, a party to this case, nevertheless, I strongly believe that the Court has a fiduciary duty to the absent members of the class to keep them properly informed and give them a chance to respond to matters that affect them at this stage of the settlement process in a timely fashion.

On several occasions recently, this Court has made Orders that concern me and which I raised initially with the Court and the Court and the parties then proceeded to leave me out of all letters exchanged on the subject as well as the Court's final order or Memo Endorsement. One time,however,, Mr. Schwartz kindly did forward the Court's memo endorsement and various letters (after the fact). Up to now, I've kept quiet about this. But this does not promote transparency and judicial economical. It means I have to file more and more letters after the fact instead of just one before.

Therefore, in the future I and other objectors wish to be copied by counsel on all letters we write to the Court that concern settlement matters which I or other Objectors have an interest in or that we have raised.There is no reason for the Court not to be transparent about this although likely counsel seeks to avoid my rightful participation. It is likely that a new group of Objectors will shortly be hiring a New York City lawyer soon to represent them. They too will need to be kept informed by the court and counsel.

Yesterday, July 14, 2020 Myron Rumsfeld sent a letter to the Court about the very discovery which I and two other objectors earlier requested and which the Court authorized for disclosure to the class. It is not acceptable that I was not notified about this July 14th letter in time for me to comment on it to the Court. The same thing is true for Defendant's letter to the Court dated July 10, 2020 where Mr. Rumfeld wrote 5 pages of legalize and I was not given an adequate time to fashion a response. For clarification, I am not a lawyer, nor do I pretend to be one. That is why it takes longer for a lay person or objector such as myself to fashion an adequate response. in fact, I did manage to make a partial response for which I spent an entire day first doing lots of legal research even before I could write one word and as a result, I was unable to cover all the points raised by Mr. Rumfeld and the Court. While I appreciate very much the Court's agreeing to disclose much of the discovery I had requested, I was unable to address all the relevant points in the time given.

There were two points that I had wanted to respond to in particular but had no time. First, Mr. Schwartz stated that he did not support the release of the Board of Trustees confidential notes because likely counsel would get involved in extended litigation over the fiduciary exception. The Court, then, accepted Mr. Schwartz reasoning as the grounds for denying my request for disclosure of the notes denying me due process. Let me be perfectly clear, that the denial of these notes will now force me to litigate this matter to the full extent, even if I have to go to the Second Circuit to do it. I will not be by-passed in this matter as a member of the class.

The mere fact that the release may trigger a legal response is not an adequate or reasonable reason for this Court to deny the release of those notes. I therefore respectfully request that the Court's reconsider its Order re: disclosure and give me (and other objectors, if they wish) a chance to fully brief this matter. The release of these notes fits very comfortably within the accepted notion of the fiduciary exception and the type of matters the fiduciary exception explicitly permits. In Washington-Baltimore Newspaper Guild v. The Washington Star Company, 543 F. Supp. 906, 910 (D. D.C. 1982), the Court noted,
"In a trustee relationship, there exists no legitimate need for a trustee to shield his actions from those he is obligated to serve."

So too, I was unable to address Counsel's lame excuse that I got mixed up between the crime fraud exception and the fiduciary exception.

I am here to say that I was not mixed up. Both the crime-fraud exception and the fiduciary exception apply to my request for release of the notes. I have alleged that Proskauer Rose's attorney Rory Albert, was involved in a criminal conspiracy to commit fraud against the participants and beneficiaries of the Plan by conspiring with Defendant

trustees to lie and misstate facts in violation of ERISA §405 both at the 2017 "Roadshows" in New York City, Los Angeles, and Nashville, among others, and in misleading and disloyal comments in Union publications from 2015-2017 sent to participants. This is a matter that none of the expert reports addresses. Therefore, if I am alleging a crime, the crime-fraud exception may apply, even if the complaint itself does not articulate this specific allegation. My objection to the settlement's approval, then, is precisely the fact that this allegation was not included in the amended complaint. The evidence is there. Just use it!

Secondly, Counsel also notes in its letter to the Court of July 10, 2020 on the issue that Meketa and Milliman were not co-fiduciaries. They most certainly do and in Count 4 of the original complaint Mr. Schwartz clearly articulates the definition of co-fiduciary liability under ERISA but fails to include the very investment firms that were responsible for that liability even after 2011. In fact, the speculation that I have heard recently is that the insurance companies that are paying out Proskauer's fees and the settlement damages are looking to sue Meketa and several other investment advisors to get their money back. If these insurance companies can sue Meketa, why can't I? Even the Court, when discussing Meketa in the April 2018 court transcript that I recently re-read notes that it believed Meketa may have had some liability but then quickly points out that Meketa is not one of the Defendants. Why isn't Meketa a co-Defendant?

Third, the Court still has not compelled disclosure of the where, when, and how attorneys fees were negotiated. Mr. Rumfeld states in his notes on document 174 page 4 bottom, that the parties" agreement on fees is documented in the Settlement Agreement, wherein Class Counsel agreed not to apply for more than one-third of the Settlement amount in fees and Defendants reserved the right to Oppose that amount. But I already knew that information, and that is not the disclosure that I requested. I would therefore like to brief this matter again for the Court although if you read thru my letters on the docket, it has already been fully briefed. I therefore respectfully ask that the Court reconsider it's decision.

Finally, I write to inform the Court that yesterday I filed my first complaint of unprofessional conduct against Class Counsel with the Pennsylvania Bar and in the next few days I will have completed complaints of unprofessional conduct against the other lawyers involved in this case with the Appellate Division, First Department. Because these proceedings are confidential, I shall not at this time reveal to this Court the nature of the confidential allegations contained therein.

Respectfully
Martin Stoner, Objector

ERISA §405(a), 29 U.S.C. §1105(a), imposes liability on a fiduciary, in addition to any liability which the fiduciary may have had under any other provision of ERISA, if:

(1) the fiduciary participates knowingly in or knowingly undertakes to conceal an act or omission of such other fiduciary knowing such act or omission is a breach;
(2) the fiduciary fails to comply with ERISA §404(a)(1) in the administration of the specific responsibilities which give rise to the status as a fiduciary, the fiduciary has enabled such other fiduciary to commit a breach; or

(3) the fiduciary knows of a breach by another fiduciary and fails to make reasonable efforts

to remedy it.