UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_07/24/2020_
```

ANDREW SNITZER and PAUL LIVANT, individually and as representatives of a class of similarly situated persons, on behalf of the American Federation of Musicians and Employers' Pension Plan,

Plaintiffs,

v.

THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, THE INVESTMENT COMMITTEE OF THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, RAYMOND M. HAIR, JR., AUGUSTINO GAGLIARDI, GARY MATTS, WILLIAM MORIARITY, BRIAN F. ROOD, LAURA ROSS, VINCE TROMBETTA, PHILLIP E. YAO, CHRISTOPHER J.G. BROCKMEYER, MICHAEL DEMARTINI, ELLIOT H. GREENE, ROBERT W. JOHNSON, ALAN H. RAPHAEL, JEFFREY RUTHIZER, BILL THOMAS, JOANN KESSLER, MARION PRESTON,

Defendants.

No. 1:17-cv-5361 (VEC)

**ORDER**

VALERIE CAPRONI, United States District Judge:

WHEREAS the Court has received additional objections and other communications from class members since July 20, 2020;

WHEREAS among those objections is putative class member Martin Stoner's invitation for the Court to reconsider, again, its prior decision on disclosure of counsel's meeting notes; and

WHEREAS the parties have requested that Mr. Stoner be barred from submitting further objections and letters unless solicited by the Court;

IT IS HEREBY ORDERED that the attached class member communications are filed on ECF for purposes of maintaining an accurate public record.

IT IS FURTHER ORDERED that Mr. Stoner's second request for reconsideration is DENIED.  Although Mr. Stoner disclaims moving for the reconsideration, which he now concedes he cannot do as an unnamed and non-appearing class member, the letter invites the Court to reconsider its decision *sua sponte*, which is nothing more than an attempt to skirt the fact that Mr. Stoner has not appeared in this action.  The request is therefore denied; the Court further notes that it sees no basis for sanctioning Class Counsel, who has complied with this Court's deadlines and orders; nor does Mr. Stoner's request for information related to his ethics complaints or other claims not raised in this case justify disclosure of privileged documents, which would be released not only to class members but to the broader public.

While the parties' request to bar Mr. Stoner from further excessive filings is understandable, the Court does not see a need to do so at this time.  As the parties note, the objections deadline is three days from now, on July 27, 2020.  After that deadline, any unsolicited objections filed by any class member, including Mr. Stoner, will be rejected as untimely, and no further response shall be required.  Mr. Stoner is warned, however, that further attempts to re-litigate issues already decided by the Court may result in sanctions, including a bar against further submissions.  Because the parties' request to bar Mr. Stoner from further submissions is hereby denied, no further response from Mr. Stoner is requested, and any such response will be disregarded as moot.

A copy of this Order has been emailed to Mr. Stoner as a courtesy.


**SO ORDERED.**

**Date:  July 24, 2020**
**New York, New York**                                        **VALERIE CAPRONI**
                                                              **United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____

|  |  |
|---|---|
| : | OBJECTION TO APPROVAL OF FINAL SETTLEMENT AND NOTICE OF INTENT TO APPEAR |

ANDREW SNITZER and PAUL LIVANT,  :
individually and as representatives of a class of
similarly situated persons, on behalf of the
American Federation of Musicians Pension Plan,

         Plaintiffs,    :

         v.    :

           :    CIVIL ACTION

THE BOARD OF TRUSTEES OF THE    No. 1:17-cv-05361-VEC
AMERICAN FEDERATION OF MUSICIANS :
AND EMPLOYERS PENSION PLAN, et al.    :

           :    JUDGE VALERIE E. CAPRONI

        Defendant,    :

           :

MARTIN STONER,    :

           :

        Objector.    :

_____:

Martin Stoner, residing at 900 West End Avenue, New York, New

York 10025 ("Objector"), files this Objection to the proposed Settlement.

STATEMENT

As an initial matter, I did follow the Court's recent suggestion in its

Order of July 16, 2020 that I contact the NYLAC office of the Southern

District of New York for legal advice. They were very helpful to me in

sorting thru various legal issues.

First of all, I now understand that as a non-party objector, I may not

file a motion for reconsideration of the Court's July 16, 2020 Order, Dkt.

