USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/06/2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ANDREW SNITZER and PAUL LIVANT, individually and as representatives of a class of similarly situated persons, on behalf of the American Federation of Musicians and Employers' Pension Plan,

Plaintiffs,

17-CV-5361 (VEC)

- against -

THE BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, ET AL.,

Defendants.

### AMENDED FINAL APPROVAL OF THE SETTLEMENT AGREEMENT; AMENDED FINAL JUDGMENT; AMENDED AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS; AND AMENDED ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS**, Plaintiffs Andy Snitzer and Paul Livant, individually and on behalf of Class Members and the American Federation of Musicians and Employers' Pension Plan (the "Plan"), and Defendants The Board of Trustees of the American Federation of Musicians And Employers' Pension Fund (the "Board of Trustees"), The Investment Committee of The Board of Trustees of the American Federation of Musicians and Employers' Pension Fund (the "Investment Committee"), as well as Raymond M. Hair, Jr., Augustino Gagliardi, Gary Matts, William Moriarity, Brian F. Rood, Laura Ross, Vince Trombetta, Phillip E. Yao, Christopher J.G. Brockmeyer, Michael DeMartini, Elliot H. Greene, Robert W. Johnson, Alan H. Raphael, Jeffrey Ruthizer, Bill Thomas, Marion Preston, and JoAnn Kessler (collectively, the "Defendants") (with Plaintiffs collectively referred to herein as the "Parties"), have agreed to settle the above-captioned matter (the "Action") on the terms and conditions set forth in the Settlement Agreement dated March 25, 2020 and all exhibits thereto;

**WHEREAS**, on May 18, 2020 (ECF #163), this Court entered a Preliminary Approval Order that conditionally certified pursuant to Federal Rule of Civil Procedure 23(b)(1)A) and 23(b)(1)(B), a non-opt out class consisting of:

> All participants and beneficiaries of the American Federation of Musicians and Employers' Pension Plan during the Class Period, excluding Defendants and their beneficiaries (the "Settlement Class").

**WHEREAS**, in the Preliminary Approval Order, the Court appointed, for the purposes of the Settlement only, Plaintiffs Andy Snitzer and Paul Livant as Class Representatives of the Settlement Class and Steven A. Schwartz and Robert J. Kriner of Chimicles Schwartz Kriner & Donaldson-Smith LLP, and their firm Chimicles Schwartz Kriner & Donaldson-Smith LLP as Class Counsel.

**WHEREAS**, in the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") directed to members of the Class;

**WHEREAS**, on June 9, 2020, the Plan caused the Notice to be emailed or mailed to members of the Class for whom Plan records included an email or mailing address, which informed members of the Class of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement; (ii) the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; (iii) whether to approve the payment of the Service Awards to the Class Representatives and the amount of the Service Awards; and (iv) any objections by members of the Class to any of the above that were timely and properly served in accordance with the Preliminary Approval Order;

**WHEREAS**, in recognition that Plan records did not include either an email or mailing address for some Class Members, the Plan caused the Notice to be published at www.afm-

epfsettlement.com (the "Settlement Website") on June 9, 2020 and also included a link to the Settlement Website on a scrolling banner on the Plan's website at www.afm-epf.org. Additionally, Defendants' counsel arranged for a call-out box with a link to the Settlement Website to be published in the monthly magazine of the American Federation of Musicians for two consecutive months beginning in June 2020, when the Notice was sent to Class Members;

WHEREAS, Defendants provided notice to the appropriate state and federal officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715;

WHEREAS, on June 25, 2020, Class Counsel filed an application for Attorneys' Fees and Expenses, Service Awards to Class Representatives (the "Fee Application"), in which Class Counsel also applied to the Court for a release by Class Members of the Class Representatives and responded to some of the objections of Class Member Martin Stoner;

WHEREAS, on July 27, 2020, Defendants responded to the Fee Application, as well as to some of the objections filed as of that date;

WHEREAS, on or about July 29, 2020, an Ad Hoc Coalition consisting of nearly 70 individuals opposed to the Settlement (the "Ad Hoc Objectors"), filed with the Court an Objection of Ad Hoc Coalition Opposed to the Class Action Settlement Agreement, ECF #186, opposing various aspects of the Settlement, including that the release provided in Section 2.22.1 of the Settlement Agreement is not narrowly tailored and could be construed to release investment-related claims arising after the OCIO Management Date (as defined in the Settlement Agreement);

WHEREAS, on August 10, 2020, Defendants filed a Response to the Objection of Ad Hoc Coalition Opposed to the Class Action Settlement Agreement, in which Defendants explained that claims targeting the types of investment-related decisions that were the focus of