171. And, as this Court has already pointed out in its Order, "he cannot

satisfy the requisite standard because he has not provided the Court with any new information that could not have been previously submitted."

However, due to new information that was not previously available, I would respectfully ask the Court to reconsider on its own the release of the notes of the Board meetings to the public without redactions as I previously have requested. This is not a second bite at the same motion, but rather an opportunity to advance the correct adjudication of a matter. Judicial economy favors correction of mistakes as early as possible, before costly and time-consuming appeals begin. Rule 54(b) thus (i) provides that a district court can freely reconsider its prior rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other than that it must do so "before the entry of judgment." Fed. R. Civ.P. 54(b).

> Otherwise, <u>any order or other decision,</u> however designated<u>, that adjudicates fewer than all the claims</u> or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and <u>may be revised at any time before the entry of a judgment</u> adjudicating all the claims and all the parties' rights and liabilities. Fed. R. Civ. P. 54(b) (emphasis added).

There are a number of new developments that have occurred since I filed my initial request for public access with the Court on July 2, 2020, almost three weeks ago. First, upon information and belief, a large group of Objectors have hired an attorney to represent them in the objections phase and to appear fairness hearing. Thus, it is no longer true that there is only a

lone objector who is "the most vocal". Other voices will be heard as well.

Secondly, since the Court's release of the depositions of Christopher Brockmeyer, Raymond Hair, and Plan Counsel, new evidence has been presented not previously available which has revealed new attorney conflicts. As a result, I have now filed complaints of Professional Misconduct against former Plan Counsel Rory Albert, Proskauer litigation counsel, Myron Rumfeld, Class Counsel Steven Schwartz, and Plan Counsel/litigation counsel, Jani Rachelson of Cohen Weiss. The Board notes are very important to further understanding these conflicts of interest.

Third, the Court should follow thru on its prior decision in Dkt. #53 on 11/30/2017 stating that:

> While the Court will permit these redactions at this stage, the parties are forewarned that if the advice of plan counsel become(s) critical to the Court's reasoning, it is likely that the balance of interests will require the unsealing of the information contained in these paragraphs.

Thus, while this Court has an obligation to ensure that the fairness hearing proceeds expeditiously, it is also in the best interests of all members to adopt a consistent approach to the subject of sealed documents.

Last week the Court ordered the parties to post a number of depositions on the settlement website by June 15th. Instead of doing that in an expeditious fashion, the lawyers deliberately put off posting the required depositions under the guise of needing to make time-consuming redactions.

The Court never authorized Defendants to make any redactions in its July 13, 2020 Order.  If they wanted redactions they needed to ask the Court for permission and likely I would have also responded "no redactions". Still they went ahead in contempt of the Court's Orders. This Court needs to enforce its orders and not let lawyers play games here. I want in particular to see the extended redactions in the Ray Hair deposition at page 339, for example.

While they had weeks of advance notice of the potential for posting the requested depositions during which they could have reviewed the files for possible redactions, the lawyers did nothing. Instead they deliberately delayed the posting of the depositions until approximately 11:00 PM on July 15th. The reason they deliberately delayed the posting is that simultaneously, they were aware that the final deadline to post comments to the Treasury website re: proposed MPRA benefit reductions was also 11:59 pm on July 15, 2020. Thus, if the Trustees could arrange a gimmick to wait long enough, then no class member could use the evidence contained in any of the depositions against them in comments to the Treasury on their website. And that is precisely what happened. Thus, all these lawyers need to be sanctioned for their contempt of Court.

There is also additional new evidence to support release of the notes

in the depositions released on or about July 15, 2020 that were not

previously available. The depositions of Chris Brockmeyer, Raymond Hair,

and Rory Albert all refer to conduct by Trustees that appears to allege fraud,

incompetence, or both. For example:

page 193 in the deposition of Rory Albert: Chris Brockmeyer is quoted by
Rory Albert's partner, Mr. Projansky, in a statement dated May 2017, "We
fudged employer contribution numbers for the primary purpose of putting
off a benefit cut that will now be higher".
page 154-155 of Chris Brockmeyer I deposition:  Mr. Raphael (co-chair
employer side of Trustees): "I'm not embarrassed by any of my questions
only because it proves I was not sleeping through the meetings which is
more than at least one union trustee can say."
pg 158 of Chris Brockmeyer I deposition: Mr. Rory Albert wrote on email:
"Prior to Ray Hair taking over [Board of Trustees] minutes used to be more
complete, every speaker was identified, and to my knowledge, no trustee
union or management ever complained about either."