3

the lawsuit and that post-date the OCIO Management Date would not be released because these claims – no matter how they are characterized – would necessarily be directed at new decisions, based on new factual allegations, rather than a continuity of claims previously challenged (ECF#189);

**WHEREAS**, on August 11, 2020, Fiduciary Counselors, Inc., acting as the Independent Settlement Evaluation Fiduciary, approved and authorized the Settlement on behalf of the Plan in accordance with Prohibited Transaction Exemption 2003-39 ("PTE 2003-39"), but conditioned its determination on the Court making clear that the limits explained by Defendants in ECF#189 apply with respect to the release and the injunction against future claims;

**WHEREAS**, on August 12, 2020, Plaintiffs moved unopposed for final approval of the Settlement and responded to the various objections to the Settlement filed by class members and responded to the objections related to Class Counsel's request for attorneys' fees and reimbursement of expenses filed by class member Martin Stoner and by Defendants ("Plaintiffs' Motion for Final Approval");

**WHEREAS**, the Court conducted a hearing on August 26, 2020 (the "Fairness Hearing") to consider, among other things, (1) whether the proposed Settlement on the terms and conditions provided for in the Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's Attorneys' Fee and Cost application is reasonable and should be approved; (3) whether Plaintiffs' request for Service Awards is reasonable and should be approved; and (4) whether this Final Approval Order should be entered dismissing with prejudice all claims asserted in the Action against Defendants;

**WHEREAS**, this Court finds that the papers are detailed and sufficient to rule on Plaintiffs'

4

Motion for Final Approval and the Fee Application on the papers; and

**WHEREAS**, this Court, having heard from Class Counsel on behalf of the Settlement Class, and from Defendants' Counsel, and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement and the Fee Application;

**WHEREAS**, on September 9, 2020, the Ad Hoc Coalition of Objectors ("Ad Hoc Objectors") filed a new motion for an award of attorneys' fees ("New Motion"), Dkt. 212; and

**WHEREAS**, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

**ORDERED, ADJUDGED, DECREED, AND FOUND THAT:**

1.      This case arises out of Plaintiffs' allegations, *inter alia*, that Defendants violated the Employee Retirement Income Security Act of 1974, as amended, and breached their fiduciary duties in connection with certain investment decisions they made and the processes used by them to make those decisions from 2010 to the OCIO Management Date in 2017.

2.      After extensive settlement negotiations, including a formal mediation, the Parties agreed to settle this case. This Final Approval Order and Judgment incorporates and makes a part hereof the Settlement Agreement (ECF #139-1)

3.      The Settlement Agreement provides substantial and meaningful relief to the Settlement Class, including the payment of at least $17 million to the Plan and the Plan Trustees' agreement to implement the Governance Provisions specified in Section 8 of the Settlement Agreement.

4.      The Settlement Class as provided in the Preliminary Approval Order is

unconditionally certified as a non-opt out class pursuant to Federal Rule of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B). The Court finds, in the specific context of this Settlement, that the following requirements are met:  (a) the number of Class Members is in the thousands and is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Plaintiffs' claims are typical of the claims of the Class Members they seek to represent for purposes of this Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) prosecuting separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants; (f) Defendants have acted on grounds that apply generally to the Settlement Class, so that the benefits provided in the Settlement Agreement are appropriate for the Settlement Class as a whole; (g) questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (h) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

5.     The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by trial of a class action involving the issues in the Action.

6.     For the purposes of Settlement only, Plaintiffs Andy Snitzer and Paul Livant are confirmed as the Class Representatives of the Settlement Class, and Steven A. Schwartz and Robert J. Kriner of Chimicles Schwartz Kriner & Donaldson-Smith LLP and their firm are confirmed as Class Counsel.

7.      Notice to the members of the Settlement Class required by Federal Rule of Civil

6

Procedure 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class, has satisfied the requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and all other applicable laws.

8. Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* by timely mailing notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to appropriate state and federal officials under the Class Action Fairness Act. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

9. Various class members in addition to the Ad Hoc Objectors and Martin Stoner have filed objections to the Settlement. The Court has carefully reviewed all objections to the Settlement and the Parties' responses thereto and overrules all of the objections to the Settlement for the reason set forth on the record at the Fairness Hearing.

10. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects, and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class. Plaintiffs and Defendants are directed to promptly consummate the Settlement in accordance with the Settlement Agreement and to comply with all of its terms.

11. The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Defendants, Plaintiffs, the Class Members, or Released Parties.