Pg 162 of Chris Brockmeyer Day 1 deposition: Mr. Johnson (employer
Trustee): "I also have misgivings about sanitized minutes that leave the
trustees and their actions and considerations anonymous."
page 176 Rory Albert deposition: Question to Rory Albert:" Do you
remember (Union Plan Counsel) Ms. (Penny)Clark raising the concern that
if you put too much detail in the board minutes that it will result in more
effective cross-examination of trustees should the trustees find themselves in
litigation over their decisions? (this is a reference to the Board minutes of
Union side counsel Penny Clark saying, " "Let's not do it because it's a
source of cross-examination" on page 176 of Rory Albert's deposition
pg. 198: Chris Brockmeyer is quoted in Rory Albert deposition re:  minutes
of January 2015 trustees meeting at Fairmont Santa Monica: ..."at what point
do we put ourselves at risk as fiduciaries for being sued by constituents as
the Plan looks so different from its counterparts."
Pg. 153-154 of Chris Brockmeyer's deposition quoting email from
employer-side Co-Chair of Board of Trustees Alan Raphael: "You must also
caution Penny (Clark) that two sets of minutes likely will make our meetings
even more dysfunctional and be counter productive."

This does not speak well, in my opinion, about the dysfunction on the Board of Trustees. No wonder our Fund needs stricter governance provisions and to get rid of Ray Hair, Chris Brockmeyer, and several other Trustees and Plan Counsels. I believe that the Court has a fiduciary duty to the members of the Class to investigate any evidence of criminal conduct including fraud and misrepresentation. The Court should not approve this settlement while there is still at least the appearance of fraud and conflicts of interest from the new depositions and my recent complaints to the several Attorney Grievance Committees.

Therefore, production of the notes of Plan Counsel is relevant to the approval of the settlement and the inadequate Governance Provisions to fix the dysfunction of the Trustees in their administrative capacity to members of the class. The new governance procedures to choose replacement Trustees does not have enough teeth to make any substantive change to the dysfunction of the trustees in their administrative capacity. *See In re Long Island Lighting Company* 129 F.3d 268 (2d Cir. 1997).

> An ERISA fiduciary has an obligation to provide full and accurate information to the plan beneficiaries 272 regarding the administration of the plan. *See Martin v. Valley National Bank*, 140 F.R.D. 291, 322 (S.D.N.Y. 1991). As part of this obligation, the ERISA fiduciary must make available to the beneficiary, upon request, any communications with an attorney that are intended to assist in the administration of the plan. Id. (citing  George Gleason Bogert George Taylor Bogert, The Law of Trusts and Trustees, Section(s) 961 at 11

(rev. 2d ed. 1983)). An ERISA fiduciary cannot use the attorney-client privilege to  narrow the fiduciary obligation of disclosure owed to the plan beneficiaries. *See Riggs Nat'l Bank v. Zimmer*, 355 A.2d 709, 713-14 (Del.Ch. 1976). Thus, an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration. This principle is the "fiduciary exception" to the attorney-client privilege.

Instead of filing costly and meaningless expert reports and depositions, Class Counsel should have hired a private investigator to verify that indeed the Trustees often employed two sets of minutes for Board meetings for a corrupt purpose, that they edited out the names of Trustees to make it more difficult to cross-examine and reduce transparency, and that at least one of the Trustees may have had a sexual relationships with two attorneys of Plan Counsel's firm and also had personal investments at the same investment firms that were chosen by the Trustees. Rather than accepting Defendant's word in the depositions of Rory Albert, Chris Brockmeyer, and Raymond Hair that they had no outside relationships with financial firms or firm lawyers, Class Counsel should have investigated first that fact by hiring a private investigator before even asking a questions on this subject at a depositions. See Deposition of Ray Hair at pages 321-322.