12.     The Action is hereby dismissed, with prejudice, on the merits, as against the Defendants, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein and in the Settlement Agreement. For those defendants who were dismissed without prejudice during the pendency of the litigation, namely Maureen Kilkelly, Andrea Finkelstein, Harold Bradley, Lovie Smith-Wright, Melinda Wagner, Thomas Lee, and William Foster (*see* ECF Nos. 39, 71), the Action is dismissed with prejudice as to them as well.

13.     Plaintiffs, each Class Member, and the Plan shall be deemed to have, and  by operation of this Final Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Claims against the Released Parties in the manner(s) set forth in the Settlement Agreement.  For the avoidance of doubt about the scope of the release, the Court hereby finds that the release is limited to the period before the OCIO Management Date with respect to decisions regarding (i) the Plan's asset allocation, investment return and risk objectives, and the selection (including of the Plan's OCIO), retention, monitoring, oversight, compensation, fees, or performance of the Plan's investments or its investment managers; (ii) investment-related fees, costs, or expenses charged to, paid, or reimbursed by the Plan; (iii) disclosures or failures to disclose information regarding the Plan's investments and/or funding; or (iv) any alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions in connection with (i) through (iii) above.

14.     Plaintiffs, each Class Member, and the Plan are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims in the manner(s) set forth in the Settlement Agreement consistent with paragraph 13 above.

15.     Defendants and each Class Member shall be deemed to have fully, finally, and

8

forever settled, released, relinquished, waived, and discharged any claims against the Class Representatives that arise out of the institution, prosecution, settlement or dismissal of the Action.

16.     The Court has reviewed the objections to Class Counsel's request for attorneys' fees and reimbursement of expenses.  Having considered all of those objections, Class Counsel are hereby awarded (i) attorneys' fees in the amount of $7,786,500 (29% of the Gross Settlement Amount) plus (ii) reimbursement of their reasonable expenses in the amount of $805,130.07, to be deducted from the Gross Settlement Amount.  Attorneys' fees in this amount are fair and reasonable in light of the positive results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with this Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.

17.     The award of attorneys' fees to Class Counsel shall be allocated among Class Counsel in a fashion that, in the opinion of Steven A. Schwartz and Robert J. Kriner of Chimicles Schwartz Kriner & Donaldson-Smith LLP fairly compensates them for their respective contributions in the prosecution of the Action.  The fee requested by the Ad Hoc Objectors is denied for the reasons stated at the Fairness Hearing and in the Order denying its motion for reconsideration.

18.     Service Awards are awarded to the Class Representatives in the amount of $10,000 each, to be deducted from Class Counsel's Attorneys' Fees and Costs and not from the Gross Settlement Amount.

19.     Section 9.1 of the Settlement provides that Class Members and Defendants shall also be deemed to have fully, finally and forever settled, released, relinquished, waived, and discharged any claims against the Class Representatives and Class Counsel, that arise out of the institution, prosecution, settlement or dismissal of the Action. After the Court raised questions

about this provision in connection with preliminary approval, Class Counsel agreed to withdraw their request for a release as to them. The Notice approved by the Court provided Class Members with notice of the proposed release as to the Class Representatives.  No Class Member filed any objection as to that proposed release. Nor did the Independent Settlement Evaluation Fiduciary. Defendants take no position on this issue.  The Court approves the release as to the Class Representatives.

20.     Defendants and the Released Parties shall not be liable for any additional fees or expenses for Class Counsel or counsel of any Plaintiffs or Class Members in connection with the Action.

21.     Any appeal or challenge affecting this Court's approval regarding any attorneys' fees, expenses, or Service Awards, shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Settlement Effective Date.

22.     By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Approval Order and Judgment shall be deemed a final judgment pursuant to the Federal Rules of Civil Procedure.

23.     Jurisdiction is reserved, without affecting the finality of this Final Approval Order and Judgment, over:

a.     Effectuating and enforcing the Settlement and the terms of the Settlement Agreement including payment of the $26.85 million Gross Settlement Amount, implementation of the Governance Provisions, and the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of expenses and Service Awards as ordered by the Court;

b.     Determining whether, in the event an appeal is taken from any aspect of this Final Approval Order and Judgment, notice should be given at the appellants' expense to some

or all Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

    c.  Adjudicating any disputes that arise under the Settlement Agreement; and

    d.  Any other matters related or ancillary to the foregoing.

   24.  The above-captioned Action is hereby dismissed in its entirety with prejudice. The Clerk of Court is respectfully directed to terminate all pending motions and deadlines and close the case.

   **IT IS SO ORDERED**.

Dated: October 6, 2020

                      Honorable Valerie Caproni, U.S.D.J.