Any good lawyer knows that you don't ask a question unless you already know the answer. A "no" answer, therefore, is not dispositive if you haven't done your homework. So, clearly Class Counsel must have known

7

something when he asked Raymond Hair if he ever had a sexual relationship

with an attorney at former union-side Plan Counsel Bredhoff & Kaiser and

then moved on in 2016 to still another sexual relationship with an attorney at

Cohen Weiss which resulted in Cohen Weiss being hired in late 2016 as

replacement union side counsel. The Chris Brockmeyer deposition discusses

how the Bredhoff & Kaiser formal relationship ended at the insistence of

only one member of the Board of Trustees, Raymond Hair. See Deposition

of Ray Hair at Page 322 and Deposition of Chris Brockmeyer at pages 199-

201. As distinguished member of the class Dennis Dreith posted on the

AFM-EPF Discussion group website on July 21, 2020:

> It is painful to read thru the entire transcripts, but in doing so you do
> get a very disturbing glimpse into what a disservice to musicians the
> Trustees have done.

Another distinguished class member, Chris Leuzinger, also writes on the

AFM-EPF Discussion group website on July 21, 2020:

> Definitely shows the true colors of the people we have been required
> to trust with our pension. This is not defendable and we should have
> the power to get rid of these folks and bring in …people trustees we
> can actually trust.

This Court therefore needs to take that into consideration and

investigate further before deciding to approve or reject this settlement.

I believe that the Court should also not pay much attention to the

forthcoming July 27th legal brief from Myron Rumfeld re: Plaintiff's motion

for attorneys fees and how legal fees were negotiated. We need to hear first from Class Counsel from Steven Schwartz in his own words under oath about how attorney's fees were negotiated. So far he's said nothing at all in the documents filed on the Court docket and so Mr. Rumfeld should not be speaking for Class Counsel unless he is colluding with him.

While I realize that the Court has taken the position that MPRA is unrelated to the allegations in the complaint, I suggest that the reason that MPRA is not mentioned in the complaint is likely a product of collusion between Class Counsel and Defendants. Upon information and belief, when Class Representatives first sought legal representation, they interviewed lawyers to file a criminal complaint against the Plan Trustees. While Mr. Schwartz is correct that he was the only one willing to take the *Snitzer* case, he only agreed to take it as a civil matter and failed and refused to represent Class Members on their allegations that the Trustees, their representatives, and assigns, engaged in additional criminal conduct, i.e., fraud, and misrepresentation, and perjury.

The MPRA legislation was enacted in December 2014, well within the class period that the complaint encompasses. And just as the Trustees failed to be transparent in their communications with class members about everything the Plan's financial condition, they also were not transparent

9

about MPRA. The amended complaint heading on page 67 mentions
miscommunication by the Trustees about projected insolvency dates and
other financial matters, but deliberately omits any reference to misrep-
resentation and inaccurate information repeatedly given to members of the
class about MPRA.

Under the heading, "Defendant's Disloyal Withholding of Information
From Participants" on page 67 of the amended complaint, there is no
mention of this misrepresentation at "2017 Roadshows" or in articles in
Union publications from 2015-2017 that stated erroneously that MPRA does
not even apply to the AFM-EPF. This is evidence of deliberate collusion
between the parties, in my opinion. Thus, this settlement is not adequate, fair,
or reasonable because it does not address the full range of criminal activities
engaged in by the Trustees, their representatives, and assigns.  Members of
the class and this Court should not approve a settlement that whitewashes
the criminal conduct of the Trustees and obligates releases for this illegal
conduct if the settlement is approved. .

First of all, in 2014, our Trustees went behind our backs to advocate
for MPRA to avoid taking personal responsibility (and liability) for their
imprudent and risky investment losses. The Board of Trustees paid dues of
$27,500/year to an organization called the National Coordinating Committee

of Multiemployer Plans ("NCCMP"), for that privilege in order to advocate

for legislation that would permit cuts to multi-employer pension funds. Two

of our AFM-EPF Trustees, Chris Brockmeyer, and William Moriarity, still

sit on the Board of Trustees and Steering Committee of NCCMP. Chris

Brockmeyer's biography on the NCCMP clearly states, " He was actively

involved in the development and passage of the Multiemployer Pension

Reform Act of 2014 ("MPRA").

I believe that it is a conflict of interest for one of our pension trustees

to sit on the Board of NCCMP, an organization that was working against the

best interests of class members. On August 27, 2019, I wrote to NCCMP and

asked them to remove our Trustees on their Board because they had a

conflict of interest (see Exhibit 1). Michael Scott, the CEO of NCCMP, then

wrote me back saying that he declined to remove Moriarity and Brockmeyer.

So then I filed a complaint with the District of Columbia Attorney General's

Office stating that NCCMP's website gave false information when it stated

on its home page that they represented "unions, employers, pension funds,

participants and beneficiaries".

In my complaint, I stated that NCCMP had repeatedly worked against

participants and failed to represent them because participants and

beneficiaries were not allowed to join NCCMP as members and pay dues as

11

members of NCCMP; only unions, employers, and Plans could do that.
Eventually, NCCMP did remove the reference on their home page to
"participants and beneficiaries" and replaced it with "plan professionals"
which includes actuaries, accountants and lawyers. *See www.NCCMP.org*

In September 2019 I also had a one-on-one meeting with CEO
Michael Scott of NCCMP in the Boardroom of their offices in the
AFLCIO's headquarters building in Washington DC. In the meeting Mr.
Scott admitted that Chris Brockmeyer and Bill Moriarity were very active
and important in advocating for MPRA and also that they even helped to
write parts of the legislation. I believe as a class member that such disloyalty
cannot be tolerated and they must be punished appropriately, which this
settlement does not address. Thus the settlement is inadequate and unfair.

There now needs to be a complete "Plan Reformation", as per the
Second Circuit's "Amara" litigation, to change the Plan rules to make the
Trustees more accountable, get rid of the administrative dysfunction, and to
have strong third-party oversight so that Trustees can be held accountable
for their actions. Therefore, this settlement is inadequate, unfair, and
unreasonable.

Finally, in the Court's Order dated July 16, 2020, Dkt. 171, the Court
may want to reconsider when it stated:

The extent of Class Counsel's fee negotiations with the Plan's counsel is largely, if not entirely, irrelevant to the Court's assessment; furthermore, defense counsel's response to the fee motion is due on July 27, 2020.

The Court appears to have forgotten my legal research that appears in my opposition to Plaintiff's Motion for Attorney fees, wherein I write:

This Objector notes that in awarding attorneys' fees, the court must act as a fiduciary or protector of the class. *See In re Fidelity/Micron*, 167 F.3d 735(1st Cir. 1999) at 736; *In re Agent Orange*, 818 F.2d 194 (2d Cir. 1987) at 222. The goal is to make a reasonable award that is fair to both counsel and the class. *See Fidelity/Micron*, 167 F.3d at 737. This is particularly important when plaintiffs' counsel settle both the merits of a case and the attorney fee claim simultaneously, creating a potential conflict of interest that arises between counsel and client and which pits the client against their attorneys.

And:

This approach is best illustrated by the decision in *Mendoza v. United States*, 623 F.2d 1338, 1352-1353 (9th Cir. 1980):
We cannot indiscriminately assume, without more, that the amount of fees have no influence on the ultimate settlement obtained for the class when, along with the substantive remedy issues, it is an active element of negotiation. *See Prandini v. National Tea Co.*, 557 F.2d 1015, 1021 (3d Cir. 1977)....
Whether the existence of this potential conflict requires a trial court to reject a settlement proposal depends upon the circumstances of each case. The presence of simultaneously negotiated attorneys' fees should cause the court to examine with special scrutiny the benefits negotiated for the class.

Thus, this Court has a duty to carefully examine the conduct of all the lawyers and Trustees for this settlement at the fairness hearing to learn exactly how this settlement was negotiated and where attorney's fees fit in. I am therefore again asking the Court to order public disclosure of all relevant

communications between the Parties with regard to both "arm's length"

settlement negotiations and attorney's fees.

Thank you very much for your time and your consideration, Your

Honor.

CONCLUSION

For all these reasons, I object to the final approval of the proposed

settlement and ask the Court on its own to reconsider all aspects of its Order

Dated July 16, 2020 as discussed herein.

Dated:  New York, New York
        July 22, 2020

Respectfully submitted,

_____

MARTIN STONER
900 West End Avenue
New York, New York 10025
(212) 866-5447
jilmar_10025@yahoo.com

## Hello!

**From:** martin stoner (jilmar_10025@yahoo.com)

**To:** nccmp@nccmp.org

**Bcc:** jilmar_10025@yahoo.com

**Date:** Tuesday, August 27, 2019, 10:05 AM EDT

*Exhibit 1*

Hello,

I am a current plan participant in the American Federation of Musicians & Employers Pension Fund. On your website you state that you are "a non-profit, non-partisan organization... dedicated exclusively to the advocacy and protection of multi-employer plans, their sponsors, participants, and beneficiaries". Yet, on your website you also present no information about your outreach to plan participants and beneficiaries. There is no data in your 2018 report to the Bipartisan Committee in Congress or in any of NCCMP's letters or recommendations made to federal agencies or legislative bodies that reflect any actual meetings with or connection to any plan participants. That is a fundamental betrayal of your public trust and violates a number of laws.

Today, I was in touch with the Office of Public Advocacy Public Integrity Section of the Attorney General of the District of Columbia and they suggested to me that your conduct may violate public integrity and other laws in the District of Columbia. However, they also suggested that before filing my complaint, that I give you an opportunity to meet with representatives of plan participants such as myself and also other participant groups, I give you a chance to advocate on my and other participant's behalfs with Congress before filing any complaint. Therefore, I respectfully request that beginning today, you reach out to me and other groups including the Musicians for Pension
Security in order that you can begin to faithfully represent my interests as a plan participant based upon actual interviews and advocacy on my behalf . For the record, I do not support any cuts to any present or future beneficiaries, nor do I support the GROW ACT IOF 2018 legislation that you have endorsed which also continues to advocates cuts to current plan beneficiaries and future beneficiaries.

I will give you until 5:00 PM on this Friday, August 30th to respond to my complaint herein before filing a formal complaint with the DC Attorney General's office and I am notifying members of Congress now that you have failed to represent my interests according to  your stated not-for-profit mandate.

Thank you very much for your consideration in this matter.

Sincrely,

Martin Stoner



RECEIVED

JUL 23 2020

VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

July 9, 2020

**Governing Board**
Meredith Snow, Chair
Paul Austin, President
Laura Ross, Secretary
Michael Moore, Treasurer
Peter de Boor, Editor *Senza Sordino*
Keith Carrick, Member-At-Large
Micah Howard, Member-At-Large
Greg Mulligan, Member-At-Large
Dan Sweeley, Member-At-Large
Kevin Case, General Counsel

**Member Orchestras**
Alabama Symphony Orchestra
Atlanta Symphony Orchestra
Baltimore Symphony Orchestra
Boston Symphony Orchestra
Buffalo Philharmonic Orchestra
Charlotte Symphony Orchestra
Chicago Lyric Opera Orchestra
Chicago Symphony Orchestra
Cincinnati Symphony Orchestra
The Cleveland Orchestra
Colorado Symphony Orchestra
Columbus Symphony Orchestra
Dallas Symphony Orchestra
Detroit Symphony Orchestra
The Florida Orchestra
Fort Worth Symphony Orchestra
Grand Rapids Symphony
Grant Park Orchestra
Hawaii Symphony Orchestra
Houston Symphony
Indianapolis Symphony Orchestra
Jacksonville Symphony
Kansas City Symphony
Kennedy Center Opera House Orchestra
Los Angeles Philharmonic
Louisville Orchestra
Metropolitan Opera Orchestra
Milwaukee Symphony Orchestra
Minnesota Orchestra
Nashville Symphony
National Symphony Orchestra
New Jersey Symphony Orchestra
New York City Ballet Orchestra
New York City Opera Orchestra
New York Philharmonic
North Carolina Symphony
Oregon Symphony Orchestra
The Philadelphia Orchestra
Phoenix Symphony
Pittsburgh Symphony Orchestra
Orquesta Sinfónica de Puerto Rico
Rochester Philharmonic Orchestra
Saint Louis Symphony
The Saint Paul Chamber Orchestra
San Antonio Symphony
San Diego Symphony Orchestra
San Francisco Ballet Orchestra
San Francisco Opera Orchestra
San Francisco Symphony
Symphoria
Utah Symphony
Virginia Symphony Orchestra

Honorable Judge Valerie Caproni
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Caproni,

As the governing body of the International Conference of Symphony and Opera Orchestras (ICSOM), we are writing in support of the settlement that was reached in the case of *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC.

ICSOM, a player conference within the AFM, represents 52 orchestras across the United States. Of those 52 orchestras, 41 rely on the Fund for all or part of the retirement benefit of their musicians. All 52 orchestras make payments to the Fund for media work.

We have of course been aware of this lawsuit and have followed its progress closely. We have also carefully reviewed the materials available on the settlement website. As participants in the Fund and as union representatives of our ICSOM orchestras, we have assiduously followed the Trustees' actions in overseeing the Fund for many years. For decades, the Trustees or Fund representatives have made occasional presentations to our membership at our yearly ICSOM conference, and these presentations have been annual since at least 2007. In addition, we have attended Fund presentations both at the triennial AFM Convention and at our local union offices.

We feel strongly that this lawsuit has distracted the Trustees for long enough. We do not believe that the Trustees are to blame for the Fund's problems, which are complicated and long-standing. We have closely observed the changes these Trustees have made over the last years and believe they are attempting to address those problems as best they can in all good faith. Punishing the Trustees and tying their hands is no solution to the issues facing the Fund.

We are close observers, indeed at times targets, of the heated battles going on within our Union over the Fund. We believe that this lawsuit has been used as a political tool to divide our membership and sow enmity. This must stop—it is time to put this lawsuit behind us. The substantial payment which the Fund would receive if the settlement is approved (at least $17 million) would be a huge help to the Fund—especially in this time when all our work and live performances are suspended for the duration of the COVID-19 pandemic.

We hope that the Court will approve this settlement. We certify that we have not commented on or objected to another class action settlement in the past five years. None of us has plans to attend the Fairness Hearing.

Thank you for your attention.

With all due respect,

Meredith Snow, ICSOM Chair
Los Angeles Philharmonic

Paul Austin, ICSOM President
Grand Rapids Symphony

Michael Moore, ICSOM Treasurer
Atlanta Symphony Orchestra

Peter de Boor, ICSOM *Senza Sordino* Editor
Kennedy Center Opera House Orchestra/
Washington National Opera Orchestra

Keith Carrick, ICSOM Member at Large
Utah Symphony

Micah Howard, ICSOM Member at Large
Pittsburgh Symphony Orchestra

Greg Mulligan, ICSOM Member at Large
Baltimore Symphony Orchestra

Dan Sweeley, ICSOM Member at Large
Buffalo Philharmonic Orchestra

ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

RECEIVED
JUL 23 2020
VALERIE CAPRONI
U.S. DISTRICT JUDGE
S.D.N.Y.

CLASS ACTION OBJECTION
RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

Dear Judge Caproni,
I am a member of the class in the above referenced case, and I wish to object to the Proposed
Class Action Settlement before the Court.

I am currently retired, with 33 years as a fully vested AFM union member. I am 70 years old,
and I'm counting on my pension in my retirement, but I am facing a 40% cut.

I object to this settlement because it leaves the Fund Trustee Board intact, does nothing to
compel the Defendants to change their management methods, and it imposes no oversight of
the Trustees.

During the course of this lawsuit, numerous references were made to the inappropriate and
risky investment strategy pursued by the AFM-EPF.

A court filing by the attorney for the plan participants, Steven Schwartz, stated "[The AFM-
EPF's] allocations to risky asset classes were so far out of the norm that none of the witnesses,
including Defendants' [trustees'] own experts, have identified any other Taft-Hartley
[multiemployer] or other large pension plan with a similarly uber-aggressive asset allocation."
He continued: "The undisputed record reflects that our Trustees' asset allocations were
objectively out of the norm. So far out, in fact that you yourself, your Honor, had previously
commented, calling the trustees' investment approach "extraordinarily risky," and said the
following: "I mean they adopted an exceedingly risky strategy and that is part of the gestalt of
the facts."

The fact that the very same people who created this pension crisis are still in place, facing
no real consequences for the perfidy of their actions, is particularly galling, especially at this
time of economic insecurity and pandemic crisis. At the very least, the AFM-EPF should be
prevented from pursuing the pension reductions they have applied for through the Treasury
Department.

Thank you for your attention to this extremely important matter.

I certify I have not objected to a class action settlement in the past 5 years

I do not Plan to attend the Fairness Hearing

Sincerely,

Jeff Southworth
35 Cavalry Road
Westport, CT 06880
203-247-4005
jsouth2207@gmail.com

# OBJECTION TO CLASS ACTION SETTLEMENT

ATTN. The Honorable Valerie J. Caproni, U.S.D.C.J. United States District Court For The
   Southern District of New York 40 Foley Square New York, New York 10007

RE: *Snitzer and Livant v. The Board of Trustees of the American Federation of Musicians
   and Employers' Pension Fund, et al.*, No. 1:17-cv-05361-VEC)

We, the undersigned members of the class do hereby respectfully request that Your Honor
   reject the settlement in the above-referenced case because it is not "fair, reasonable,
   and adequate."
We would like to make three specific objections:

1. The settlement is not reasonable as it lacks meaningful restraints on the Plan Trustees
   and Plan Advisors going forward. The Trustees can still hire the same money managers,
   and continue to pursue the same "exceedingly risky" investment policies. The
   Independent Neutral Fiduciary has no formal legal power to force the Trustees to make
   more prudent and conservative investments, while still remaining diversified.

2. The settlement is not adequate given that the Plan has a long history of mismanagement.
   If the job of the Independent Neutral Fiduciary is limited to only 4-5 years, it is unrealistic
   to expect that they can have much of a positive impact. Therefore, a much longer period
   is needed. Additionally, the monitor must have the mandate to notify the Court of any
   breach of fiduciary duty by the Trustees and/or their advisors.

3. The settlement is unfair because there needs to be restrictions on the Trustees' use of
   Plan resources (e.g. email lists and on-line communications, etc.) to disparage the Class
   Members, and Class Representatives, Paul Livant and Andrew Snitzer, and to
   unwarrantedly characterize the settlement as a victory for the trustees, as they have
   already done. Continued public statements should be factual and non-disparaging.

Sincerely,

_____   _____ Your written signature*  Printed name* Jeffrey H. Jones
Your address* __11208 BLIX ST, NORTH HOLLYWOOD, CA 91602__
Telephone number*(818) 632-6805 ___ Your email* jeffjones60@earthlink.net
*required

☒ I have not objected to a class action settlement in the past 5 years
         Choose one of the following:
☒ I do plan to attend the Fairness Hearing (or/choose one)
☐ I do not Plan to attend the Fairness Hearing

RECEIVED
JUL 23 20
U.S. DISTRICT

CLASS ACTION OBJECTION

ATTN. The Honorable Valerie J. Caproni
United States Courthouse,
Southern District of New York
40 Foley Square
New York, New York 10007

RE: Snitzer and Livant v. The Board of Trustees of the American Federation
of Musicians and Employers' Pension Fund, et al., No. 1:17-cv-05361-VEC)

   As a member of the class in the above referenced case, I wish to object to the
Proposed Class Action Settlement before the Court, and respectfully ask the judge to reject this
settlement.

I make the following objections.

1.   Having read through all of the material posted on the Settlement web site, I have concluded that the
Defendants did fail to meet their Fiduciary Responsibilities to the Participants. Additionally, the record
indicates that the Defendants were deliberately misleading in their communications with the Participants,
repeatedly, over a long period of time. This Settlement Agreement does nothing to correct this. Trustees
remain free to continue the same risky and imprudent investment strategy and are not restrained from
continuing to mislead Participants.

2.   The appointment of Andrew Irving to the position of Neutral Independent Fiduciary Trustee, is
insufficient, and unacceptably limited in both term and scope. Mr. Irving's role is loosely designated as "4
or 5" years, and he is given no binding oversight authority. His appointment does nothing to repair the
structural damage done to our Fund by the Defendants, and does nothing to ensure that the next
generation of retirees has any reason to believe their future with this fund is secure.

3.   This Settlement allows the same Trustees who mismanaged our Fund to remain in place, with no
restraints placed on future actions. I believe that at a minimum, Trustees Raymond Hair and Christopher
Brockmeyer should be removed from their positions as Co-chairs of this Trustee Board.

4.   Although this lawsuit is a Class Action, none of the over 50,000 other class members were
reasonably consulted. This Settlement agreement requires that "all Class Members would forever release
the Released Claims against the Released Parties". I cannot agree to that for a Settlement  this lacking in
meaningful remedies.

I certify I have not objected to a class action settlement in the past 5 years
I do not Plan to attend the Fairness Hearing

Signed

John Clark
711 Amsterdam Ave. #18N
New York, NY 10025
917.612.3225
jtcsr1@gmail.com

RECEIVED
JUL 23 2020
V.
I.S.
S.D.N.   OE